Klara Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gallusz, In Pro Per

FILED

APR 1 5 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KLARA GIANNA GALLUSZ

Petitioner,

vs.

LPP MORTGAGE, INC. F/K/A LPP
MORTGAGE LTD.

Respondent(s).

) Case No.: 25-CV-885-JLS-BLM
)
) Assigned Judge:
)
)
)
) **EMERGENCY EX PARTE**
) **APPLICATION FOR**
) **TEMPORARY RESTRAINING**
) **ORDER**
)
)
)
)
)
)

## EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

(Fed. R. Civ. P. 65; UCC §§ 3-301, 3-501, 3-603; Article III; Due Process; Article VI;
RESPA)

## I. RELIEF REQUESTED

Plaintiff Klara Gianna Gallusz respectfully moves this Court ex parte for an immediate

Temporary Restraining Order (TRO) enjoining Defendants from conducting a non-

judicial foreclosure sale of her home, scheduled for April 16, 2025. Plaintiff further

requests that this motion be granted on the written record without hearing, and that the

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAIINING ORDER



Court waive the Rule 65(c) bond requirement based on Plaintiff's limited means and the constitutional nature of the rights asserted.

## II. INTRODUCTION

This action presents an urgent request to prevent foreclosure by parties who have refused to prove standing, refused lawful presentment, and ignored multiple Qualified Written Requests.

Plaintiff made a formal Conditional Tender of Full Payment on April 15, 2025. The offer was expressly conditioned upon inspection of the original, wet-ink signed promissory note bearing Plaintiff's signature. Defendants have admitted possession of the original note, yet refused inspection, citing "security reasons." (Attachment A) The refusal to permit inspection prevents enforcement under UCC § 3-301, defeats commercial fairness under UCC § 3-501(b)(2), and raises a jurisdictional issue under Article III of the United States Constitution. A party without standing cannot invoke the jurisdiction of this Court, nor proceed with a foreclosure that affects fundamental property rights.

Defendants removed this matter from state court two business days before a TRO hearing, clearly to avoid judicial scrutiny. Plaintiff now turns to this Court to uphold the Constitution and enjoin a foreclosure that lacks lawful authority.

## III. JURISDICTION AND VENUE

Jurisdiction is proper under:

- 28 U.S.C. § 1331 (federal question),

- Article III, § 2 of the U.S. Constitution (cases and controversies),

- 12 U.S.C. § 2605 (RESPA),

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAIINING ORDER

- Procedural due process and equitable jurisdiction.

Venue is proper under 28 U.S.C. § 1391(b), as the property and relevant conduct are located in this District.

### IV. STATEMENT OF FACTS

1. Plaintiff is the legal owner of the property at 3050 Rue D'Orleans, Unit 410, San Diego, California 92110.

2. Defendants scheduled a foreclosure sale for April 16, 2025.

3. On July 11, 2024, Defendants stated in writing:

   "MGC and LPP Mortgage, Inc. […] are not able to provide you with the original 'wet-ink' Note for security reasons. However, the original 'wet-ink' Note is in LPP Mortgage, Inc.'s possession."

   (Attachment A)

4. Plaintiff issued multiple Qualified Written Requests (QWRs) and demands under RESPA and the UCC requesting:

   o Production of the original note;

   o Verification of assignments;

   o Proof of authority to enforce the debt.

   (Attachments B–F)

5. Defendants responded evasively, requiring inspection to occur only:

   o In Dallas, Texas,

   o On 48 hours' notice,

   o And with conditions not supported by law.

   (Attachments D, E, G)

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAIINING ORDER

6. On April 15, 2025, Plaintiff submitted a Conditional Tender of Full Payment, stating:

> "This offer is expressly conditioned upon your production of the original, wet-ink signed promissory note bearing my signature, for in-person inspection. […] If you produce the original promissory note for inspection within fourteen (14) business days of your receipt of this letter, I am prepared to tender full payment and satisfy the obligation in its entirety."

(Attachment H)

7. No response was received. No documentation of lawful standing has been provided.

(Attachments I–J)

## V. LEGAL ARGUMENT

A. Defendants Lack Article III Standing

Under Article III, a party invoking federal jurisdiction must establish:

1. A concrete and particularized injury,

2. A causal connection to the challenged action, and

3. That the injury is redressable by judicial relief. (*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992))

Defendants have not demonstrated that they are:

- The holder of the note,
- A non-holder with rights of a holder, or
- Entitled to enforce a lost instrument under UCC § 3-309.

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAIINING ORDER

The foreclosure proceeding, filed without standing, must be enjoined.

B. Plaintiff's Conditional Tender Was Valid and Enforceable

Under UCC § 3-603(a), an obligation is discharged if a valid tender of payment is made and refused. Plaintiff's conditional tender:

- Offered to pay the full amount,

- Was contingent only on the right to inspect the instrument,

- Remains open and enforceable.

The refusal to comply with UCC § 3-501(b)(2) (presentment) renders Defendants in default, not Plaintiff.

C. Foreclosure Without Due Process = Irreparable Harm

If allowed to proceed, the foreclosure will:

- Irreversibly deprive Plaintiff of her property,

- Deny meaningful access to the evidence necessary to challenge enforcement,

- Violate fundamental principles of due process under the 14th Amendment.

See *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (irreparable harm includes deprivation of constitutional rights).

D. Refusal to Produce the Note Bars Enforcement

Defendants' admission that they possess the note but cannot produce it for inspection (Attachment A) is a direct violation of:

- UCC § 3-501(b)(2) (inspection upon demand),

- FRE 1002 (best evidence rule),

- Basic fairness and judicial transparency.

Foreclosure cannot proceed without lawful verification.

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAIINING ORDER

## VI. DUTY OF THE COURT TO UPHOLD THE CONSTITUTION

"The Constitution is the supreme law of the land, and all judges are bound by oath to uphold it."

— *U.S. Const. art. VI, cl. 3*

This Court has both the authority and the obligation to restrain unlawful foreclosure actions. When a court knowingly permits violations of due process or allows parties to evade jurisdictional requirements, it fails in its constitutional duty.

Plaintiff respectfully reminds the Court that:

- Judicial officers take an oath to uphold the U.S. and California Constitutions,
- 42 U.S.C. § 1983 permits civil suits for deprivation of rights,
- *Pulliam v. Allen*, 466 U.S. 522 (1984) affirms that judges are not immune from injunctive relief.

The judiciary must act now to prevent a constitutional injury from becoming a permanent harm.

## VII. CONCLUSION

Plaintiff has:

- Made a good-faith tender of payment,
- Lawfully requested verification of authority to foreclose,
- Been denied access to critical evidence,
- And now faces the loss of her home within 24 hours.

This Court has the power, and the constitutional responsibility, to act.

Plaintiff respectfully requests:

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAIINING ORDER

1.  Immediate issuance of a Temporary Restraining Order enjoining the April 16,

    2025 foreclosure;

2.  That the Court rule on the papers, with no hearing required;

3.  That the bond requirement under Rule 65(c) be waived;

4.  And that any additional relief in equity be granted.


DATED: April 15, 2025

Respectfully submitted,

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com

EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAIINING ORDER

PRO SE EMERGENCY FILING — TEMPORARY RESTRAINING ORDER REQUESTED

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com

FILED

APR 1 5 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

April 15, 2025

Clerk of the Court
United States District Court
Southern District of California
333 West Broadway
San Diego, CA 92101

RE: Emergency Ex Parte Application for Temporary Restraining Order
Klara Gianna Gallusz v. LPP Mortgage, Inc., et al.
Civil Action No.: [Insert if known]

To the Clerk of the Court:

Enclosed for immediate filing, please find the following documents submitted in support of an
Emergency Ex Parte Application for Temporary Restraining Order (TRO) to enjoin a non-
judicial foreclosure sale scheduled for April 16, 2025:

1. Emergency Ex Parte Application for Temporary Restraining Order
2. Declaration of Klara Gianna Gallusz in Support of TRO
3. [Proposed] Temporary Restraining Order
4. Index of Attachments
5. Exhibits A–U
6. Civil Cover Sheet (Form JS-44)
7. Notice of Related Case

This case arises under UCC §§ 3-301, 3-501, 3-603, Article III of the U.S. Constitution, the Due
Process Clause, and 42 U.S.C. § 1983. Federal question jurisdiction is proper under 28 U.S.C. §
1331. The action seeks to enjoin foreclosure where Defendants have failed to produce the
original note or establish standing to enforce the instrument.

A Notice of Related Case is enclosed concerning a previously filed matter in the Superior Court
of California, County of San Diego, Case No. 25CU018588C.

Plaintiff respectfully requests that this TRO be considered on the papers without hearing and that
the Court waive any bond requirement under Federal Rule of Civil Procedure 65(c) due to
Plaintiff's pro se status and the constitutional issues presented.

Please return a conformed copy of the filing using the enclosed self-addressed stamped envelope. I am available at the contact information above should the Court require any further information.

Respectfully submitted,

Klara Gianna Gallusz
Plaintiff, Pro Se