```
Klara Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gallusz, In Pro Per
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ<br><br>                    Petitioner,<br><br>vs.<br><br>LPP MORTGAGE, INC. F/K/A LPP MORTGAGE LTD.<br><br>                    Respondent(s). | Case No.: 25-CV-885-JLS-BLM<br><br>Assigned Judge:<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

### I. INTRODUCTION

Petitioner KLARA GIANNA GALLUSZ respectfully submits this Memorandum of Points and Authorities in support of HER Emergency Ex Parte Application for a Temporary Restraining Order (TRO) to prevent an unlawful foreclosure sale scheduled for April 16, 2025, at 10:30 AM. Petitioner seeks emergency equitable

relief under Rule 65 of the Federal Rules of Civil Procedure to preserve the status quo and prevent irreparable harm pending further proceedings.

## II. LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

A temporary restraining order is issued under Rule 65(b) of the Federal Rules of Civil Procedure where the movant demonstrates: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

## III. FACTUAL BACKGROUND

Petitioner is the equitable and lawful holder of the property subject to an unlawful foreclosure action by LPP Mortgage, Inc., who failed to verify the debt, respond in good faith to lawful tender, or validate their authority to enforce under constitutional standards. Petitioner provided a Conditional Tender of Full Payment and has documented her position in a Verified Petition, Declaration, and Emergency Application.

## IV. ARGUMENT

**A. Likelihood of Success on the Merits**

Petitioner asserts a strong likelihood of prevailing based on constitutional violations including due process, lack of lawful debt validation, and misapplication of foreclosure procedures under California and federal protections.

**B. Irreparable Harm**

Without intervention, Petitioner will suffer immediate and irreparable injury by losing HER home to foreclosure. This harm cannot be undone by money damages alone. The

Page 2

MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT OF EX PARTE FOR TRO

loss of real property and displacement constitute clear irreparable harm.

**C. Balance of Equities**

The harm to Petitioner is significant and unrecoverable. In contrast, Respondents would only experience a temporary delay in enforcing a contested claim. Thus, the balance of equities favors the Petitioner.

**D. Public Interest**

Public interest favors preservation of due process and constitutional protections in all judicial proceedings, including nonjudicial foreclosures. Granting a TRO supports procedural fairness.

## V. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court GRANT the Emergency Ex Parte Application for Temporary Restraining Order and enjoin the foreclosure sale scheduled for April 16, 2025.

Respectfully submitted,

Dated: April 15, 2025

*/s/ Klara Gianna Gallusz*
Klara Gianna Gallusz
Petitioner, In Propria Persona