Klara Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gallusz, In Pro Per

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KLARA GIANNA GALLUSZ

            Petitioner,

vs.

LPP MORTGAGE, INC. F/K/A LPP MORTGAGE LTD.

           Respondent(s).

Case No.: 25-CV-885-JLS-BLM

Assigned Judge:

**DECLARATION OF KLARA GIANNA GALLUSZ**

FILED
APR 15 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

### DECLARATION OF KLARA GIANNA GALLUSZ

IN SUPPORT OF PLAINTIFF'S EMERGENCY EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

I, Klara Gianna Gallusz, declare as follows:

1. I am the Plaintiff in this matter. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the facts set forth herein.

Page 1

DECLARATION OF KLARA GIANNA GALLUSZ

2. I am the sole legal owner of the real property located at 3050 Rue D'Orleans, Unit 410, San Diego, California 92110 ("the Property").

3. I reside at the Property, and it is my primary residence.

4. On or about July 11, 2024, Defendants, through their counsel at Locke Lord LLP, sent a letter stating:

> "MGC and LPP Mortgage, Inc. […] are not able to provide you with the original 'wet-ink' Note for security reasons. However, the original 'wet-ink' Note is in LPP Mortgage, Inc.'s possession."

A true and correct copy of that letter is attached as Attachment A.

5. Between 2024 and 2025, I submitted no fewer than eleven (11) written demands, including Qualified Written Requests (QWRs) under RESPA and UCC presentment demands, requesting:
   - Inspection of the original, signed promissory note;
   - Verification of the loan's chain of title and assignments;
   - Evidence of lawful authority to enforce the instrument.

   True and correct copies of those communications are attached as Attachments B through F.

6. In response, Defendants refused to honor the requests and instead conditioned inspection of the note upon:
   - Traveling to Dallas, Texas;
   - Complying with unreasonable response deadlines (e.g., 48 hours);

Page 2

DECLARATION OF KLARA GIANNA GALLUSZ

- And vague claims that the note could not be shown "for security reasons."

True and correct copies of these responses are attached as Attachments D, E, and G.

7. On April 15, 2025, I served Defendants with a formal Conditional Tender of Full Payment, which stated in relevant part:

   "This offer is expressly conditioned upon your production of the original, wet-ink signed promissory note bearing my signature, for in-person inspection. […] If you produce the original promissory note for inspection within fourteen (14) business days of your receipt of this letter, I am prepared to tender full payment and satisfy the obligation in its entirety."

   A true and correct copy of this letter is attached as Attachment H.

8. This conditional tender was made in good faith, consistent with UCC § 3-603(a), and was intended to fully resolve the debt upon confirmation of lawful authority to enforce.

9. As of the date of this filing, I have received no response to the Conditional Tender, and Defendants have not produced the note, nor provided a valid assignment or endorsement showing that they are entitled to enforce the instrument.

10. The foreclosure sale of the Property is scheduled for April 16, 2025. If the sale is not enjoined, I will suffer the irreversible loss of my home, destruction of credit, and deprivation of property without due process.

11. Defendants' refusal to permit inspection of the note, combined with their failure to verify standing, creates a serious constitutional and evidentiary problem. Without proving their right to enforce, they have not established standing under Article III of the U.S. Constitution, and their actions are void of lawful authority.

12. Based on the facts above and the contents of their written responses, I believe Defendants lack constitutional standing under Article III, Section 2. A party that cannot demonstrate that it is the real party in interest lacks the ability to invoke the jurisdiction of this Court. Their refusal to produce the original note and verify the chain of title confirms that there is no justiciable case or controversy.

13. Attached as Attachments K through Q are additional communications and documents I received from Defendants, including:

- Letters contradicting prior claims about note possession;
- Refusals to honor a TILA rescission;
- Evasive or incomplete QWR responses;
- Conflicting statements about standing and inspection conditions.

14. I respectfully ask the Court to issue a Temporary Restraining Order on the basis of the documentary evidence and declarations submitted. I am a pro se

Page 4

DECLARATION OF KLARA GIANNA GALLUSZ

litigant with limited financial resources and request that any bond requirement under Rule 65(c) be waived.

15. I further request that this matter be decided on the written record, without a hearing, due to the urgency of the scheduled foreclosure and the extensive documentation already provided to the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 15, 2025, at San Diego, California.

*/s/ Klara Gianna Gallusz*
Klara Gianna Gallusz
Plaintiff, In Pro Per

Page 5

DECLARATION OF KLARA GIANNA GALLUSZ