Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com



Date: April 15, 2025

TO:
LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd. and
c/o Prober & Raphael, ALC
20750 Ventura Blvd, Suite 108
Woodland Hills, CA 01364

Troutman Pepper Locke LLP
Attn: Regina J. McClendon
Three Embarcadero Center, Ste 800
San Francisco, CA 94111

RE: Conditional Tender of Full Payment – Demand for Production of Original Note and Deed of Trust
Property Address: 3050 Rue D'Orleans, Unit #410, San Diego, CA 92110
Loan No.: 1443600380

To Whom It May Concern:

This letter constitutes a formal conditional tender of full payment on the above-referenced mortgage loan. This tender is expressly conditioned upon your production of the original, wet ink signed promissory note, endorsed pursuant to UCC § 3-301 and applicable provisions of California law.

Because enforcement of a mortgage note directly affects the fundamental right to property, this demand raises constitutional implications. Under Article III, Section 2 of the United States Constitution, any party seeking to enforce a contract through foreclosure or judicial process must establish standing as a real party in interest. Standing is not presumed; it must be affirmatively proven.

To meet this constitutional threshold, a foreclosing party must demonstrate:

- A concrete and particularized injury,
- A causal connection between that injury and the party's claimed enforcement rights, and
- A showing that the injury is likely to be redressed by the relief sought.

In the mortgage enforcement context, this means you must provide:

- Lawful possession of the original instrument,
- A valid and complete chain of assignments or endorsements, and
- Clear authority to enforce under both commercial law and constitutional principles.

Failure to establish standing under Article III renders any foreclosure attempt, collection action, or judicial filing constitutionally defective and subject to dismissal for lack of jurisdiction.

Additionally, I am now formally requesting production of the original Deed of Trust and all related assignments or recorded transfers, as required by California Civil Code § 2932.5. The note and deed of trust are legally inseparable, and you must establish lawful authority under both instruments to proceed.

## I. LEGAL FRAMEWORK – UCC ENFORCEMENT RIGHTS & CONSTITUTIONAL REQUIREMENTS

Under UCC § 3-301, a party may enforce a negotiable instrument only if it is:

- The holder of the instrument (with valid physical possession and endorsement),
- A non-holder in possession with the rights of a holder, or
- A party entitled under UCC § 3-309 (lost, destroyed, or stolen instruments, with evidence and bond).

To date, you have not satisfied any of these criteria.

The rules of evidence reinforce this:

- Under FRE 1002 (*Best Evidence Rule*), the original writing is required to prove its contents when authenticity is in question.
- Under FRE 1003, a copy may only be used if authenticity is not disputed — which it now is.
- Under FRE 106 (*Rule of Completeness*), partial or selective presentation is inadmissible if it creates a misleading or incomplete record.

These evidentiary failures compound your constitutional deficiency under Article III. As the U.S. Supreme Court held in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), a party must demonstrate concrete injury, traceability, and redressability to invoke judicial power. You have not done so.

## II. INCONSISTENT POSITIONS – YOUR ADMISSIONS

In your letters dated July 11, 2024, and September 6, 2024, you acknowledged that the original note is in your possession but refused to allow inspection "for security reasons." In your letter of November 13, 2024, you offered to make the note available at your attorney's office in Dallas, Texas — with less than 48 hours' notice and a firm deadline to respond.

These positions are inconsistent with UCC § 3-501(b)(2), which provides borrowers with the right to demand presentment. They also undermine your claim of good-faith enforcement.

Moreover, the filing of a Notice of Removal to federal court — just two business days before the scheduled state court hearing on my request for a Temporary Restraining Order — raises serious concerns about your intent to avoid judicial review rather than pursue resolution on the merits.

While procedurally permissible under 28 U.S.C. § 1441, such timing suggests an effort to circumvent due process protections by removing the matter from the state court's consideration at a critical juncture, without establishing clear standing to enforce.

## III. ANTICIPATED REBUTTALS & LEGAL RESPONSE

A. "The Copy Is Sufficient"

Incorrect. You are now formally on notice that a copy is not acceptable unless and until all legal authenticity requirements are met.

It does not matter if this is how such documents have been handled in the mortgage industry over the years. Standards are not law. Industry practice does not override the evidentiary requirements of federal law, or the enforcement limitations imposed by UCC § 3-301 and Article III of the Constitution. The burden remains on you to demonstrate enforceability with original evidence — not assumptions based on past practice.

B. "We Are the Servicer; That's Enough"

No. Servicing a loan is different from enforcing it. Only parties with physical possession of the properly endorsed instrument — or those with provable authority under UCC § 3-301 — may lawfully enforce.

C. "Do You Even Have the Money?"

Whether I can pay is irrelevant to the threshold issue of whether you have standing to collect. The burden is not on me to disprove your rights — it is on you to prove them.

Unlike the entities attempting to enforce this debt, I can prove Article III standing.
I am the named borrower, the legal titleholder, and the person directly facing imminent loss of property. My injury is real, concrete, and immediate — and I have the right to raise these defenses in court.

And unlike you, I can show the X-ray.
You have offered claims and threats — not evidence. A claim is not proof. A cast is not an X-ray. The original note, properly endorsed, with a valid chain of title and lawful enforcement authority — that is the X-ray.

If you cannot produce it, then you are not the party entitled to enforce. You are simply hoping I will not ask to see the one thing that matters — the X-ray.

## IV. NOTICE OF LEGAL POSITION

This letter is submitted in good faith and places you on formal notice of the deficiencies in your legal position.

I remain willing to tender full payment immediately upon lawful in-person inspection of the original note and confirmation of enforcement authority. If you proceed without resolving these issues, I will construe your conduct as:

- Constructive dishonor under UCC § 3-505(b);
- A waiver of enforcement rights under UCC §§ 3-301 and 3-501;
- And an admission of lack of standing under Article III, Section 2 of the U.S. Constitution and Lujan, 504 U.S. at 560–61.

## V. NOTICE OF LEGAL ACTION

- If you proceed with any foreclosure, collection, or credit reporting activity without first meeting the evidentiary and legal requirements outlined above, I will exercise all available legal and equitable remedies, including, but not limited to:
- A Temporary Restraining Order and Preliminary Injunction under Federal Rule of Civil Procedure 65;
- A Declaratory Judgment under 28 U.S.C. § 2201, invalidating any enforcement actions taken without proof of standing;
- Compensatory and punitive damages for fraud, slander of title, and violations of the FDCPA, RESPA, and RICO statutes;
- Sanctions and judicial relief under Federal Rule of Civil Procedure 11.

I also reserve the right to seek full restitution of funds paid, as well as damages for emotional distress, unjust enrichment, and any other relief permitted under state or federal law.

Please govern yourselves accordingly.

Sincerely,

*Klara Gianna Gallusz*
all rights reserved UCC 1-308

Klara Gianna Gallusz

FILED

APR 1 5 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

# CERTIFICATE OF SERVICE

**Re: Conditional Tender of Full Payment – Demand for Presentment**

**I, Klara Gianna Gallusz, hereby certify under penalty of perjury that on the date set forth below, I served the attached Conditional Tender of Full Payment by placing a true and correct copy in a sealed envelope with first-class postage prepaid and Certified Mail, Return Receipt Requested, and also via email (if available), addressed to the following recipients:**

**1. Prober & Raphael, ALC**
**Attn: Elizabeth Yeranosian, Esq.**
**20750 Ventura Blvd., Suite 108**
**Woodland Hills, CA 91364**
**Email: eyeranosian@pralc.com**
**Sent via Certified Mail, Return Receipt Requested**
**USPS Tracking Number: 9589 0710 5270 2330 2402 52**

**2. Troutman Pepper Locke LLP**
**Attn: Regina J. McClendon**
**Three Embarcadero Center, Suite 800**
**San Francisco, CA 94111**
**Email: regina.mcclendon@troutman.com**
**Sent via Certified Mail, Return Receipt Requested**
**USPS Tracking Number: 9589 0710 5270 0902 8891 44**

**3. MGC Mortgage, Inc.**
**1 Corporate Drive, Suite 360**
**Lake Zurich, IL 60047-8945**
**mdfax@yourmortgageonline.com**
**Sent via Certified Mail, Return Receipt Requested**
**USPS Tracking Number: 9589 0710 5270 2330 2402 69**

**4. LPP MORTGAGE, INC.**
**6000 Legacy Drive**
**Plano, TX 75024**
**Sent via Certified Mail, Return Receipt Requested**
**USPS Tracking Number: 9589 0710 5270 0902 8891 37**

**☑ Also sent via email, if available and appropriate.**

**1**

Executed on this 15th day of April, 2025, at San Diego, California.

Respectfully submitted,

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com

2

# INDEX OF ATTACHMENTS

FILED
APR 1 5 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**In Support of Plaintiff's Emergency Ex Parte Application for Temporary Restraining Order**

(Referenced in Declaration and Motion)

| Attachment | Description | Date | Relevance |
|---|---|---|---|
| A | Locke Lord letter admitting possession of original note, refusing production | July 11, 2024 | UCC § 3-501(b)(2) violation |
| B | "NO BS RESPA" Qualified Written Request (QWR) to Locke Lord and MGC | October 17, 2024 | RESPA, standing, due process |
| C | Response to Locke Lord's 3-page letter rejecting QWR status | October 17, 2024 | Chain of title, standing challenge |
| D | Locke Lord letter offering inspection in Dallas only, with 48-hour response deadline | November 13, 2024 | Obstruction, unreasonable conditions |
| E | Plaintiff's reply requesting additional time and clarification | November 19, 2024 | Demonstrates good faith, denied access |
| F | Formal demand for assignments, endorsements, custodial chain | Various (2024) | Proof of UCC § 3-301 non-compliance |
| G | Defendants' statements conditioning inspection on payoff, vague security justifications | Multiple | Due process violation |
| H | **Conditional Tender of Full Payment** issued by Plaintiff | April 15, 2025 | UCC § 3-603(a), equitable basis |
| I | Confirmation of tender delivery, mailing proof | April 15, 2025 | Supports enforceability of offer |
| J | Cease & Desist demand + request to cease foreclosure activities | Various | Standing + notice of dispute |
| K | Notice of TILA Rescission served by Plaintiff | November 25, 2024 | Article III controversy, declaratory rights |
| L | Responses refusing to acknowledge rescission or validate debt | Fall 2024 | Legal conflict; jurisdictional trigger |
| M | Letters contradicting note possession vs. access policy | 2024–2025 | Due process + evidentiary contradiction |
| N | Prior demand letters referencing note inspection requests | 2024–2025 | UCC § 3-501(b)(2) pattern of denial |
| O | Correspondence attempting to clarify enforcement authority | Various | Failure to respond in good faith |
| P | MGC's internal policy cited as reason for denial of inspection | 2024 | Shows obstruction, not legal limitation |

1

| Attachment | Description | Date | Relevance |
|---|---|---|---|
| **Q** | Follow-up confirming refusal to provide certified copies or originals | 2024–2025 | Best Evidence Rule issue (FRE 1002) |

ATTACHMENT

A
G
L
M
P

# Locke
# Lord LLP

Attorneys & Counselors

101 Montgomery Street, Suite 1950
San Francisco, CA 94104-4815
Telephone: 415-318-8810
Fax: 415-676-5816
www.lockelord.com

Regina J. McClendon
Direct Telephone: 415-318-8804
Direct Fax: 415-707-2186
rmcclendon@lockelord.com

July 11, 2024

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, California  92110

Re:    Loan Number:  1443600380
Property Address:  3050 Rue D'Orleans #410, San Diego, California  92110

Dear Ms. Gallusz:

This will acknowledge receipt of your June 24, 2024 correspondence titled "NOTICE TO PRINCIPALS IS NOTICE TO AGENTS NOTICE TO AGENTS IS NOTICE TO PRINCIPALS" regarding the above-referenced loan.  My firm has been retained to respond to your letter.

MGC Mortgage, Inc. denies and rejects the characterizations of law and facts set forth in your correspondence.  The statements made in your correspondence do not alter or change the nature of the terms of your loan in any way.

MGC and LPP Mortgage, Inc. (fka LPP Mortgage Ltd.) are not able to provide you with the original "wet-ink" Note for security reasons.  However, the original "wet-ink" Note is in LPP Mortgage, Inc.'s possession.  Enclosed are true and correct copies of the following:

1. Deed of Trust.

2. Note.

We are also in receipt of your June 6, 2024 correspondence regarding "Credit Reporting Opt-Out Notice 'Exercising Nondisclosure Option.'"  Your request to opt-out of any sharing of nonpublic personal information is noted.

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

137992125v.1

PAGE 1 OF 2

Klara Gianna Gallusz
July 11, 2024
Page 2


Should you have any questions, please direct any further communications to my office.

Very truly yours,

Regina J. McClendon

Enclosures

PAGE 2 OF 2

ATTACHMENT B

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5224

NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**FROM THE OFFICES OF**
**KLARA GIANNA GALLUSZ**
**3639 MIDWAY DRIVE, UNIT 408**
**SAN DIEGO, CALIFORNIA 92110**

Date:  October 17, 2024

MGC Mortgage, Inc. and LPP Mortgage, Inc.     and
Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

Locke Lord LLP
Attn: Regina J. McClendon
101 Montgomery Street, Suite 1950
San Francisco, CA 94104-4815

In the Matter of: KLARA GIANNA GALLUSZ

Property Address: 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110

REF: Alleged Account # 1443600380

Re: **RESPA QUALIFIED WRITTEN REQUEST (5 PAGES) –  SECOND REQUEST
ABBREVIATED**

Dear MGC Mortgage, Inc., / LPP Mortgage, Inc.:

Please consider this letter as a Qualified Written Request (QWR) pursuant to the Real Estate
Settlement Procedures Act (RESPA), *12 U.S.C. § 2605(e)*.

Specifically, I dispute the following issues:

- The identity of the true secured lender/creditor;
- The existence of the alleged debt;
- Your authority and capacity to collect on behalf of the purported lender/creditor.

Recent information has emerged, raising questions and concerns regarding the validity of the lien
asserted by MGC Mortgage, Inc/LPP Mortgage, Inc.

To address these concerns and verify the legitimacy of MGC Mortgage, Inc/LPP Mortgage,
Inc.'s claim against the property located at 3050 Rue D' Orleans, Unit 410 San Diego, CA
92110, I request the following:

1. **All initializing documents** including a copy of the REMIC (Real Estate Mortgage
   Investment Conduit) filing for loan **# 1443600380**; and,

2. Documentation of **the owner of the Note**; and,

RESPA QUALIFIED WRITTEN REQUEST
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL; NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.

Page 1 of 5

PAGE 1 of 5

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

3. Arrangement to inspect the **original wet ink Note front and back**; and,

4. A complete **chain of title for the Note**; and,

5. Documentation on **who funded the loan**; and,

6. Whether the loan has been **securitized** and, if so, **in which trust or security**; and,

7. An accurate and complete ledger of **accounts receivable and accounts payable** for the alleged account identified as # **1443600380** maintained in accordance with Generally Accepted Accounting Principles (GAAP) from the inception date of said account to the date of receipt of this correspondence, is requested to enable KLARA GIANNA GALLUSZ to verify the amounts asserted by MGC Mortgage, Inc/LPP Mortgage.

## RESPA Rights (Qualified Written Requests)

Under the **Real Estate Settlement Procedures Act (RESPA)**, borrowers have the right to make a **Qualified Written Request (QWR)** to their mortgage servicer for information related to the servicing of their loan, including a validation of the debt and request detailed information on their mortgage, including verification of the ownership and servicing of their loan, including the **original note**. While RESPA focuses on servicing issues, it also allows one to raise questions about **fraud**, the legitimacy of the debt, and the party's right to collect. The servicer must answer one's requests fully and accurately.

While it is true that RESPA applies primarily to loan servicing, **12 U.S.C. § 2605(e)**, which governs QWRs, also obligates servicers to correct errors or provide relevant information regarding the loan. Courts have ruled that RESPA requires servicers to respond to requests that aim to clarify information critical to the loan, including ownership and payment details (which often require validation of the note). Case law has also indicated that servicers cannot simply sidestep these requests.

> **Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304 (D. Mass. 2010)**: This case holds that a mortgage servicer must provide proper documentation to validate a debt when requested, and their failure to do so can lead to liability under RESPA.

Please note according to:
  *12 U.S.C. § 2605(e)* regarding:
  - **Servicing Errors and Fraud**: If fraud is suspected, one can request information about the ownership and transfer of the loan, as this would affect servicing. This might include asking the servicer to verify whether they are a valid holder of the note.
  *12 U.S.C. § 2605(k)(1)(D)* regarding:

PAGE 2 of 5

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

- **Borrower's Right to Information**: Servicers must respond to **"reasonable requests"** for information related to the "owner or assignee of the loan." This means that the **ownership of the loan** is directly relevant to a borrower's request under RESPA, even if the primary focus of a QWR is loan servicing. Ownership questions directly relate to the servicer's authority to service the loan or foreclose on the property.

**Consumer Financial Protection Bureau (CFPB)**: The CFPB has provided guidelines indicating that servicers must respond to qualified written requests (QWRs) by providing information necessary for validating a debt, which includes essential documents like the original note. Such documents are not confidential under RESPA.

1. • Medrano **v. Flagstar Bank, FSB, 704 F.3d 661 (9th Cir. 2012)**: The court confirmed that a QWR under RESPA can be used to seek information beyond just servicing errors, such as general information about the loan account.
2. • Catalan **v. GMAC Mortgage Corp., 629 F.3d 676 (7th Cir. 2011)**: Clarified that servicers are obligated under RESPA to respond to QWRs that ask for information about loan terms or corrections, including *validation of debts related to the mortgage*.

The requirement for a mortgage servicer to respond properly to a Qualified Written Request (QWR) and the potential for liability if they fail to do so is outlined in the Real Estate Settlement Procedures Act (RESPA), specifically in *12 U.S.C. § 2605(e) and § 2605(f)*.

3. *12 U.S.C. § 2605(e)*: This section of RESPA mandates that upon receiving a QWR, the mortgage servicer must:
   - Acknowledge receipt of the QWR within five business days.
   - Provide a substantive response within 30 business days, addressing the borrower's concerns or providing the requested information.
   - Accurate accounting of all payments, fees, and the balance of your loan (RESPA, 12 U.S.C. § 2605(e)(2))
4. *12 U.S.C. § 2605(f)*: This section outlines the consequences for a mortgage servicer's failure to comply with the requirements of RESPA:
   - Liability for Damages: If a servicer fails to respond appropriately to a QWR, the borrower may be entitled to actual damages suffered as a result of the servicer's failure.
   - Statutory Damages: In addition to actual damages, the servicer may also be liable for statutory damages up to $2,000 per violation, along with legal fees and cost

**In order to maintain the integrity of your response, I ask that all documents be indexed, numbered and labeled pursuant to this request, specifically, which element of the request that each document(s) or answer fulfills. Please only use USPS mail for your response.**

RESPA QUALIFIED WRITTEN REQUEST
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL; NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.

Page 3 of 5

PAGE 3 OF 5

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**KLARA GIANNA GALLUSZ does not waive rights to file subsequent dispositive motions as further egregious violations and information come to be known as appropriate. KLARA GIANNA GALLUSZ is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any Documents, Alleged Account, Security Instruments, Negotiable Instruments, at law or in equity, all of which rights and remedies are expressly reserved. Without recourse.**

Thank you for your time,

By: _____ Date:_____

Klara Gianna Gallusz, Executrix and Beneficiary
For: KLARA GIANNA GALLUSZ

**Notice:** *Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

| |
|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

STATE OF CALIFORNIA    )

                                       )    **JURAT / ACKNOWLEDGMENT**

COUNTY OF SAN DIEGO   )

Before me the undersigned, _____ a Notary acting within and for the County of SAN DIEGO and State of CALIFORNIA, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be Klara Gianna Gallusz, the Woman whose name is subscribed to the within instrument, to be the identical Woman, found living, alive, well, and without incapacities who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by placing his signatures on the foregoing document, executed the within instrument. Given under my hand and seal this _____ day of _____, 2024.

This document has ___ pages total.

_____

Notary signature                                    Seal

PAGE 4 OF 5

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5224

NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

_____

Printed Notary name

My commission expires _____

RESPA QUALIFIED WRITTEN REQUEST
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL; NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.

Page **5** of **5**

PAGE 5 OF 5

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224

NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**FROM THE OFFICES OF**
**KLARA GIANNA GALLUSZ**
**3639 MIDWAY DRIVE, UNIT 408**
**SAN DIEGO, CALIFORNIA 92110**

MGC Mortgage, Inc. and LPP Mortgage, Inc.    and        Locke Lord LLP
Mortgage Servicing                                       Attn: Regina J. McClendon
1 Corporate Drive, Suite 360                             101 Montgomery Street, Suite 1950
Lake Zurich, IL 60047-8945                               San Francisco, CA 94104-4815

Date:  October 17, 2024

In the Matter of: KLARA GIANNA GALLUSZ

Property Address: 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110

REF: Alleged Account # 1443600380

Dear MGC Mortgage, Inc., and Ms. McClendon from Locke Lord,

KLARA GIANNA GALLUSZ re-alleges all stipulations made in my last letter dated August 6, 2024 (16 pages) regarding my *Final Attempt to Validate this Debt* and re-alleges all correspondence letters to date and refutes all previous and future billing statements; and, KLARA GIANNA GALLUSZ refutes all previous and future attempts to collect an alleged debt and correspondence.

Thank you for your response letter dated September 6th, 2024 received September 14th, 2024. In an effort to continue to operate honorably with you, I have completed an investigation and here's what I've found.  I hope this reply will alleviate disputes as I am confident we can come to a resolution quickly and honorably.

Ms. McClendon, you allege that the RESPA QWR sent (17 pages) dated August 6, 2024 under your review "does not constitute a Qualified Written Request ("QWR") within the meaning of RESPA". You also stated that "Requests for information unrelated to servicing do not constitute a QWR under RESPA. In addition, a servicer is not required to respond to a request for information if it

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

determines that the borrower is seeking duplicative information that was already provided to the borrower, confidential or privileged information, irrelevant information, or overbroad requests for information."

This is a narrow interpretation of RESPA and QWR's and they both absolutely allow requests regarding the validity of the loan and disputes regarding the legal authority to collect payments. Please review the following:

- In **Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282 (1st Cir. 2013)**, the court recognized that a borrower could challenge the authority of the party foreclosing on the mortgage based on a lack of standing (i.e., improper transfer of ownership). If improper servicing stems from an invalid transfer, it directly relates to the loan's ownership and, by extension, its validity.

- **Borrower's Right to Information**: **12 U.S.C. § 2605(k)(1)(D)** requires servicers to respond to **"reasonable requests"** for information related to the "owner or assignee of the loan." This means that the **ownership of the loan** is directly relevant to a borrower's request under RESPA, even if the primary focus of a QWR is loan servicing. Ownership questions directly relate to the servicer's authority to service the loan or foreclose on the property.

- **In re Murray, 552 B.R. 1 (Bankr. D. Mass. 2015)**, the court allowed a borrower to challenge a servicer's authority under RESPA where there was confusion over the proper owner of the note. This shows that the ownership issue can intersect with servicing disputes, making it relevant under RESPA in certain cases.

Courts have recognized that ownership and validity concerns can overlap with servicing issues. Furthermore, borrowers have the right under RESPA and other laws to request documentation and proof of the servicer's authority, which necessarily involves addressing **ownership** and the legitimacy of the debt.

MGC Mortgage, Inc. is purporting that I have a debt and the reason why in each correspondence I keep asking MGC Mortgage, Inc. to validate the debt is because you have not given me my right

PAGE 2 OF 9

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

to authenticate.

Your answer has been that, "As our office previously informed you, MGC Mortgage, Inc., and LPP Mortgage, Inc. ("LPP") are unable to provide you with the original "wet-ink" Note for security reasons.  However, the original "wet-ink" Note is in LPP's possession" is an unacceptable answer. It is my signature that created the original Promissory Note and I have an absolute right by law to inspect it.  What security reason would prevent me to be able to view it?  I have even made a reasonable request to inspect it at a neutral location and you can bring whomever you feel would provide security of the Note in transport.  Your unwillingness to act in honor and provide the note is very concerning and alarming.

Your claim of "security reasons" does not necessarily exempt you from producing the original note for inspection. Case law, such as **In re Veal** and **In re Kemp**, supports my right to demand the original note in disputes involving the legitimacy of the debt or enforcement rights. A valid response would include providing the original note under controlled conditions or through legal proceedings, ensuring my ability to verify the authenticity of the debt and your need for security.

The Borrower's Right to Access Their Own Loan Documents: The original promissory note is a document that I, as the alleged borrower, signed and pertains directly to my alleged debt obligation. It is not an internal or privileged document; it is a key piece of evidence that establishes the loan's enforceability. Claiming that it is "confidential" is a misapplication of the privilege argument, as the note is directly tied to my alleged contractual obligations and rights.

**UCC § 3-501**: This section of the Uniform Commercial Code (UCC) states that a holder of a negotiable instrument (like a promissory note) must produce the original instrument to enforce the debt. The original note is not considered confidential and is essential for proving the holder's right to collect the debt.

**California Civil Code § 3501(a)**: "Presentment is a demand made by or on behalf of a person

PAGE 3 OF 9

CERTIFIED MAIL NUMBER:   7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obligated to pay the instrument or (ii) to accept a draft made to the drawee."

**California Civil Code § 2924(a)(1)**: This section outlines that a notice of default and subsequent foreclosure must be based on a valid claim of ownership or right to enforce the debt, which inherently requires providing relevant documentation like the original note.

**Culhane v. Aurora Loan Services of Nebraska (2012)**: The court emphasized that servicers must provide documentation to substantiate their claim. It ruled that failing to produce the original note could prevent a servicer from proceeding with a foreclosure.

**Kirkland v. Lutz (2011)**: This case underscored that when a borrower questions the legitimacy of a debt, the servicer must provide documents that support its claim, indicating that the original note is not privileged information but essential for validation.

**In re: McCoy, 2014**: The court ruled that a lender must produce the original note to prove standing to enforce the debt. The court noted that documentation related to the borrower's loan should not be considered confidential or privileged, as the borrower has a right to this information for validation purposes.

**Consumer Financial Protection Bureau (CFPB)**: The CFPB has published resources clarifying that servicers must respond to qualified written requests (QWRs) with necessary documents related to the loan. They have stated that essential documents for validating a debt, such as the original note, are not subject to the same confidentiality protections as internal communications.

I refute your statement, "Moreover, you have already received much of the information requested herein in response to several prior letters." I have stated over and over again that you are not providing what I am directly asking for and have deliberately ignored my requests over and over again. Please refer to the 16-page letter I sent you on August 6, 2024 regarding my *Final Attempt to Validate this Debt*.

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

But in the spirit of cooperation and being in honor, I have attached a simplified QWR with only 7 requests which should be very easy to provide and answer. And because I am requesting debt validation and suspect fraud – these requests do not fall under "privileged or confidential or overbroad or irrelevant information." Please do not provide me with any documentation anymore that I am not requesting. The documents that you have provided to me in the past does not prove anything that I have been asking. You think you have satisfied my request by providing me copies of documents that I did not request. You have to provide proof of claim from the items that I requested:

1. That you are the current OWNER in possession of the original Note and it has not been sold to another party and to have the original "wet-ink" signature Note presented to me for visual inspection.

2. To stipulate via affidavit that MGC Mortgage, Inc. is a creditor of the Note in accordance to Generally Accepted Accounting Principles (GAAP). To also provide double ledger accounting. UCC9-210: A debtor can request an accounting or a verification of the obligation. If you do in fact have the Note in your possession, then what is the reluctance (to stipulate via affidavit) to do this?

U.S. Code (USC) 44 ensures transparency, accountability, and efficient recordkeeping across federal institutions. Please adhere to that.

In regard to "Any attempt to 'dispute' the underlying debt under 15 U.S.C. § 1692g(b) is untimely. Section 1692g(b) of the Fair Debt Collections Practices Act ("FDCPA") provides that a borrower can dispute the validity of a debt and/or request verification of a debt within 30 days of initial contact from the creditor, and that time has elapsed." There is no tolling of time when fraud is suspected. And as I stated in my response letter dated May 30, 2024 to Mr. Ackermann from CLMG Corp. I addressed the tolling of time. Please refer to that letter. It only applies to consummated contracts with the relevant party – which we have no such agreement with each other.

And regarding, "MGC also denies and rejects the characterizations of law and facts set forth in

PAGE 5 OF 9

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

your correspondence.  The statements made in your correspondence do not alter or change the nature of the terms of your loan in any way."  This is too vague and a blanket statement.  Which characterizations of laws and facts?  The ones where I am quoting UCC Codes, case law and California statutes?  How is that a characterization?  Please explain and give specific examples.  If the loan was created fraudulently, I have an absolute right to refer to the laws and regulations that you must abide by.

Your statements:

1.  MGC declines to provide the documents or information requested for the majority of your requests as they do not concern the servicing of the loan, request confidential and privileged information, and are overbroad.  Further, your requests do not relate to any purported servicing error for this loan.
    *If you cannot prove ownership, you have no right to service the loan so of course it is relevant and connected.*
    *It is not considered confidential and privileged information when it is related to MY signature and MY Note?  I have the right to inspect an original document that I created.*
    *Otherwise you may not have it but are alleging that you do.*
2.  MGC provides the recorded assignments as **Exhibit F**.
    *This Exhibit does not prove debt validation.*
3.  Your requests for accounting, as well as documentation such as cancelled checks and invoices, do not relate to a purported servicing error for this loan.  If you believe there is an error as to any fee or charges to this account, or to the arrearages or delinquency amount for this loan, please provide further information.  In the meantime, please refer to the enclosed payment history, which includes information regarding suspense/unapplied accounts, escrow history, reinstatement and payoff quote.  See **Exhibits B-E**.
    *While RESPA focuses on servicing issues, it also allows one to raise questions about fraud, the legitimacy of the debt, and the party's right to collect.  The servicer must answer one's request fully and accurately.*

    ***12 U.S.C. § 2605(e)*** *which governs QWRs, also obligates servicers to correct errors or provide relevant information regarding the loan.  Courts have ruled that RESPA requires servicers to respond to requests that aim to clarify information critical to the loan,* ***including ownership*** *and payment details (which often require* ***validation of the note***).  *Case law has also indicated that services cannot simply sidestep these requests.*

PAGE 6 OF 9

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

*The Consumer Financial Protection Bureau has provided guidelines that mortgage servicers must respond to QWR's by providing information necessary to validate a debt, which includes essential documents like the **original note**. Such documents are not confidential under RESPA.*

- *Medrano v. **Flagstar Bank, FSB, 704 F.3d 661 (9th Cir. 2012)**: The court confirmed that a QWR under RESPA can be used to seek information beyond just servicing errors, such as general information about the loan account.*
- *Catalan v. **GMAC Mortgage Corp., 629 F.3d 676 (7th Cir. 2011)**: Clarified that servicers are obligated under RESPA to respond to QWRs that ask for information about loan terms or corrections, including **validation of debts related to the mortgage**.*

*You have mentioned servicing error 7 times in this letter and servicing of the loan 3 times in this letter. My request is regarding debt validation and is valid. There would definitely be a servicing error if you in fact do not own the loan. That would be fraud.*

4. To date, attorneys' fees in the amount of $1,542.50 have been charged to the Loan. The Deed of Trust allows for the charge of attorneys' fees. See Deed of Trust, 14,22. MGC and LPP reserve their rights to seek any future attorneys' fees incurred. (This will be disputed since you do not have a valid interest, ownership in this deed of trust).

   *If you are not the Note Holder in Due Course (which you have not proven) then you are committing fraud.*

5. To date, the Loan has $775.63 in late fees charged.

   *This is an alleged loan; you have not provided satisfactory proof of claim.*

6. To date, $60.00 in property inspections have been charged to the Loan. The Deed of Trust allows MGC to collect fees for any property inspections conducted. See Deed of Trust, 14.

   *You are not a party to the deed of trust. Nowhere is MGC Mortgage, Inc. mentioned. Again, please review all former correspondence letters where I have addressed these issues that you continue to ignore.*

7. To date, no BPO fees have been incurred. The Deed of Trust allows MGC to collect fees to obtain a BPO. See Deed of Trust, 14.

   *You are not a party to the deed of trust. Nowhere is MGC Mortgage, Inc. mentioned. Again, please review all former correspondence letters where I have addressed these issues that you continue to ignore.*

8. No lender placed insurance has been obtained for the Property. The Deed of Trust allows MGC to collect premiums should it be required to obtain lender place insurance. See Deed of Trust, 5.

   *You are not a party to the deed of trust. Nowhere is MGC Mortgage, Inc. mentioned. Again, please review all former correspondence letters where I have addressed these issues that you continue to ignore.*

What is your response to violating Regulation Z CFR Title 12: Banks and Banking, Part 226 – Truth

PAGE 7 OF 9

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224

NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

in Lending (Regulation Z) § 226.39 Mortgage transfer disclosures?

> *Per UCC 3-305(c) "An obligor is not obliged to pay the instrument if the person seeking enforcement does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument." Unless you can present my original note, it is presumed to be a lost or stolen instrument.*

You are a servicer and do not have the same rights as the owner.  Please clarify.

What is your response to this?

> A service provider is **not** an owner and does not have the rights of an owner if claiming they are a debt collector.  If you are an owner, then you must validate the debt.  In addition, then MGC Mortgage is committing fraud if they are not the owner.
>
> ***Case law Daly v. First National Bank of Montgomery: A lawful consideration must exist and be tendered to support the note.***

Please provide proof of consideration.


**Response to: Repeated Request for Debt Validation**

**As I continue to act in honor and reply to all your points and you continue to act in dishonor by evading, ignoring, denying and not acknowledging mine, I continue to strive for a fair, honest resolution to this matter.  You must prove in accordance with your statutes and laws that you do indeed have the right to demand payment from me.  You have not.**


**Please refer to the included RESPA Qualified Written Request – 4 Page Request and be in honor and answer the questions.  Otherwise I may be seeking alternatives for resolution.**


**KLARA GIANNA GALLUSZ is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any Documents, Alleged Account, Security Instruments, Negotiable Instruments, at law or in equity, all of which rights and remedies are expressly reserved. without recourse.**

PAGE 8 OF 9

CERTIFIED MAIL NUMBER:    7022 0410 0003 3036 5224
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

By: _____    Date: _____
Klara Gianna Gallusz, Executrix and Beneficiary
For: KLARA GIANNA GALLUSZ


Cc:  MGC Mortgage, Inc.

Enclosures:    **RESPA QUALIFIED WRITTEN REQUEST – 4 PAGE REQUEST, SECOND REQUEST ABBREVIATED**

*Notice:* Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.

| |
|---|
| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

STATE OF CALIFORNIA                           )
                                              )    **JURAT / ACKNOWLEDGMENT**
COUNTY OF SAN DIEGO                           )

Before me the undersigned, _____ a Notary acting within and for the County of SAN DIEGO and State of CALIFORNIA, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be KLARA GIANNA GALLUSZ, the Woman whose name is subscribed to the within instrument,  to be the identical Woman, found living, alive, well, and without incapacities who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of her firsthand knowledge, understanding, and belief, by her free will and voluntary act and deed by placing her signatures on the foregoing document, executed the within instrument. Given under my hand and seal this _____ day of _____, 2024.

This document has 16 pages total.

_____
Notary signature                                          Seal
_____
Printed Notary name
My commission expires _____

PAGE 9 OF 9



# Locke Lord LLP

**Attorneys & Counselors**

101 Montgomery Street, Suite 1950
San Francisco, CA 94104-4815
Telephone: 415-318-8810
Fax: 415-676-5816
www.lockelord.com

Regina J. McClendon
Direct Telephone: 415-318-8804
Direct Fax: 415-707-2186
rmcclendon@lockelord.com

November 13, 2024

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, California 92110

Re:    Loan Number: 1443600380
Property Address: 3050 Rue D'Orleans #410, San Diego, California 92110

Dear Ms. Gallusz:

As you are aware, my firm represents MGC Mortgage, Inc. MGC Mortgage, Inc. is the servicer of the Loan on behalf of the Loan's owner, LPP Mortgage, Inc. ("LPP"), and thus is authorized to act on its behalf, including collecting mortgage payments and initiating non-judicial foreclosure proceedings.

This is the response to your October 17, 2024 correspondence titled "RESPA QUALIFIED WRITTEN REQUEST (5 PAGES) – SECOND REQUEST ABBREVIATED" sent to both my client and my office.

Your correspondence purports to be a Qualified Written Request under the Real Estate Settlement Practices Act ("RESPA"). The correspondence does not constitute a Qualified Written Request ("QWR") within the meaning of RESPA for the same reasons articulated in our September 6, 2024 response.

Specifically, you do not identify any servicing error or request any information related to servicing. And, a servicer is not required to respond to a request for information if it determines that the borrower is seeking duplicative information that was already provided, confidential or privileged information, irrelevant information, or overbroad requests for information. 12 C.F.R. § 1024.36(f).

As noted above, you have already received much of the information requested herein in response to several prior letters. Attached as **Exhibit A** are (1) correspondence from MGC dated June 5, 2024, with enclosures, (2) correspondence from my office dated July 11, 2024, with enclosures, and (3) correspondence from my office dated September 6, 2024, with enclosures. Your apparent dissatisfaction with MGC's responses does not mean that MGC owes any obligation to provide the information requested in your October 17, 2024 correspondence beyond what RESPA requires.

---

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

139405266v.3

PAGE 1 OF 2

Klara Gianna Gallusz
November 13, 2024
Page 2

Even though RESPA does not recognize inspection as a required protocol, MGC and LPP offer to make the original "wet-ink" promissory note available for your inspection at my firm's Dallas office, located at 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201. Please contact me no later than November 20, 2024 so we can discuss a mutually agreeable time for you to review the original promissory note.

Finally, MGC again denies and rejects the characterizations of law and facts set forth in your correspondence. The statements made in your correspondence do not alter or change the nature of the terms of your loan in any way. California law has long been clear that a party is not required to "produce the promissory note or otherwise prove it holds the note" to demonstrate rights under it, such as the right to non-judicially foreclose. *See e.g., Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 512 (2013) (citation omitted).

Very truly yours,

Regina J. McClendon

Enclosures

PAGE 2 OF 2

ATTACHMENT E

CERTIFIED MAIL NUMBER: 9589 0710 5270 2392 7232 50
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**FROM THE OFFICES OF**
**KLARA GIANNA GALLUSZ**
**3639 MIDWAY DRIVE, UNIT 408**
**SAN DIEGO, CALIFORNIA 92110**

Locke Lord LLP
Attn: Regina J. McClendon
101 Montgomery Street, Suite 1950
San Francisco, CA 94104-4815

Date: November 19, 2024

In the Matter of: KLARA GIANNA GALLUSZ

Property Address: 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110
REF: Alleged Account # 1443600380

Dear Ms. McClendon from Locke Lord, representative for MGC Mortgage, Inc., and LPP Mortgage, Inc.:

Thank you for your letter dated November 13th, 2024, received at the end of day on November 18, 2024.

In this letter you stated, "Even though RESPA does not recognize inspection as a required protocol, MGC and LPP offer to make the original "wet-ink" promissory note available for your inspection at my firm's Dallas office, located at 2200 Ross Avenue, Suite 2800, Dallas, Texas 75201. Please contact me no later than November 20, 2024 so we can discuss a mutually agreeable time for you to review the original promissory note."

Since I just received your correspondence yesterday, this is not adequate time to review your letter and respond to the unrealistic deadline you offered of November 20th, 2024.

I am reviewing your response and will make every effort to provide a response to your letter as promptly as possible. However, I need an additional 14 days to complete my review and respond.

Thank you for your cooperation.

Sincerely,

By: _____ Date:_____

Klara Gianna Gallusz, Executrix and Beneficiary
For: KLARA GIANNA GALLUSZ

PAGE 1 OF 1

ATTACHMENT H

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com

Date: April 15, 2025

TO:

LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd. and          Troutman Pepper Locke LLP
c/o Prober & Raphael, ALC                              Attn: Regina J. McClendon
20750 Ventura Blvd, Suite 108                          Three Embarcadero Center, Ste 800
Woodland Hills, CA 01364                               San Francisco, CA 94111


RE: Conditional Tender of Full Payment – Demand for Production of Original Note and Deed of Trust
Property Address: 3050 Rue D'Orleans, Unit #410, San Diego, CA 92110
Loan No.: 1443600380

To Whom It May Concern:

This letter constitutes a formal conditional tender of full payment on the above-referenced mortgage loan. This tender is expressly conditioned upon your production of the original, wet ink signed promissory note, endorsed pursuant to UCC § 3-301 and applicable provisions of California law.

Because enforcement of a mortgage note directly affects the fundamental right to property, this demand raises constitutional implications. Under Article III, Section 2 of the United States Constitution, any party seeking to enforce a contract through foreclosure or judicial process must establish standing as a real party in interest. Standing is not presumed; it must be affirmatively proven.

To meet this constitutional threshold, a foreclosing party must demonstrate:

- A concrete and particularized injury,
- A causal connection between that injury and the party's claimed enforcement rights, and
- A showing that the injury is likely to be redressed by the relief sought.

In the mortgage enforcement context, this means you must provide:

- Lawful possession of the original instrument,
- A valid and complete chain of assignments or endorsements, and
- Clear authority to enforce under both commercial law and constitutional principles.

Failure to establish standing under Article III renders any foreclosure attempt, collection action, or judicial filing constitutionally defective and subject to dismissal for lack of jurisdiction.

Additionally, I am now formally requesting production of the original Deed of Trust and all related assignments or recorded transfers, as required by California Civil Code § 2932.5. The note and deed of trust are legally inseparable, and you must establish lawful authority under both instruments to proceed.

## I. LEGAL FRAMEWORK – UCC ENFORCEMENT RIGHTS & CONSTITUTIONAL REQUIREMENTS

Under UCC § 3-301, a party may enforce a negotiable instrument only if it is:

- The holder of the instrument (with valid physical possession and endorsement),
- A non-holder in possession with the rights of a holder, or
- A party entitled under UCC § 3-309 (lost, destroyed, or stolen instruments, with evidence and bond).

To date, you have not satisfied any of these criteria.

The rules of evidence reinforce this:

- Under FRE 1002 (*Best Evidence Rule*), the original writing is required to prove its contents when authenticity is in question.
- Under FRE 1003, a copy may only be used if authenticity is not disputed — which it now is.
- Under FRE 106 (*Rule of Completeness*), partial or selective presentation is inadmissible if it creates a misleading or incomplete record.

These evidentiary failures compound your constitutional deficiency under Article III. As the U.S. Supreme Court held in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), a party must demonstrate concrete injury, traceability, and redressability to invoke judicial power. You have not done so.

## II. INCONSISTENT POSITIONS – YOUR ADMISSIONS

In your letters dated July 11, 2024, and September 6, 2024, you acknowledged that the original note is in your possession but refused to allow inspection "for security reasons." In your letter of November 13, 2024, you offered to make the note available at your attorney's office in Dallas, Texas — with less than 48 hours' notice and a firm deadline to respond.

These positions are inconsistent with UCC § 3-501(b)(2), which provides borrowers with the right to demand presentment. They also undermine your claim of good-faith enforcement.

PAGE 2 OF 4

Moreover, the filing of a Notice of Removal to federal court — just two business days before the scheduled state court hearing on my request for a Temporary Restraining Order — raises serious concerns about your intent to avoid judicial review rather than pursue resolution on the merits.

While procedurally permissible under 28 U.S.C. § 1441, such timing suggests an effort to circumvent due process protections by removing the matter from the state court's consideration at a critical juncture, without establishing clear standing to enforce.

## III. ANTICIPATED REBUTTALS & LEGAL RESPONSE

A. "The Copy Is Sufficient"

Incorrect. You are now formally on notice that a copy is not acceptable unless and until all legal authenticity requirements are met.

It does not matter if this is how such documents have been handled in the mortgage industry over the years. Standards are not law. Industry practice does not override the evidentiary requirements of federal law, or the enforcement limitations imposed by UCC § 3-301 and Article III of the Constitution. The burden remains on you to demonstrate enforceability with original evidence — not assumptions based on past practice.

B. "We Are the Servicer; That's Enough"

No. Servicing a loan is different from enforcing it. Only parties with physical possession of the properly endorsed instrument — or those with provable authority under UCC § 3-301 — may lawfully enforce.

C. "Do You Even Have the Money?"

Whether I can pay is irrelevant to the threshold issue of whether you have standing to collect. The burden is not on me to disprove your rights — it is on you to prove them.

Unlike the entities attempting to enforce this debt, I can prove Article III standing.
I am the named borrower, the legal titleholder, and the person directly facing imminent loss of property. My injury is real, concrete, and immediate — and I have the right to raise these defenses in court.

And unlike you, I can show the X-ray.
You have offered claims and threats — not evidence. A claim is not proof. A cast is not an X-ray. The original note, properly endorsed, with a valid chain of title and lawful enforcement authority — that is the X-ray.

If you cannot produce it, then you are not the party entitled to enforce. You are simply hoping I will not ask to see the one thing that matters — the X-ray.

## IV. NOTICE OF LEGAL POSITION

This letter is submitted in good faith and places you on formal notice of the deficiencies in your legal position.

I remain willing to tender full payment immediately upon lawful in-person inspection of the original note and confirmation of enforcement authority. If you proceed without resolving these issues, I will construe your conduct as:

- Constructive dishonor under UCC § 3-505(b);
- A waiver of enforcement rights under UCC §§ 3-301 and 3-501;
- And an admission of lack of standing under Article III, Section 2 of the U.S. Constitution and Lujan, 504 U.S. at 560–61.

## V. NOTICE OF LEGAL ACTION

- If you proceed with any foreclosure, collection, or credit reporting activity without first meeting the evidentiary and legal requirements outlined above, I will exercise all available legal and equitable remedies, including, but not limited to:
- A Temporary Restraining Order and Preliminary Injunction under Federal Rule of Civil Procedure 65;
- A Declaratory Judgment under 28 U.S.C. § 2201, invalidating any enforcement actions taken without proof of standing;
- Compensatory and punitive damages for fraud, slander of title, and violations of the FDCPA, RESPA, and RICO statutes;
- Sanctions and judicial relief under Federal Rule of Civil Procedure 11.

I also reserve the right to seek full restitution of funds paid, as well as damages for emotional distress, unjust enrichment, and any other relief permitted under state or federal law.

Please govern yourselves accordingly.

Sincerely,

Klara Gianna Gallusz
all rights reserved UCC 1-308
Klara Gianna Gallusz

Conditional Tender of Full Payment – Demand for Production of Original Note and Deed of Trust
**Page 4 of 4**

PAGE 4 OF 4



AUTO

PAGE 1 OF 1

ATTACHMENT K

USPS CERTIFIED MAIL TRACKING 9589 0710 5270 2429 1455 29
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINICIPAL IS NOTICE TO AGENT

**FROM THE OFFICES OF**
**KLARA GIANNA GALLUSZ**
**3639 MIDWAY DRIVE, UNIT 408**
**SAN DIEGO, CALIFORNIA 92110**

Date:  November 25, 2024

PROBER & RAPHAEL, A LAW CORPORATION
Attn: Foreclosure Department
20750 Ventura Blvd., Suite 108
Woodland Hills, California 91364

In the Matter of: **KLARA GIANNA GALLUSZ**

**Property Address:** 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110
**REF:** Alleged Account # 1443600380

**Re: Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings**

Dear PROBER & RAPHAEL,

I am writing to inform you that the **Deed of Trust** and **Mortgage Agreement** dated December
14, 2005, recorded on December 22, 2005, Instrument No. 2005-1098367 in the county of San
Diego, State of California for the property located at 3050 Rue D' Orleans, Unit 410 San Diego,
CA 92110, has been **legally rescinded** as of April 22, 2024. The rescission was properly
executed in accordance with my rights under the **Truth in Lending Act (TILA)** and applicable
state law, and a formal Notice of Rescission was delivered to Dovenmuehle Mortgage, Inc., and
the servicer, MGC Mortgage, Inc., on April 22, 2024 and a 2nd time (due to insufficient address
provided) to Dovenmuehle's registered agent on May 4, 2024, and all necessary parties involved.

Despite this rescission, I have become aware that foreclosure proceedings have been initiated
against my property. I hereby dispute your right to foreclose based on the fact that the Deed of
Trust has been legally rescinded and is no longer valid. The underlying loan agreement is void,
and as such, your client no longer has any claim or lien on the property.

I hereby demand the following actions be taken immediately:

1. **Immediate cessation of all foreclosure actions**, including the cancellation of the
   scheduled sale and the withdrawal of any foreclosure notices, as the underlying loan
   has been legally rescinded.
2. **Acknowledgement written** from your office confirming that the Deed of Trust has
   been rescinded and that your client has no valid claim to proceed with foreclosure.
3. **Documentation** to validate your client's standing and authority to proceed with
   foreclosure in the absence of a valid loan agreement and lien.

Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings
To Prober & Raphael dated 11-25-24

PAGE 1 OF 3

RECORDING REQUESTED AND
PREPARED BY:
THE LIBERTAS IMPERIUM TRUST
3639 MIDWAY DRIVE UNIT 408
SAN DIEGO, CALIFORNIA 92110

AND WHEN RECORDED MAIL TO:
THE LIBERTAS IMPERIUM TRUST
3639 MIDWAY DRIVE UNIT 408
SAN DIEGO, CALIFORNIA 92110

*This Space for Recorder's Use Only*

## NOTICE
## CEASE AND DESIST

This Cease and Desist serves as a formal legal notice regarding the illegal non-judicial foreclosure sale attempts on the land owned by THE LIBERTAS IMPERIUM TRUST (hereinafter "TRUST").

This Cease and Desist is effective immediately until for ever.

THE LIBERTAS IMPERIUM TRUST Objects to the Corporate Assignment of Security Deed fraudulently recorded in the County of San Diego State of California on February 21, 2017, instrument# 2017-0081521; (hereinafter "Assignment"); and Objection to Assignment due to Party(s) do not have authority; and, Party(s) do not have power of authority; and Held in abatement for Jury Trail and Due Process; and,

Notice is hereby made public to:

MGC Mortgage, Inc., with address 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945; and,

Locke Lord LLP, with address at 101 Montgomery Street, Suite 1950, San Francisco, CA 94104-4815; and,

Dovenmuehle Mortgage, Inc., with address 1 Corporate Drive, Suite 360, Lake Zurich, IL 60047-8945; and,

American Mortgage Express Financial with address 2398 San Diego Avenue, San Diego, CA 92110-2894; or registered agent for the California Secretary of State Shirley N. Weber, 1500 11th Street, Sacramento, CA 95814; and,

LPP Mortgage Limited, with address 6000 Legacy Drive, Plano, TX 75024; and

CLMG Corp., with address of 7195 Dallas Parkway, Plano, TX 75025; and

PROBER & RAPHAEL, A LAW CORPORATION, Foreclosure Department, with address of 28001 Smyth Dr. Suite 101, Valencia, CA 91364

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") aka MERSCORP HOLDINGS, INC. with address P.O Box 2026 Flint Michigan 48501; and,

All parties that disrupt the peace of the beneficiaries and all parties that claim to have interest in 3050 Rue D' Orleans, Unit 410, San Diego, Ca 92110; and,

with private land as described below of:

## LEGAL DESCRIPTION

A CONDOMINIUM COMPOSED OF:

PARCEL NO. 1:

AN UNDIVIDED ONE-THREE HUNDRED THIRTY-THIRD (1/333RD) FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO ALL OF THE REAL PROPERTY, INCLUDING WITHOUT LIMITATION THE COMMON AREAS DEFINED IN THE DECLARATION REFERRED TO BELOW, IN LOT 1 OF CAROUSEL ISLE, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 10056, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, APRIL 8, 1981. EXCEPTING THEREFROM ALL LIVING AREA UNITS, BALCONIES, PATIOS, STORAGE SPACES, TANDEM PARKING SPACES, AND PARKING SPACES AS SHOWN ON THE CONDOMINIUM PLAN RECORDED DECEMBER 4, 1981 AS FILE NO. 81-382510 OF OFFICIAL RECORDS.

ALSO EXCEPT ALL MINERALS, OILS, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND ALL UNDERGROUND WATER IN OR UNDER OR WHICH MAY BE PRODUCED FROM SAID LOT WHICH UNDERLIES A PLAN PARALLEL TO AN 550 FEET BELOW THE PRESENT SURFACE OF SAID LOT FOR THE PURPOSE OF PROSPECTING FOR, THE EXPLORATION, DEVELOPMENT, PRODUCTION, EXTRACTION AND TAKING OF SAID MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER FROM SAID LOT BY MEANS OF MINES, WELLS, DERRICKS OR OTHER EQUIPMENT FROM SURFACE LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR LYING OUTISDE OF THE ABOVE-DESCRIBED LOT, IT BEING UNDERSTOOD THAT THE OWNER OF SUCH MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AND WATER, AS SET FORTH ABOVE, SHALL HAVE NO RIGHT TO ENTER UPON THE SURFACE OF ANY PORTION THEREOF ABOVE SAID PLANE PARALLEL TO AND 550 FEET BELOW THE PRESENT SURFACE OF THE SAID LOT FOR ANY PURPOSE WHATSOEVER.

PARCEL NO. 2:

LIVING AREA UNIT LA-210, BALCONY B---, TANDEM PARKING SPACE TPS---, PARKING SPACE, PS-22 AND STORAGE SPACE 16, AS SHOWN AND DESCRIBED ON THE CONDOMINIUM PLAN RECORDED DECEMBER 4, 1981 AS FILE NO. 81-382510 OF OFFICIAL RECORDS OF SAN DIEGO COUNTY, CALIFORNIA.

PARCEL NO. 3:

A NON-EXCLUSIVE EASEMENT FOR ACCESS, INGRESS, USE, ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES APPURTENANT TO PARCEL 2 DESCRIBED HEREIN THRU THE COMMON AREA AS THE COMMON AREA IS SET FORTH IN THE DECLARATION OF RESTRICTIONS RECORDED DECEMBER 4, 1981 AS FILE NO. 81-382511 OF OFFICIAL RECORDS AND ANY AMENDMENTS THERETO.

And known address 3050 Rue D' Orleans, Unit 410, San Diego, Ca 92110; and,

The Trustee of TRUST has been informed by the Beneficiaries of the TRUST that one or more Party(s) office has disturbed the Beneficiaries peace and intimidated them causing duress. This Notice serves as notice of trespassing on this land is with fee of one hundred ninety-two thousand five hundred and no/100 USD ($192,500.00) (hereinafter "Trespass Fee"); and,

Beneficiaries and Trustee have first-hand knowledge of one or more of the above-mentioned Party(s) who have and are trespassing on TRUST; and,

This Cease and Desist warns that proceeding with the sale, despite this notice, is **at the initiator's own risk**, highlighting the use of false, fraudulent documents in public records as an attempt to unlawfully convert the land

PAGE 2 OF 6

with above-mentioned known property address shall result in the above-mentioned **Trespass Fee of one hundred ninety-two thousand five hundred and no/100 USD ($192,500.00); and, is with additional Conspiracy to Commit Fraud fee of one hundred ninety-two thousand five hundred and no/100 USD ($192,500.00); and, three (3) counts Damages fee one hundred ninety-two thousand five hundred and no/100 USD ($577,500.00); and, Damages fee totals nine hundred sixty two thousand five hundred and no/100 USD ($962,5.00); and, Proceeding with or attempting to sell land owned by TRUST is Party(s) agreement to pay the total due immediately of nine hundred sixty two thousand five hundred and no/100 USD ($962,500.00)** (hereinafter "Damages"); and, Damages fee bill/invoice attached for reference and though fully incorporated herein; and,

It is a crime to file false documents in public records, punishable by felony charges, including imprisonment and fines, see California Penal Code § 115 PC, Broward v. Bank of America (2013); and MERSCORP v. State of New York (2011); and U.S. v. Bank of America (2014); and Hawkins v. Community Bank of Northern Virginia (2010); and, Wells Fargo Bank, N.A. (2011); and, Hernandez v. Wells Fargo Bank, N.A. (2011); and Wells Fargo Home Mortgage v. Timmons (2012); and,

The Cease and Desist directs adherence to legal and fiduciary duties, citing specific violations including the use of a fraudulent Corporate Assignment of Security Deed, which lacks legal standing for enforcing payment or foreclosure on TRUST. It points out violations of the Fair Debt Collections Practices Act (FDCPA) for attempting to collect a non-owed debt through deceptive means per the Uniform Commercial Code's (UCC); and,

Party(s) are hereby on Notice that there is no evidence of THE LIBERTAS IMPERIUM TRUST having ever signed any of the documents that purports an alleged debt it owes; and,

THE LIBERTAS IMPERIUM TRUST hereby demands that Party(s) provide evidence, within ten (10) days of:

1.  The Security Deed, signed by THE LIBERTAS IMPERIUM TRUST, associated with the loan at issue and are defined as a Borrower or Grantor under the terms of said Security Deed; and,
2.  Proof of Claim that THE LIBERTAS IMPERIUM TRUST is Party(s) defined as "Debtor" under California Commercial Code § 9102(a)(28); and,
3.  Proof of Claim that California Statutory Foreclosure Law Requirements allows Party(s) to foreclose on a Trust/entity because a different entity may owe Party(s); and,
4.  Proof of Claim that THE LIBERTAS IMPERIUM TRUST owes Party(s) a debt and/or present the contract between Party(s) and THE LIBERTAS IMPERIUM TRUST stating that THE LIBERTAS IMPERIUM TRUST shall pay Party(s) for a debt it does not owe regarding the contract Party(s) are attempting to collect; and,
5.  Proof of Claim that THE LIBERTAS IMPERIUM TRUST is liable for alleged debt, mortgage, and/or contracts that secure alleged debt(s); and,
6.  Proof of Claim that THE LIBERTAS IMPERIUM TRUST and Party(s) have a contract with each other; and,
7.  Proof of Claim that MGC Mortgage, Inc. and LPP Mortgage Limited is an Agent, Trustee or Power of Attorney for THE LIBERTAS IMPERIUM TRUST; and,
8.  Proof of Claim that Mortgage Electronic Registration Systems, Inc is an Agent, Trustee or Power of Attorney for THE LIBERTAS IMPERIUM TRUST; and,
9.  Proof of Claim that MGC Mortgage, Inc. and LPP Mortgage Limited is an Agent, Attorney in Fact, Trustee or Power of Attorney for THE LIBERTAS IMPERIUM TRUST; and,
10. Proof of Claim that Locke Lord LLP is an Agent, Trustee or Power of Attorney for THE LIBERTAS IMPERIUM TRUST; and,

PAGE 3 OF 6

11. Proof of Claim that any and all past present or future Party(s) that
claim to be an Agent, Trustee or Power of Attorney for THE LIBERTAS IMPERIUM TRUST; and,

*PARTY(S) ARE HEREBY ORDERED TO* **CEASE AND DESIST** *from illegal actions and trespass of TRUST.*
The rightful property owner, THE LIBERTAS IMPERIUM TRUST, demands immediate cessation of all illegal activities related to the foreclosure and indicates preparedness to take legal and regulatory action if these demands are not met to include filing civil actions for DAMAGES without further notice.

Thank you for accepting THE LIBERTAS IMPERIUM TRUST safe harbor and leaving the TRUST to its peace.

Further, THE LIBERTAS IMPERIUM TRUST sayeth naught.

By: _____ , TTEE

    William Rory McKenzie, Trustee

For: THE LIBERTAS IMPERIUM TRUST

PAGE 4 OF 6

PAY TO THE ORDER OF
THE LIBERTAS IMPERIUM TRUST
c/o:    3639 Midway Drive, Unit 408
         San Diego, California 92110

### *    INVOICE DUE IMMEDIATLEY    *
### *    DAMAGES    *

| INVOICE # TBD | DATE OF VIOLATION TBD |
|---|---|

**RESPONDENT**

MGC Mortgage LLC,
LPP Mortgage Limited

Locke Lord LLP

**Mortgage Electronic
Registration Systems,
INC. ("MERS").**

**INSTRUCTIONS**

Party(s) are hereby required to pay the invoice immediately for charges detailed below related to trespassing on TRUST property and for violating the Cease-and-Desist order recorded in San Diego County, State of California, which is fully incorporated herein.

| QUANTITY | DESCRIPTION | PENAL AMT | TOTAL |
|---|---|---|---|
| 1 | TRESPASS FEE | $192,500.00 | $192,500.00 |
| 3 | DAMAGES | $577,500.00 | $577,500.00 |
| 1 | CONSPIRACY TO COMMIT FRAUD | $192,500.00 | $192,500.00 |
| | | | 0.00 |
| | | | 0.00 |
| | SUBTOTAL | | $962,500.00 |
| | SALES TAX | | 0.00 |
| | SHIPPING & HANDLING | | 0.00 |
| | **TOTAL DUE IMMEDIATELY** | | $962,500.00 |

Thank you for your business!

PAGE 5 OF 6

*Notice: Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )

                                       )          **JURAT**

COUNTY OF SAN DIEGO          )

Before me the undersigned, _____, a Notary acting within and for the County of San Diego and State of California, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be the Man whose name is subscribed to the within instrument,  to be the identical Man, found living, alive, well, and without incapacities who being duly sworn, declared the above to be true, correct, and not meant to mislead, to the best of their firsthand knowledge, understanding, and belief, by their free will and voluntary act and deed by placing their signatures on the foregoing document, executed the within instrument. Given under my hand and seal this _____ day of _____, 2024.

This document has _____ pages total.

_____

Notary signature                                          Seal

_____

Printed Notary name

My commission expires _____

PAGE 6 OF 6

USPS CERTIFIED MAIL TRACKING 9589 0710 5270 2429 1455 29
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINICIPAL IS NOTICE TO AGENT

Should you continue to proceed with foreclosure actions despite the rescission, please be advised that I will take all necessary legal steps to protect my rights, including seeking a court order to halt the foreclosure process and holding your firm and your client accountable for any damages caused by these wrongful actions.

Please provide your written response **within 14 business days** from the receipt of this notice to avoid further escalation.

NOTE: this document will be made part of the public record under rule 902 (4), (8) of the federal rules of evidence and will be used to establish an administrative record which will be provided as evidence in any judicial proceedings at law or equity regarding this issue.

**Federal Rule 902(4) → California Evidence Code § 1530**

**Federal Rule 902(8) → California Evidence Code § 1451 and Civil Code § 1189**

**KLARA GIANNA GALLUSZ does not waive rights to file subsequent dispositive motions as further egregious violations and information come to be known as appropriate. KLARA GIANNA GALLUSZ is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any Documents, Alleged Account, Security Instruments, Negotiable Instruments, at law or in equity, all of which rights and remedies are expressly reserved. Without recourse.**

Thank you for your prompt attention to this serious matter. I look forward to your immediate compliance with the law.

Sincerely,

By: _Klara Gianna Gallus_    Date: 11-25-24

Klara Gianna Gallusz, Executrix and Beneficiary

For: KLARA GIANNA GALLUSZ

Enclosures:

Cease and Desist Notice Packet sent to Prober & Raphael 10-31-24 – Valencia, received 11-5-24
Notice of Rescission and Demand to Cease and Desist Foreclosure Proceedings Packet –
- sent to Prober & Raphael 11-18-24 – Valencia office, received 11-20-24

Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings
To Prober & Raphael dated 11-25-24

PAGE 2 OF 3

USPS CERTIFIED MAIL TRACKING 9589 0710 5270 2429 1455 29
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINICIPAL IS NOTICE TO AGENT

**Notice:** *Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA    )

                                           )          **ACKNOWLEDGMENT**

COUNTY OF SAN DIEGO  )

Before me the undersigned, Sierra M. Grover           a Notary acting within and for the County of SAN DIEGO and State of CALIFORNIA, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be Klara Gianna Gallusz, the Woman whose name is subscribed to the within instrument, to be the identical Woman, found living, alive, well, and without incapacities who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by placing his signatures on the foregoing document, executed the within instrument. Given under my hand and seal this 25th day of November , 2024.

This document has 3 pages total.

Notary signature                              Seal

Sierra M. Grover

Printed Notary name

My commission expires Dec. 17 2026

SIERRA M. GROVER
Notary Public - California
San Diego County
Commission # 2431339
My Comm. Expires Dec 17, 2026

Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings
To Prober & Raphael dated 11-25-24

PAGE 3 OF 3

ATTACHMENT K

USPS CERTIFIED MAIL TRACKING 9589 0710 5270 2429 1450 17
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

### FROM THE OFFICES OF
### KLARA GIANNA GALLUSZ
### 3639 MIDWAY DRIVE, UNIT 408
### SAN DIEGO, CALIFORNIA 92110

Date:  November 25, 2024

MGC Mortgage, Inc. and LPP Mortgage, Inc.
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

In the Matter of: **KLARA GIANNA GALLUSZ**

**Property Address**: 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110
**REF:** Alleged Account # 1443600380

**Re: Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings**

Dear MGC Mortgage, Inc.,

I am writing to formally notify you that the **Deed of Trust** and **Mortgage Agreement** dated December 14, 2005, recorded on December 22, 2005, Instrument No. 2005-1098367 in the county of San Diego, state of California between myself and American Mortgage Express Financial for the property located at 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110, has been **legally rescinded** as of April 22, 2024.

The rescission was properly executed in accordance with my rights under the **Truth in Lending Act (TILA)** and applicable state law, and a formal Notice of Rescission was delivered to Dovenmuehle Mortgage, Inc., and the servicer, MGC Mortgage, Inc., on April 22, 2024 and a 2nd time (due to insufficient address provided) to Dovenmuehle's registered agent on May 4, 2024, and all necessary parties involved.

As you are aware, under the **Truth in Lending Act (TILA)** and applicable state laws, I exercised my right to rescind the loan transaction in accordance with my legal rights. A Notice of Rescission was delivered to your office on April 22, 2024, and you were provided with the requisite documentation to demonstrate that the Deed of Trust has been voided.

To date, I have not received any acknowledgement from your office regarding the rescission of the loan agreement, nor have I received a refund of any funds paid under the terms of the rescinded mortgage, which I am entitled to under the law.

Page 1

Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings
To MGC Mortgage, Inc. dated 11-25-24

PAGE 1 OF 4

Furthermore, I have become aware that you have initiated foreclosure proceedings on the property, with a Notice of Default recorded on November 15, 2024. Please be advised that, given the legal rescission of the Deed of Trust, I dispute your right to foreclose on the property. The rescinded loan is void, and your institution no longer holds a valid claim or lien against the property.

I demand the following:

1. **Cessation of Foreclosure Proceedings:** Immediately halt all foreclosure actions, including the cancellation of the scheduled sale and withdrawal of any foreclosure notices. The underlying loan has been legally rescinded, and foreclosure cannot proceed.
2. **Written Acknowledgment:** Provide written acknowledgment from your office confirming that the Deed of Trust has been rescinded, and that your institution has no valid claim or right to pursue foreclosure.
3. **Proof of Standing:** Provide documentation validating your institution's standing to pursue foreclosure, including proof of your authority to foreclose in light of the rescinded loan and voided Deed of Trust.

Should you proceed with the foreclosure despite the legal rescission, please be advised that I will pursue all available legal remedies to protect my rights, including seeking a court order to stop the foreclosure and holding your company accountable for any damages resulting from your actions.

In addition, MGC Mortgage, Inc. has failed to comply with the requirements of the **Truth in Lending Act (TILA)** and other applicable laws. MGC Mortgage, Inc. is required to take the following actions within **14 calendar days** of receiving the borrower's notice of rescission:

1. Return all payments made by the borrower, including principal, interest, and fees;
2. Cancel the security interest in the property;
3. File a **"satisfaction of mortgage"** or **"release of lien"** with the relevant local government office;
4. Formally acknowledge that the debt is no longer owed; and
5. Cease any further attempts to collect payments or initiate foreclosure proceedings.

As of the date of this letter, MGC Mortgage, Inc. has failed to take any of the above actions. I demand that MGC Mortgage, Inc. provide a **specific date** by which these actions will be completed. MGC Mortgage, Inc. has had ample time to provide proof of its standing, yet has willfully failed to do so and is now in default and dishonor.

I expect to receive a written response acknowledging the rescission and the suspension of foreclosure proceedings **within 14 days** from receipt of this notice.

Page 2

Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings
To MGC Mortgage, Inc. dated 11-25-24

PAGE 2 OF 4

USPS CERTIFIED MAIL TRACKING 9589 0710 5270 2429 1450 17
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

NOTE: this document will be made part of the public record under rule 902 (4), (8) of the federal rules of evidence and will be used to establish an administrative record which will be provided as evidence in any judicial proceedings at law or equity regarding this issue.

**Federal Rule 902(4) → California Evidence Code § 1530**

**Federal Rule 902(8) → California Evidence Code § 1451 and Civil Code § 1189**

**KLARA GIANNA GALLUSZ does not waive rights to file subsequent dispositive motions as further egregious violations and information come to be known as appropriate. KLARA GIANNA GALLUSZ is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any Documents, Alleged Account, Security Instruments, Negotiable Instruments, at law or in equity, all of which rights and remedies are expressly reserved. Without recourse.**

Thank you for your prompt attention to this serious matter. I look forward to your immediate compliance with the law.

Sincerely,

By: _Klara Gianna Gallusz_____    Date: 11-25-24

Klara Gianna Gallusz, Executrix and Beneficiary

For: KLARA GIANNA GALLUSZ

Enclosures:

Cease and Desist Notice Packet sent to Prober & Raphael 10-31-24 – Valencia, received 11-5-24
Notice of Rescission and Demand to Cease and Desist Foreclosure Proceedings Packet –
- sent to Prober & Raphael 11-18-24 – Valencia office, received 11-20-24

Page 3

Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings
To MGC Mortgage, Inc. dated 11-25-24

PAGE 3 OF 4

USPS CERTIFIED MAIL TRACKING 9589 0710 5270 2429 1450 17
NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**Notice:** *Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA     )

                        )        **ACKNOWLEDGMENT**

COUNTY OF SAN DIEGO    )

Before me the undersigned, _Sierra M. Grover_ a Notary acting within and for the County of SAN DIEGO and State of CALIFORNIA, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be Klara Gianna Gallusz, the Woman whose name is subscribed to the within instrument, to be the identical Woman, found living, alive, well, and without incapacities who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by placing his signatures on the foregoing document, executed the within instrument. Given under my hand and seal this _25th_ day of _November_ , 2024.

This document has _4_ pages total.

Notary signature                              Seal

_Sierra M. Grover_

Printed Notary name

My commission expires _Dec. 17 2026_

SIERRA M. GROVER
Notary Public - California
San Diego County
Commission # 2431339
My Comm. Expires Dec 17, 2026

Page 4

Notice of Rescission of Deed of Trust and Dispute of Foreclosure Proceedings
To MGC Mortgage, Inc. dated 11-25-24

PAGE 4 OF 4

ATTACHMENT E, No. Q

**From the Office of**
KLARA GIANNA GALLUSZ
3639 MIDWAY DRIVE, UNIT 408
SAN DIEGO, CALIFORNIA 92110

NOTICE TO PRINCIPALS IS NOTICE TO AGENTS
NOTICE TO AGENTS IS NOTICE TO PRINCIPALS

MGC Mortgage, Inc.
Research Department
7195 Dallas Parkway
Plano, Texas 75024

Re: Loan #1443600380

Date executed: 06/24/24

Dear MGC Mortgage, Inc. Research Department, LPP Mortgage, Inc, LPP Mortgage Ltd, et al,

We have received your correspondence letters, dated June 5th, 2024, and June 6th, 2024 on June 15th, 2024. We also have received five "under review" letters dated June 5th, 2024, received on June 14th, 2024, one "under review" letter dated June 6th, 2024, received on June 17th, 2024, and one "under review" letter dated June 12th, 2024, received on June 22nd, 2024.

After carefully reviewing and investigating your claims from the documents you sent dated June 5th and June 6th, 2024:
1. copy of the recorded Assignment Deed of Trust showing the Loan as assigned to LPP;
2. copy of the Ownership Change Notice dated November 14, 2016 stating Loan was sold to LPP;
3. copy of the Notice of Servicing Transfer stating the servicing of Loan was transferring to MGC effective April 1, 2017;

here is what we found. None of these documents were what I requested in my letter dated to you on May 30th, 2024 and it does not "fully address the concerns outlined in my correspondence."

You have not provided proof of claim and I am entitled by law to verification of claim on my loan. You were unable to comply with my request and as such have **defaulted on your administrative process.**

PAGE 1 OF 3

In my letter dated May 30th, 2024 I specifically asked for 3 requirements of proof of claim:

1. Proof of the existence of the account or contract in the actual flesh and blood name of Klara Gianna Gallusz duly signed and witnessed by both parties **not a unilateral agreement** and upon which signed page there is reference to the entire agreement.

2. Proof of Claim that you are the current RIGHTFUL Note Holder in Due Course of the Original Above Mentioned Debt Instrument and it has not been sold to another party. I wish to have the aforementioned instrument presented to me for visual inspection. Not a copy, not an affidavit, but the actual **MY ORIGINAL WET INK SIGNATURE PROMISSORY NOTE.** Please produce the **NOTE with my wet ink signature** in association to the NOTE, MIN: 100035300170521778 LOAN NUMBER: 17052177 dated December 14th, 2005 pursuant of federal rules of evidence rule 901 and USC title 18, part one, chapter 101 subsection 2071. **A COPY of the said Note nor an Affidavit of Loss or any other forms will not be acceptable.** You are required by law to maintain good care of my legal instrument as per USC Title 18, Part 1, Chapter 101 § 2071.

3. Copy of the actual account whereby bank assay has occurred showing actual loss incurred of the alleged debt from your client. Please stipulate **via affidavit** that **you are a creditor** of the note **in accordance to Generally Accepted Accounting Principles (GAAP)**.

Failure to respond to this letter will be taken as an <u>administrative default</u> as per the Administrative Procedures Act of 1946.

Failure to produce the **ORIGINAL WET INK SIGNATURE PROMISSORY NOTE** will be taken as an <u>administrative default</u>.

Failure to satisfy any of the 3 requirements point by point means that you have not proven your claim and have forfeited your right to the claim. In order to prove you have standing, you must be able to show you have interest in the matter. If you cannot provide proof that you hold the note and proof of the above-mentioned items, then you are not a party of interest and have no standing, and therefore you cannot require me to continue paying you.

As a courtesy, I am requesting proof of claim for a 2nd time and I will further extend my request from this date for another 21 days for you to provide me the proof of claim referenced above (expiring on July 15th, 2024). You are hereby given notice that failure to produce proof of claim after this courtesy means **you will have exhausted your administrative process and no further claims can be made against me nor my property.**

Incorrectly addressed mail shall be returned unopened and unread, any or all correspondence from this point must be by mail only.

PAGE 2 OF 3

Klara Gianna Gallusz does not authorize the recording of her voice at any time for any purpose nor does she consent to be contacted by telephone and shall enforce her copyright in all instances such copyright infringement or trademark violation no authorization for the KLARA GIANNA GALLUSZ™ is implied, granted or admitted.

KLARA GIANNA GALLUSZ agrees to hold harmless Klara Gianna Gallusz the natural flesh and blood human being for all claims and liabilities under private contract between the parties.

Respectfully submitted,


By:
For:  KLARA GIANNA GALLUSZ


Cc:  Robert A. Ackermann, Chief Litigation Officer, Senior Vice President, CLMG Corp.

PAGE 3 OF 3

CERTIFIED MAIL NUMBER:   9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**FROM THE OFFICES OF**
**KLARA GIANNA GALLUSZ**
**3639 MIDWAY DRIVE, UNIT 408**
**SAN DIEGO, CALIFORNIA 92110**

MGC Mortgage, Inc. and LPP Mortgage, Inc.
Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945
and
Locke Lord LLP
Attn: Regina J. McClendon
101 Montgomery Street, Suite 1950
San Francisco, CA  94104-4815

Date:  August 6, 2024

In the Matter of: KLARA GIANNA GALLUSZ

Property Address: 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110

REF: Alleged Account # 1443600380

Dear MGC Mortgage, Inc., LPP Mortgage, Inc., MGC Mortgage Research Dept., Loan Servicing
Dept. and Ms. McClendon from Locke Lord,

- As it pertains to this document, MGC Mortgage, Inc., LPP Mortgage, Inc. (fka LPP Mortgage
  Ltd., LNV Corp. and Dovenmuehle, LPP MORTGAGE, INC. d/b/a MGC MORTGAGE, INC.
  hereby referred to as MGC Mortgage, Inc., is interchangeable with you, your, and like
  words which all mean LPP MORTGAGE, INC. d/b/a MGC MORTGAGE, INC., MGC
  Mortgage, Inc.

- As it pertains to this document, KLARA GIANNA GALLUSZ, I, me, my and like words, are
  interchangeable and mean KLARA GIANNA GALLUSZ.

- Klara Gianna Gallusz does not mean KLARA GIANNA GALLUSZ.

- In order to maintain the integrity of your response, I ask that all sections and subsections
  of this letter be responded and shall be indexed, numbered and labeled as to which

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                    Page **1** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 1 OF 16

CERTIFIED MAIL NUMBER:   9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

element of the request that each document(s) or answer fulfills.

*This is KLARA GIANNA GALLUSZ'S FINAL ATTEMPT to validate this alleged debt with MGC Mortgage, Inc. and if MGC Mortgage, Inc. fails to do so, then the debt is discharged and MGC Mortgage, Inc is not in honor.*

Thank you for your response to my letter dated June 24th. I received one "under review" letter from MGC Research Dept. dated July 3rd on July 15th, and correspondence from Locke Lord dated July 11th on July 15th and two of the same letters from MGC Loan Servicing "attempting to collect a debt" dated July 19th on July 29th and July 30th.   In an effort to continue to operate honorably with you, I have completed an investigation and here's what I've found.  I hope this reply will alleviate disputes as I am confident we can come to a resolution quickly and honorably.

KLARA GIANNA GALLUSZ re-alleges all correspondence letters dated April 22nd, May 17th, May 30th and June 24, 2024 though fully incorporated herein.

KLARA GIANNA GALLUSZ refutes all previous and future billing statements; and, KLARA GIANNA GALLUSZ refutes all previous and future attempts to collect an alleged debt and correspondence other than a response to this letter and the letter known as **RESPA QUALIFIED WRITTEN REQUEST, TILA REQUEST, DISPUTE OF DEBT AND DEBT VALIDATION LETTER** (hereinafter "DEBT VALIDATION") sent to MGC Mortgage, Inc.

KLARA GIANNA GALLUSZ refutes all previous and future attempts to collect an alleged debt.

**Response to: Letter from MGC Mortgage, Inc. Loss Mitigation Department Applying for Loss Mitigation Assistance**

Thank you for including this application from the MGC Mortgage, Inc. Loss Mitigation Department letter dated 5-9-24, received 5-25-24 for my reference. I do not think I will need to complete said application for mortgage relief assistance as I believe we will come to a resolution quickly and honorably and respectfully.

**Response to: Letter from MGC, Mortgage, Inc. Research Dept. regarding my Notice of Rescission Contract**

1. Thank you for your letter dated June 6, 2024 received on June 11th, 2024.

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                    Page **2** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 2 OF 16

a. You included a 1. copy of the recorded Assignment Deed of Trust showing the Loan was assigned to LPP; 2. copy of the Ownership Change Notice dated November 14, 2016 stating the alleged Loan was sold to LPP; 3. copy of the Noticing Transfer stating the servicing of the alleged Loan was transferring to MGC, Mortgage, Inc. effective April 17, 2017.   You also stated, "We believe this response fully addresses the concerns outlined in your correspondence."  This was in response to my letter dated 5-30-24 requesting proof of claim by producing the original "wet-ink" signature NOTE, legal evidence validating that MGC Mortgage, Inc. are the NOTE HOLDER IN DUE COURSE, and stipulating via affidavit that MGC Mortgage, Inc. is a creditor in this loan/security instrument showing double ledger accounting debts of the loss as a result of issuance of a loan according to GAAP.

i.  Let it be known, KLARA GIANNA GALLUSZ believes MGC Mortgage, Inc.'s response is not an acceptable and honorable response and does not satisfy the criteria for verifying and validating this alleged debt.

ii.  MGC Mortgage, Inc. has not provided proof of claim and KLARA GIANNA GALLUSZ is entitled by law to verification of claim on said loan. MGC Mortgage, Inc. was unable to comply with my request and as such has **defaulted on their administrative process.** The failure to respond to my specific requests to verify the alleged debt in that letter has resulted in administrative default as per the Administrative Procedures Act of 1946.

iii.     Let it be known, that KLARA GIANNA GALLUSZ chose to act in honor in the letter dated 6-24-24 and requested for a 2nd time that MGC Mortgage, Inc. provide proof of claim.  KLARA GIANNA GALLUSZ as a courtesy gave MGC Mortgage, Inc. additional time (21 days) to provide said proof of claim expiring on July 15th, 2024.  KLARA GIANNA GALLUSZ also stated that if not provided, then MGC Mortgage, Inc. has exhausted their administrative process and no further claims can be made against me nor my property.

**Response to: Letter from Locke Lord LLP – Attorney Regina M. McClendon, new representative for MGC Mortgage, Inc., LPP Mortgage, Inc. dated 7-11-24**

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                          Page **3** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 3 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**Response to: Viewing the Original Loan Documents – copy of the Deed of Trust and Note**

1. In your letter dated July 11th, "MGC Mortgage, Inc is in receipt of my June 6, 2024 correspondence regarding 'Credit Reporting Opt-Out Notice Exercising Nondisclosure Option' and my request to opt-out of any sharing of nonpublic personal information is noted" – thank you for acknowledging and accepting my request.

2. Thank you for including a copy the Deed of Trust and the Note in the letter dated July 11th, 2024. I do have concerns regarding the attached documents you included.

   a. You included a copy of the NOTE and Security Deed (instrument). The Note and Security Instrument that you provided is a copy and shall not properly validate the alleged debt. It is important to me to properly verify and validate the alleged debt.

      i. Let it be known, Security Deed #2005-1098367, and with Security Instrument # 2024-0092961 has been rescinded by KLARA GIANNA GALLUSZ

         1. Rescission dated April 22nd, 2024, and published legal notice with the required time by law in The Uptown San Diego Examiner 4/26 and 5/3 with Proof of Publication Affidavit in the City of San Diego, County of San Diego, State of California.

      ii. MGC Mortgage, Inc. shall not collect any alleged debt under Promissory Note Loan #17052177 and Security Deed #2005-1098367, and with Security Instrument #2024-0092961; and, shall not do the following:

         1. Assess Fees and Costs to the loan as necessary

         2. Inspect the property and charge application fees

         3. Purchase lender placed insurance

         4. Pay taxes on Mortgager's behalf

      iii. Transaction History (not provided)

         1. You have not provided a complete transaction history for the period MGC Mortgage, Inc. has serviced the loan and you have not provided an accounting ledger for accounts receivable and accounts payable as requested in order to validate the debt; and,

      iv. KLARA GIANNA GALLUSZ believes MGC Mortgage, Inc. continues to ignore

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

Page 4 of 16

PAGE 4 OF 16

requests from KLARA GIANNA GALLUSZ and with MGC Mortgage, Inc. continued attempts to defraud, deceive, bully and intimidate KLARA GIANNA GALLUSZ into making payment to MGC Mortgage, Inc. when MGC Mortgage, Inc. has not properly and honorably validated the alleged debt; and MGC Mortgage, Inc. is continuing to attempt to use trickery to try to get KLARA GIANNA GALLUSZ to forcefully enter into a contract with MGC Mortgage, Inc. when KLARA GIANNA GALLUSZ does not have nor has ever had a legally binding contract.

b. MGC Mortgage, Inc. states in the latest correspondence it "denies and rejects the characterizations of law and facts set forth" in my correspondence and that MGC Mortgage, Inc. are not able to provide me "with the original wet-ink Note for security reasons, however, the original wet-ink Note is in LPP Mortgage, Inc's. Possession."

   i. All KLARA GIANNA GALLUSZ is asking MGC Mortgage, Inc. to do is honorably and properly validate the alleged debt MGC Mortgage, Inc. is claiming.

   ii. Let it be known, KLARA GIANNA GALLUSZ believes MGC Mortgage, Inc.'s response is not an acceptable and honorable response as I've asked MGC Mortgage, Inc. to validate the alleged debt several times so I can remain in honor and perform per alleged contract terms. MGC Mortgage, Inc. has yet to satisfy my request; and, MGC Mortgage, Inc. has not properly and honorably validated the alleged debt; and, KLARA GIANNA GALLUSZ believes MGC Mortgage, Inc. is benefiting from a contract MGC Mortgage, Inc. is not a party to nor has MGC Mortgage, Inc. ever been a party to.

   iii. Let it be known, KLARA GIANNA GALLUSZ believes that MGC Mortgage, Inc. is acting in dishonor by not properly validating the alleged debt despite several requests made by KLARA GIANNA GALLUSZ requesting MGC Mortgage, Inc. to do so.

   iv. Let it be known that KLARA GIANNA GALLUSZ requested multiple times in letters dated May 30th and June 24th, for MGC Mortgage, Inc. to

   v. provide proof of the existence of the account or contract in the actual flesh and

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                    Page 5 of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 5 of 16

CERTIFIED MAIL NUMBER:   9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

blood name of Klara Gianna Gallusz duly signed and witnessed by both parties **not a unilateral agreement** and upon which signed page there is reference to the entire agreement;

vi. provide proof of Claim that they are the current RIGHTFUL Note Holder in Due Course of the Original Above Mentioned Debt Instrument and it has not been sold to another party and to have the aforementioned instrument presented to me for visual inspection.  Not a copy, not an affidavit, but the actual **MY ORIGINAL WET INK SIGNATURE PROMISSORY NOTE**.  Please produce the **NOTE with my wet ink signature** in association to the NOTE, MIN: 100035300170521778 LOAN NUMBER: 17052177 dated December 14th, 2005 pursuant of federal rules of evidence rule 901 and USC title 18, part one, chapter 101 subsection 2071. **A COPY of the said Note nor an Affidavit of Loss or any other forms will not be acceptable.**  MGC Mortgage, Inc. is required by law to maintain good care of my legal instrument as per USC Title 18, Part 1, Chapter 101 § 2071;

vii. provide a copy of the actual account whereby bank assay has occurred showing actual loss, incurred of the alleged debt from your client and to please stipulate via occurred showing actual loss, incurred of the alleged debt from your client and to please stipulate **via affidavit** that **MGC Mortgage, Inc. is a creditor** of the note **in accordance to Generally Accepted Accounting Principles (GAAP)**. MGC Mortgage, Inc.'s failure to provide the documents as requested is in dishonor and is taken as an administrative default as per the Administrative Procedures Act of 1946. KLARA GIANNA GALLUSZ accepts MGC Mortgage, Inc.'s acquiesce.

viii. Further, MGC Mortgage, Inc. is violating Regulation Z CFR Title 12: Banks and Banking, Part 226 – Truth in Lending (Regulation Z) § 226.39 Mortgage transfer disclosures.  MGC Mortgage, Inc./LPP Mortgage, Inc. is not treated as the owner of the obligation:

    1. Please refer to CFR Title 12: Banks and Banking, Part 226 – Truth in

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

Page **6** of 16

PAGE 6 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Lending (Regulation Z) § 226.39 Mortgage transfer disclosures.

a. ***Scope***. The disclosure requirements of this section apply to any covered person except as otherwise provided in this section.  For purposes of this section:

b. A *"covered person"* means any person, as defined in § 226.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period.  For purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation.

*Per UCC 3-305(c) "An obligor is not obliged to pay the instrument if the person seeking enforcement does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument." Unless you can present my original note, it is presumed to be a lost or stolen instrument.*

 A service provider is **not** an owner and does not have the rights of an owner if claiming they are a debt collector.  If you are an owner, then you must validate the debt.  In addition, then MGC Mortgage is committing fraud if they are not the owner.

vii. Let it be known, as a courtesy KLARA GIANNA GALLUSZ sent several copies of legal notice with a copy of rescission of Security Deed #2005-1098367 to MGC Mortgage, Inc. as MGC Mortgage, Inc., pictured below, has been benefiting from a contract that MGC Mortgage, Inc. has never been a party to and MGC Mortgage, Inc. has never put forth any consideration as a party or a beneficiary of the contract; and,  MGC Mortgage, Inc. has yet to come forward with a claim otherwise; and, MGC Mortgage, Inc.'s failure to respond is taken as an administrative default as per the Administrative Procedures Act of 1946.  KLARA GIANNA GALLUSZ accepts MGC Mortgage, Inc.'s acquiesce.

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

Page **7** of 16

PAGE 7 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

As a courtesy you are receiving Notice of an action recently taken regarding a matter that may concern and affect you. The security instrument **#2005-1098367,** recorded with the San Diego County Recorder, California has been rescinded. The party(s) to the contract have mutually agreed to rescind the contract due to "ignorant mistake" and error. The ignorant mistake goes to a material aspect of the contract. You are receiving this Notice because you will be directly impacted by the rescission of the party(s) because you have been benefiting from the contract without having put forth any consideration, and no consideration has been given by a promisee in order for you to be a third-party beneficiary. Due to the fact that you are not a party to the contract and are not an intentional beneficiary or donee there is nothing for you to consent, or object, to: however, this rescission will create obligations for you.

All rights/interest mortgaged, granted and conveyed by the contract are returned to KLARA GIANNA GALLUSZ, A SINGLE WOMAN. Any and all payments you received are to be sent back to KLARA GIANNA GALLUSZ, A SINGLE WOMAN forthwith, immediately and without delay. You are to return all monies you have received unjustly within twenty (20) days from the date you receive this Notice. For clarification, the date you receive this Notice is the date indicated by The United States Post Office on the PS3811, the green return receipt form.

KLARA GIANNA GALLUSZ, A SINGLE WOMAN reserves the right to Mitigate against you should you fail to return said funds and you agree to be held liable for our legal fees and court costs, interest on the amounts due and owing from you and daily administrative fees. You may not contact us via phone or email. All communication is required to be conducted via The United States Post Office. Please note that we cannot give you legal advice as we are not legal persons. therefore, we recommend that you consult with an attorney regarding any questions you may have on this matter.

IF you feel that you have received this Notice in error and that you are injured/damaged by the rescission THEN you have twenty (20) days from the date you receive this Notice to bring forth any evidence that you put forth any consideration toward our contract and evidence of the actual injury/damage. We are happy to consider any claims of injury/damage that are brought forth within the expressed time limit.

viii. KLARA GIANNA GALLUSZ does not need consent, permission, or agreement to rescind, as KLARA GIANNA GALLUSZ was the only party to the contract, MGC Mortgage, Inc. has not returned all monies received unjustly from benefiting from a contract MGC Mortgage, Inc. was never a party to and has never put forth any consideration as a party or a beneficiary of the contract; and, MGC Mortgage, Inc. has yet to come forward with a claim otherwise; and, a legitimate form of consideration was not provided by MGC Mortgage, Inc.

> *Case law Daly v. First National Bank of Montgomery: A lawful consideration must exist and be tendered to support the note.*

1. MGC Mortgage, Inc. shall return all monies received back to KLARA GIANNA GALLUSZ forthwith, immediately and without delay.

2. If MGC Mortgage, Inc. does not return all monies to KLARA GIANNA GALLUSZ within (20) days of receipt of this letter, KLARA GIANNA GALLUSZ shall reserve the right to litigate against MGC Mortgage, Inc.

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                    Page **8** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 8 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

and you MGC Mortgage, Inc. shall be held liable for legal fees and court costs, daily administrative fees, interest on the amounts due and owing from MGC Mortgage, Inc. statement of charges, invoice, billing statement may be sent by KLARA GIANNA GALLUSZ to MGC Mortgage, Inc.

3. If MGC Mortgage, Inc. does not include accurate and honorable accounts receivable and accounts payable ledger of Alleged Account # 1443600380 per U.S. Code (USC) 44 from the date of inception of Alleged Account # 1443600380 to the date you received this letter so KLARA GIANNA GALLUSZ can verify the monies MGC Mortgage, Inc. returns is correct, then KLARA GIANNA GALLUSZ shall seek DAMAGES in the amount of ONE HUNDRED NINETY TWO THOUSAND FIVE HUNDRED AND NO/100 $192,500.00 times 3 (treble) for a total of FIVE HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED AND NO/100 $577,500.00; and, CONSPIRACY TO COMMIT FRAUD in the amount of ONE HUNDRED NINETY TWO THOUSAND FIVE HUNDRED AND NO/100 $192,500.00 for a grand total judgement of SEVEN HUNDRED SEVENTY THOUSAND AND NO/100 $770,00.00; and if MGC Mortgage, Inc. continues to bully, intimidate, deceive, and defraud KLARA GIANNA GALLUSZ, KLARA GIANNA GALLUSZ shall seek additional DAMAGES.

**Response to: Repeated Request for Debt Validation**

I dispute the validity of this alleged debt.  I would like to resolve this matter, at the earliest possible time and operate honorably with you, however, due to the possibility of error or fraud in this matter, I shall insist that you prove that I owe this purported debt and state the reasons why I owe this alleged debt.

MGC Mortgage, Inc. has not satisfied KLARA GIANNA GALLUSZ request to validate the debt. The July 11th, 2024 response and disclosures do not satisfy my multiple requests to validate the debt.

1. MGC Mortgage, Inc. is a debt collector by its own admission via letters, correspondence and documents sent to KLARA GIANNA GALLUSZ.

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                        Page **9** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 9 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

   a.  MGC Mortgage, Inc.'s Statements as well as several of MGC Mortgage, Inc.
       Letters have language that states:

"THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN BANKRUPTCY OR HAVE BEEN
DISCHARGED IN BANKRUPTCY, THIS LETTER IF FOR INFORMATIONAL PURPOSES ONLY
AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT IN VIOLATION OF THE
AUTOMATIC STAY OR THE DISCHARGE INJUNCTION OR AN ATTEMPT TO RECOVER ALL OR
ANY PORTION OF THE DEBT FROM YOU PERSONALLY."

   a.  KLARA GIANNA GALLUSZ has requested MGC Mortgage, Inc. validate the alleged
       debt several times per USC Title 15 Section 1692(g).

   b.  MGC Mortgage, Inc. has failed to properly and honorably validate the alleged
       debt.

2. Let it be known, KLARA GIANNA GALLUSZ is including in this correspondence a **RESPA
   QUALIFIED WRITTEN REQUEST, TILA REQUEST, DISPUTE OF DEBT AND DEBT
   VALIDATION LETTER** to MGC Mortgage, Inc.

   a.  Letter was executed by KLARA GIANNA GALLUSZ and a Notary. KLARA GIANNA
       GALLUSZ also sent copies to the Federal Trade Commission (FTC), Office of RESPA
       and Interstate Land Sales, Office of Housing - U.S. Department of Housing and
       Urban Development (HUD) and the Office of Federal Housing Enterprise Oversight
       (OFHEO) .

   b.  MGC Mortgage, Inc. shall provide a complete and thorough response within 60
       days of receiving above-mentioned RESPA / QWR / Debt Validation Letter (17
       pages in total) paying special attention to the below underlined language: In order
       to maintain the integrity of your response, I ask that the all documents be indexed, numbered and
       labeled pursuant to this request, specifically, which element of the request that each document(s)
       or answer fulfills.  Please note that this letter is being sent to MGC Mortgage, Inc.
       whom is d/b/a as LPP Mortgage, Inc. so KLARA GIANNA GALLUSZ expects a
       response as these two are interchangeable.

   c.  No extension of time shall be granted as sixty (60) days to complete request is a

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                    Page 10 of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 10 0F 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

generous attempt to allow MGC Mortgage, Inc. to get back to honorable standing as it relates to validating the purported debt.

3. This is KLARA GIANNA GALLUSZ's final attempt to allow MGC Mortgage, Inc. to validate the alleged debt. Failure to respond to this request and failure to respond to every line honorably shall result in KLARA GIANNA GALLUSZ entering a judgement against MGC Mortgage, Inc. for KLARA GIANNA GALLUSZ shall seek DAMAGES in the amount of ONE HUNDRED NINETY TWO THOUSAND FIVE HUNDRED AND NO/100 $192,500.00 times 3 (treble) for a total of FIVE HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED AND NO/100 $577,500.00; and, CONSPIRACY TO COMMIT FRAUD in the amount of ONE HUNDRED NINETY TWO THOUSAND FIVE HUNDRED AND NO/100 $192,500.00 for a total judgement of SEVEN HUNDRED SEVENTY THOUSAND AND NO/100 $770,000.00.

**In Closing**

KLARA GIANNA GALLUSZ has stated several times that KLARA GIANNA GALLUSZ has rescinded Security Deed #2005-1098367 with Security Instrument #2024-0092961.

1. If MGC Mortgage, Inc. is in possession of Original Promissory Note, then by MGC Mortgage, Inc.'s own admission it is by fraud as MGC Mortgage, Inc. is a debt collector and not the owner as stated above.
   1.1. *Per UCC 3-407, if a holder materially and fraudulently alters an instrument, any party whose contract is affected by the change is discharged. There is evidence of an unauthorized alteration and a conversion of the note and it has already been satisfied*
2. If MGC Mortgage, Inc. purchased a debt that it Is servicing, then MGC Mortgage, Inc. did so on its own accord and the debt is MGC Mortgage, Inc.'s debt and not KLARA GIANNA GALLUSZ's debt. If MGC Mortgage, Inc. paid an alleged and unverified debt in the hope that KLARA GIANNA GALLUSZ would pay MGC Mortgage, Inc., then MGC Mortgage, Inc. is conducting business dishonorably and fraudulently because KLARA GIANNA GALLUSZ is not contractually obligated to pay purported unverified debt. But for the fact that MGC Mortgage, Inc. ignorantly did not contract with KLARA GIANNA GALLUSZ has shown no damages brought on MGC Mortgage, Inc. by KLARA GIANNA GALLUSZ.
   2.1. An adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages. *J.J. Gumberg Co. v. Janis Servs., Inc.,* 847 So.2d 1048, 1049 (Fla. 4th DCA 2003); *Indus. Med. Pub. Co. v. Colonial Press of Miami, Inc.,* 181 So.2d 19, 20 (Fla. 3d DCA 1966)* ("In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach.").

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                  Page **11** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 11 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

3.  IF there is a party to have claim to Security Deed #2005-1098367 Original Promissory Note #17052177, it would not be MGC Mortgage, Inc. as MGC Mortgage, Inc. has no first-hand knowledge of above-mentioned Securities and MGC Mortgage, Inc. has provided in its own documents sent to KLARA GIANNA GALLUSZ that MGC Mortgage, Inc. has no firsthand knowledge of any claim to Security Deed #2005-1098367 Original Promissory Note #17052177; and, MGC Mortgage, Inc. is not on any documents pertaining to above-mentioned Securities; and, MGC Mortgage, Inc. is not a party to any documents pertaining to above-mentioned Security Instrument that MGC Mortgage, Inc. has provided thus far. MGC Mortgage, Inc. has had ample opportunity to prove claim to instruments and has failed to do so.

4.  KLARA GIANNA GALLUSZ does have firsthand knowledge that MGC Mortgage, Inc. did not execute Security Deed #2005-1098367 Original Promissory Note #17052177, with KLARA GIANNA GALLUSZ name on it; and,  to the best of KLARA GIANNA GALLUSZ knowledge, MGC Mortgage, Inc. has never executed any Security Instrument with KLARA GIANNA GALLUSZ name on it; and KLARA GIANNA GALLUSZ has never executed a Promissory Note with MGC Mortgage, Inc. name on it; and, KLARA GIANNA GALLUSZ has never signed contracts nor signed any mortgage loan documents with MGC Mortgage, Inc. regarding Security Deed #2005-1098367 Original Promissory Note #17052177 nor did KLARA GIANNA GALLUSZ execute loan documents for alleged account number #1443600380.

5.  KLARA GIANNA GALLUSZ knows Security Deed #2005-1098367 Original Promissory Note Loan #17052177 is not MGC Mortgage, Inc. account number #1443600380 and MGC Mortgage, Inc. is attempting to deceive KLARA GIANNA GALLUSZ by making KLARA GIANNA GALLUSZ believe that all of the account numbers are one and the same, constituting fraud upon KLARA GIANNA GALLUSZ.

6.  Security Deed #2005-1098367 Original Promissory Note #17052177 is governed by the terms and conditions stated therein, and not subject to change by any person that did not execute and consummate it. MGC Mortgage, Inc. did not execute nor did MGC Mortgage, Inc. consummate the Security Deed #2005-1098367 Original Promissory Note #17052177.

7.  MGC Mortgage, Inc. does not have standing and cannot file a claim on behalf of/and or represent party(s) who may have claim in this matter; and MGC Mortgage, Inc. cannot continue to defraud, deceive and bully KLARA GIANNA GALLUSZ into contracting with MGC Mortgage, Inc. and pay an alleged debt that MGC Mortgage, Inc. has not properly and honorably validated; and, MGC Mortgage, Inc. has been collecting Federal Reserve Notes from KLARA GIANNA GALLUSZ when MGC Mortgage, Inc. is not nor has ever been a party to the Security Deed #2005-1098367 Original Promissory Note #17052177.

8.  KLARA GIANNA GALLUSZ believes Promissory Note Loan #17052177 has been properly indorsed and accepted and performance has been satisfied; and, the Promissory Note Loan #17052177 has been settled and believes the Promissory Note with Loan #17052177 that MGC Mortgage, Inc. claims to have in possession  is a forgery and/or not a true copy; and KLARA GIANNA GALLUSZ has requested an original several times and MGC Mortgage, Inc. has yet to provide a true copy of the front and back of the Promissory Note with Loan #17052177 nor has MGC Mortgage, Inc. provided the Original Promissory Note with Loan #17052177 with a wet ink signature.

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                        Page **12** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th PAGE 12 OF 16

CERTIFIED MAIL NUMBER:     9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

9. *Per UCC 3-305(c) "An obligor is not obliged to pay the instrument if the person seeking enforcement does not have rights of a holder in due course and the obligor proves that the instrument is a lost or stolen instrument." Unless you can present my original note, it is presumed to be a lost or stolen instrument.*
   9.1. *MGC Mortgage, Inc. shall also refer to California Code of Regulations (CCR) that may apply.*
10. *Per UCC 3-302, you are not a holder in due course.*
    *10.1 MGC Mortgage, Inc. shall also refer to California Code of Regulations (CCR) that may apply.*
11. *Per UCC 3-104 and UCC 3-303 regarding negotiable instruments and consideration asserts that the instrument or contract cannot solely impose obligations on the borrower while the issuer has neither signed the document nor undertaken any binding commitment to provide the loan or any consideration.*
    *10.1. MGC Mortgage, Inc. shall also refer to California Code of Regulations (CCR) that may apply.*

***Federal Rules of Evidence 1002 states: "an original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." The Federal Rules of Evidence require that you present the original note, not a copy, all pages, both sides; and, Federal Rules of Evidence 1003 states "a duplicate is admissible to the same extent as the original unless a genuine question is raised about the original authenticity.***

KLARA GIANNA GALLUSZ is questioning the authenticity of the Original Promissory note and is requesting to authenticate the wet ink signature of the Promissory Note Loan #17052177 on behalf of KLARA GIANNA GALLUSZ. The meeting (meet and authenticate) will take place in person; and, in the County of San Diego; and, in the state of California where the Security Deed was recorded and rescinded:

1.1. MGC Mortgage, Inc. shall provide a San Diego County in the State of California based attorney, or document custodian for Klara Gianna Gallusz, the living single woman as Executrix and Beneficiary of KLARA GIANNA GALLUSZ to meet and authenticate Promissory Note Loan #17052177.

1.2. MGC Mortgage, Inc. shall ensure the public and secure meeting place be at the below address as it is in the County in which Security Deed was recorded and rescinded:

   Courtyard San Diego Mission Valley Hotel Circle

   595 Hotel Circle South

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                    Page **13** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 13 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

San Diego, California 92108

1.3. In the next twenty (20) days from receiving this letter MGC Mortgage, Inc. shall provide 3 dates for MGC Mortgage, Inc. or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian. The meet to authenticate must be complete within the next forty-five (45) days from receiving this letter and one of those dates offered must be confirmed by KLARA GIANNA GALLUSZ. KLARA GIANNA GALLUSZ will confirm the date and time with MGC Mortgage, Inc. by writing via U.S.P.S Certified Mail, or KLARA GIANNA GALLUSZ or will send an email provided by MGC Mortgage, Inc. to confirm date of meet and authenticate; and email will be an exception to KLARA GIANNA GALLUSZ request to communicate only through U.S.P.S.

1.4. The meet to authenticate shall start at 2:00pm PST and shall not be more than sixty (60) minutes. MGC Mortgage, Inc. or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian shall not be late else KLARA GIANNA GALLUSZ shall receive remedy in the amount of TEN THOUSAND NO/100 $10,000 for DAMAGES and missed work.

1.5. If the Promissory Note Loan #17052177 with Wet Ink Signature is not provided and/or if MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian cancels or does not show, KLARA GIANNA GALLUSZ shall seek DAMAGES in the amount of ONE HUNDRED NINETY TWO THOUSAND FIVE HUNDRED AND NO/100 $192,500.00 times 3 (treble) for a total of FIVE HUNDRED SEVENTY SEVEN THOUSAND FIVE HUNDRED AND NO/100 $577,500.00; and, CONSPIRACY TO COMMIT FRAUD in the amount of ONE HUNDRED NINETY TWO THOUSAND FIVE HUNDRED AND NO/100 $192,500.00 for a grand total judgement of SEVEN HUNDRED SEVENTY THOUSAND AND NO/100 SIXTY $770,000.00.

1.6. MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian may only have one opportunity to reschedule which shall be scheduled on the next business day of the original scheduled day and at the same time mentioned above or shall be a date specified by KLARA GIANNA GALLUSZ.

1.7. If MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian reschedules, cancels, or no shows, KLARA GIANNA GALLUSZ shall

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                                    Page **14** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 14 of 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

not be responsible for paying MGC Mortgage, Inc. or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian fees and travel expenses and KLARA GIANNA GALLUSZ shall receive remedy in the amount of TEN THOUSAND NO/100 $10,000 for Damages in addition to above-mentioned DAMAGES.

1.8. MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian shall not reschedule after not showing to and shall communicate with KLARA GIANNA GALLUSZ stating MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian plans to reschedule. MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian shall inform KLARA GIANNA GALLUSZ of a need to reschedule five (5) days in advance and may leave an **email message** at klaragianna@gmail.com, simply stating MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian needs to reschedule in which case, the meet to authenticate shall be the next business day of the original scheduled day and at the same time mentioned above or shall be a date specified by KLARA GIANNA GALLUSZ. The email message contact mentioned above shall be an exception to KLARA GIANNA GALLUSZ previously communicated preferred communication methods (U.S.P.S).

1.9. MGC Mortgage, Inc., or MGC Mortgage, Inc.'s attorney or MGC Mortgage, Inc.'s document custodian shall provide an affidavit of truth under penalty of perjury that MGC Mortgage, Inc. has always been in possession of Original Promissory Note.


**KLARA GIANNA GALLUSZ is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any Documents, Alleged Account, Security Instruments, Negotiable Instruments, at law or in equity, all of which rights and remedies are expressly reserved. without recourse.**


By: _____    Date: _____
Klara Gianna Gallusz, Executrix and Beneficiary
For: KLARA GIANNA GALLUSZ

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                    Page 15 of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 15 OF 16

CERTIFIED MAIL NUMBER:    9589 0710 5270 1525 1351 20
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

Cc: CLMG Corp., Attn: Robert A. Ackermann
LPP Mortgage, Inc.
Federal Trade Commission (FTC) Department of Housing
Office of RESPA and Interstate Land Sales
U.S. Department of Housing and Urban Development (HUD), Office of Housing
Office of Federal Housing Enterprise Oversight (OFHEO)

***Notice:*** *Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                )
                                   )    **JURAT / ACKNOWLEDGMENT**
COUNTY OF SAN DIEGO                )

Before me the undersigned, _____ a Notary acting within and for the County of SAN DIEGO and State of CALIFORNIA, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be KLARA GIANNA GALLUSZ, the Woman whose name is subscribed to the within instrument,  to be the identical Woman, found living, alive, well, and without incapacities who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of her firsthand knowledge, understanding, and belief, by her free will and voluntary act and deed by placing her signatures on the foregoing document, executed the within instrument. Given under my hand and seal this _____ day of _____, 2024.

This document has 16 pages total.

_____

Notary signature                                    Seal

_____

Printed Notary name
My commission expires _____

Response to MGC Mortgage, Inc. Letter dated July 11th | received July 15th                Page **16** of 16
Response to MGC Mortgage, Inc. Research Department letter dated July 3rd | received July 15th and
Response to MGC Mortgage, Inc. Loan Servicing Department letters dated July 19th | received July 29th and 30th

PAGE 16 of 16

ATTACHMENT G, L



**Locke**
**Lord** LLP

Attorneys & Counselors

101 Montgomery Street, Suite 1950
San Francisco, CA 94104-4815
Telephone: 415-318-8810
Fax: 415-676-5816
www.lockelord.com

Regina J. McClendon
Direct Telephone: 415-318-8804
Direct Fax: 415-707-2186
rmcclendon@lockelord.com

September 6, 2024

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, California  92110

Re:    Loan Number: 1443600380
Property Address:  3050 Rue D'Orleans #410, San Diego, California  92110

Dear Ms. Gallusz:

As you are aware, my firm represents MGC Mortgage, Inc.   This will acknowledge receipt of your August 6, 2024 correspondence titled "RESPA QUALIFIED WRITTEN REQUEST, TILA REQUEST, DISPUTE OF DEBT AND DEBT VALIDATION LETTER" and your response to my firm's prior correspondence.

Your correspondence purports to be a Qualified Written Request under the Real Estate Settlement Practices Act ("RESPA").   As an initial matter, our review indicates that the correspondence does not constitute a Qualified Written Request ("QWR") within the meaning of RESPA.  Among other reasons, MGC is unable to identify any servicing error based on the information provided in your correspondence.

Requests for information unrelated to servicing do not constitute a QWR under RESPA.  In addition, a servicer is not required to respond to a request for information if it determines that the borrower is seeking duplicative information that was already provided to the borrower, confidential or privileged information, irrelevant information, or overbroad requests for information.  12 C.F.R. § 1024.36(f).

RESPA is not intended to provide borrowers with the ability to conduct an inquisition into the origination of their mortgage loans or to harass their servicers by demanding a laundry list of documents and information unrelated to any belief that there is some error in the accounting for payments made in relation to their mortgage loans.  *See Derusseau v. Bank of America, N..A.*, 2011 WL 5975821 at *4 (S.D. Cal. Nov. 29, 2011) ("broad requests for information related generally to Plaintiff's loan are not covered by [RESPA]"); *Junger v. Bank of America, N.A.*, 2012 WL 603262 at *5 (C.D. Cal. Feb. 24, 2012) ("Under RESPA, a servicer need not respond to an unreasonable request for information unless the plaintiff justifies his or her belief that the account is in error.").  Further, courts have denied liability under RESPA where the written request from the borrower did not relate to the servicing of the loan.  *See Tamburri v. Suntrust Mortg., Inc.*, 875 F.Supp.2d 1009, 1014 (N.D. Cal. June 21, 2012) (a QWR under RESPA "relates only to the

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

138369880v.5

PAGE 1 OF 3

Klara Gianna Gallusz
September 5, 2024
Page 2

servicing of a loan, not to its ownership or validity."). "RESPA is not designed to cover disputes over the ownership and validity of a loan." *Id.*

Aside from the fact that MGC is unable to identify any purported servicing error on this account, your correspondence requests information that is confidential, privileged, irrelevant, and overbroad. Moreover, you have already received much of the information requested herein in response to several prior letters. Attached as **Exhibit A** are copy of correspondence from MGC dated June 6, 2024, including enclosures consisting of the assignment of the deed of trust, ownership change notice, and notice of servicing transfer, as well as correspondence from my office dated July 11, 2024, with enclosures consisting of copies of the Deed of Trust and Note.

Notwithstanding the foregoing, MGC provides the following information and documents:

**Loan Background and Status**

- The loan was by obtained by you on or about December 14, 2005 from American Mortgage Express Financial, in the original principal balance of $192,500.00.
- MGC began servicing the loan effective April 1, 2017. Correspondence advising of the servicing transfer to MGC was previously provided (*see* **Exhibit A**).
- The loan is contractually due for the April 1, 2024 payment and subsequent payments.
- A payment history for the loan is attached as **Exhibit B**.
- The escrow history for the loan is attached as **Exhibit C**.

**Validation of Debt**

- Copies of the following documents concerning the underlying loan have previously been provided to you (*see* **Exhibit A**):
  - Note. As our office previously informed you, MGC and LPP Mortgage, Inc. ("LPP") are unable to provide you with the original "wet-ink" Note for security reasons. However, the original "wet-ink" Note is in LPP's possession.
  - Deed of Trust
  - Assignments of Deed of Trust
  - Notice of Service Transfer
  - Ownership Change Notice
- A payment history is attached as **Exhibit B**.
- A payoff quote is attached as **Exhibit D**.
- A reinstatement quote is attached as **Exhibit E**.
- Any attempt to "dispute" the underlying debt under 15 U.S.C. § 1692g(b) is untimely. Section 1692g(b) of the Fair Debt Collections Practices Act ("FDCPA") provides that a borrower can dispute the validity of a debt and/or request verification of a debt within 30 days of initial contact from the creditor, and that time has elapsed.
- MGC also denies and rejects the characterizations of law and facts set forth in your correspondence. The statements made in your correspondence do not alter or change the nature of the terms of your loan in any way.

138369880v.5

PAGE 2 OF 3

Klara Gianna Gallusz
September 5, 2024
Page 3

**Document and Information Requests Response**

MGC further responds to the 128 "document requests" contained in your purported QWR as follows:

1. MGC declines to provide the documents or information requested for the majority of your requests as they do not concern the servicing of the loan, request confidential and privileged information, and are overbroad. Further, your requests do not relate to any purported servicing error for this loan.
2. MGC provides the recorded assignments at **Exhibit F**.
3. Your requests for accounting, as well as documentation such as cancelled checks and invoices, do not relate to a purported servicing error for this loan. If you believe there is an error as to any fee or charges to this account, or to the arrearages or delinquency amount for this loan, please provide further information. In the meantime, please refer to the enclosed payment history, which includes information regarding suspense/unapplied accounts, escrow history, reinstatement and payoff quote. *See* **Exhibits B-E**.
4. To date, attorneys' fees in the amount of $1,542.50 have been charged to the Loan. The Deed of Trust allows for the charge of attorneys' fees. *See* Deed of Trust, ¶¶ 14, 22. MGC and LPP reserve their rights to seek any future attorneys' fees incurred.
5. To date, the Loan has $775.63 in late fees charged.
6. To date, $60.00 in property inspections have been charged to the Loan. The Deed of Trust allows MGC to collect fees for any property inspections conducted. *See* Deed of Trust, ¶ 14.
7. To date, no BPO fees have been incurred. The Deed of Trust allows MGC to collect fees to obtain a BPO. *See* Deed of Trust, ¶ 14.
8. No lender placed insurance has been obtained for the Property. The Deed of Trust allows MGC to collect premiums should it be required to obtain lender place insurance. *See* Deed of Trust, ¶ 5.

Should the enclosed information not satisfy your inquiry, please feel free to contact my office to discuss further. However, as stated above, MGC is unable to identify any servicing errors based on the information provided in your August 6, 2024 correspondence.

Very truly yours,

Regina J. McClendon

Enclosures

138369880v.5

PAGE 3 OF 3

ATTACHMENT Q

**Klara Gianna Gallusz**
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com

December 2, 2024

Locke Lord LLP
Attn: Regina J. McClendon
101 Montgomery Street, Suite 1950
San Francisco, CA  94104-4815

**Re: Response to November 13, 2024 Correspondence & Demand for Authentication of Original Promissory Note**

Dear Mc McClendon,

I am writing in response to your letter dated November 13, 2024, regarding the alleged loan # 1443600380 and the numerous requests I made to authenticate the original promissory note under California law and the Real Estate Settlement Procedures Act ("RESPA").

In your correspondence, you have once again attempted to redirect my request and offer an inspection of the original promissory note at your office in Dallas, Texas. Let me be absolutely clear: I am willing to meet you at a mutually agreeable time and place to inspect the original promissory note front and back, solely to authenticate my original "wet-ink" signature as part of my legal right to verify the debt and its validity. However, this request is contingent upon the production of the original signed promissory note in its original, unaltered form, and I will not entertain this matter further unless the original signed document is presented.

Further, **California Civil Code § 2924(a)(1)** requires that a party seeking to initiate a foreclosure action must be the "beneficiary" under the deed of trust or a successor in interest to the original lender. If MGC Mortgage, Inc. or LPP Mortgage, Inc. cannot establish their ownership of the original promissory note through the production of that document, they have no legal authority to proceed with foreclosure or any collection actions under California law.

**California Civil Code § 2943** and *Jenkins* reaffirm that if the original promissory note is not provided, the servicer is unable to claim or enforce the debt. The failure to authenticate the debt is a fundamental flaw in their ability to proceed with any further collection efforts, including foreclosure.

If, upon my inspection, you fail to produce the original promissory note containing my "wet-ink" signature, then MGC Mortgage, Inc. / LPP Mortgage, Inc. agree that the entire debt is discharged and nullified, as they have failed to prove that they hold the legal right to claim or enforce any debt against me. As you are fully aware, under California law and the legal principles governing debt collection, without the original signed promissory note, you do not have the standing to continue any collection efforts or foreclosure actions against me. See *Jenkins v. JP Morgan Chase Bank*, 216 Cal. App. 4th 497, 512 (2013), which clearly establishes that a party cannot enforce a debt without presenting the original note.

PAGE 1 OF 2

Should you fail to provide the requested documentation, I will pursue all legal remedies available to me, including but not limited to litigation for damages, penalties, and any other claims arising from your unlawful actions. Additionally, you will be liable for all travel expenses and associated costs incurred by me in attempting to resolve this matter. These costs will include but are not limited to, airfare, lodging, transportation, and any legal fees related to this issue, as **California Civil Code § 1788.30** permits recovery of attorney's fees in cases of unfair debt collection practices.

Furthermore, given the substantial time and resources wasted due to your inability or refusal to authenticate this debt and provide the necessary documentation; for the ongoing waste of time, resources, and unnecessary litigation, which has been caused by your actions, I am seeking damages. The time and effort I have been forced to expend in attempting to resolve this matter, compounded by your failure to produce the original note, constitutes a violation of my rights and warrants compensation. Under **California Civil Code § 1788.30**, failure to validate the debt or produce the original promissory note constitutes a violation of the Rosenthal Fair Debt Collection Practices Act (RFDCPA), and I am entitled to statutory damages. Your inability to provide the required documentation for this debt, as mandated by **California Civil Code § 2924.12** (which governs the foreclosure process), has caused me unnecessary delays and legal expenses. This violation has compelled me to expend time and effort that could have been avoided had you properly authenticated the debt. **Jenkins v. JP Morgan Chase Bank, 216 Cal.App.4th 497, 512 (2013)** further affirms that you have no legal standing to foreclose or pursue collection without proving ownership of the original note, and your failure to do so is an egregious violation of my legal rights. Additionally, **California Code of Civil Procedure § 1021.5** allows for the recovery of attorney's fees and other litigation-related costs when a party is forced to take action to protect their legal rights. Given your failure to provide the required documentation, I reserve the right to seek full compensation for the time and resources I have expended, along with a penalty charge of $192,500 for your continuing violation of my rights.

I trust this matter will be resolved promptly and in compliance with the law. I look forward to your immediate response confirming the availability of the original promissory note. If I do not receive a satisfactory response within 14 days from the date of this letter, I will take all necessary actions to protect my rights and interests.

Sincerely,


By: _____

FOR: KLARA GIANNA GALLUSZ

PAGE 2 OF 2

ATTACHMENT
F, N, O, Q

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5323
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

## FROM THE OFFICES OF
## KLARA GIANNA GALLUSZ
## 3639 MIDWAY DRIVE, UNIT 408
## SAN DIEGO, CALIFORNIA 92110

Date:  January 27, 2024  ← should be 2025 .

MGC Mortgage, Inc. and LPP Mortgage, Inc.
Mortgage Servicing
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945


In the Matter of: KLARA GIANNA GALLUSZ

Property Address: 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110

REF: Alleged Account # 1443600380

Re: **QUALIFIED WRITTEN REQUEST**


Dear MGC Mortgage, Inc., / LPP Mortgage, Inc.:

Please consider this letter as a Qualified Written Request (QWR) pursuant to the Real Estate
Settlement Procedures Act (RESPA), *12 U.S.C. § 2605(e).*

I request the following from MGC Mortgage, Inc/LPP Mortgage, Inc.'s regarding the property
located at 3050 Rue D' Orleans, Unit 410 San Diego, CA 92110:

1. **A certified copy of the note front and back** for loan # **17052177**, and;

2. Documentation of **who the current securitization trustee** is, and;

3. A copy of the **original loan application**, and;

4. A **current statement from MGC Mortgage**, Inc., and;

5. A current **payoff statement** along with an **accounting statement** from MGC
   Mortgage, Inc and/or financial institution.

## RESPA Rights (Qualified Written Requests)

Under the **Real Estate Settlement Procedures Act (RESPA)**, borrowers have the right to make
a **Qualified Written Request (QWR)** to their mortgage servicer for information related to the
servicing of their loan, including a validation of the debt and request detailed information on
their mortgage, including verification of the ownership and servicing of their loan, including the

RESPA QUALIFIED WRITTEN REQUEST
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL; NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.

Page **1** of 4

PAGE 1 OF 4

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5323
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**original note**. While RESPA focuses on servicing issues, it also allows one to raise questions about **fraud**, the legitimacy of the debt, and the party's right to collect. The servicer must answer one's requests fully and accurately.

While it is true that RESPA applies primarily to loan servicing, **12 U.S.C. § 2605(e)**, which governs QWRs, also obligates servicers to correct errors or provide relevant information regarding the loan. Courts have ruled that RESPA requires servicers to respond to requests that aim to clarify information critical to the loan, including ownership and payment details (which often require validation of the note). Case law has also indicated that servicers cannot simply sidestep these requests.

> **Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304 (D. Mass. 2010)**: This case holds that a mortgage servicer must provide proper documentation to validate a debt when requested, and their failure to do so can lead to liability under RESPA.

Please note according to:
*12 U.S.C. § 2605(e)* regarding:
- **Servicing Errors and Fraud**: If fraud is suspected, one can request information about the ownership and transfer of the loan, as this would affect servicing. This might include asking the servicer to verify whether they are a valid holder of the note.
*12 U.S.C. § 2605(k)(1)(D)* regarding:
- **Borrower's Right to Information**: Servicers must respond to **"reasonable requests"** for information related to the "owner or assignee of the loan." This means that the **ownership of the loan** is directly relevant to a borrower's request under RESPA, even if the primary focus of a QWR is loan servicing. Ownership questions directly relate to the servicer's authority to service the loan or foreclose on the property.

**Consumer Financial Protection Bureau (CFPB)**: The CFPB has provided guidelines indicating that servicers must respond to qualified written requests (QWRs) by providing information necessary for validating a debt, which includes essential documents like the original note. Such documents are not confidential under RESPA.

1. • Medrano **v. Flagstar Bank, FSB, 704 F.3d 661 (9th Cir. 2012)**: The court confirmed that a QWR under RESPA can be used to seek information beyond just servicing errors, such as general information about the loan account.
2. • Catalan **v. GMAC Mortgage Corp., 629 F.3d 676 (7th Cir. 2011)**: Clarified that servicers are obligated under RESPA to respond to QWRs that ask for information about loan terms or corrections, including *validation of debts related to the mortgage*.

The requirement for a mortgage servicer to respond properly to a Qualified Written Request (QWR) and the potential for liability if they fail to do so is outlined in the Real Estate Settlement Procedures Act (RESPA), specifically in *12 U.S.C. § 2605(e) and § 2605(f)*.

RESPA QUALIFIED WRITTEN REQUEST
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL; NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.
Page **2** of 4

PAGE 2 OF 4

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5323
NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

3. *12 U.S.C. § 2605(e)*: This section of RESPA mandates that upon receiving a QWR, the mortgage servicer must:
   o Acknowledge receipt of the QWR within five business days.
   o Provide a substantive response within 30 business days, addressing the borrower's concerns or providing the requested information.
   o Accurate accounting of all payments, fees, and the balance of your loan (RESPA, 12 U.S.C. § 2605(e)(2))
4. *12 U.S.C. § 2605(f)*: This section outlines the consequences for a mortgage servicer's failure to comply with the requirements of RESPA:
   o Liability for Damages: If a servicer fails to respond appropriately to a QWR, the borrower may be entitled to actual damages suffered as a result of the servicer's failure.
   o Statutory Damages: In addition to actual damages, the servicer may also be liable for statutory damages up to $2,000 per violation, along with legal fees and cost

**In order to maintain the integrity of your response, I ask that all documents be indexed, numbered and labeled pursuant to this request, specifically, which element of the request that each document(s) or answer fulfills. Please only use USPS mail for your response.**

**KLARA GIANNA GALLUSZ does not waive rights to file subsequent dispositive motions as further egregious violations and information come to be known as appropriate. KLARA GIANNA GALLUSZ is not limiting or waiving any rights or remedies it may now or hereafter have, whether arising under any Documents, Alleged Account, Security Instruments, Negotiable Instruments, at law or in equity, all of which rights and remedies are expressly reserved. Without recourse.**

Thank you for your time,

By: _____    Date:_____

Klara Gianna Gallusz, Executrix and Beneficiary
For: KLARA GIANNA GALLUSZ

RESPA QUALIFIED WRITTEN REQUEST
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL; NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.

Page **3** of 4

PAGE 3 OF 4

CERTIFIED MAIL NUMBER: 7022 0410 0003 3036 5323

NOTICE TO AGENT IS NOTICE TO PRINCIPAL and NOTICE TO PRINCIPAL IS NOTICE TO AGENT

**Notice:** *Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

California State          )

                          )                    **ACKNOWLEDGMENT**

Sacramento County    )

Before me the undersigned, _____ a Notary acting within and for the Sacramento County and California State, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be Klara Gianna Gallusz, the Woman whose name is subscribed to the within instrument, to be the identical Woman, found living, alive, well, and without incapacities who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by placing his signatures on the foregoing document, executed the within instrument. Given under my hand and seal this _____ day of _____, 2025.

This Qualified Written Request has ____ pages total.

_____

Notary signature                               Seal

_____

Printed Notary name

My commission expires _____

RESPA QUALIFIED WRITTEN REQUEST
NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL; NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT.

Page 4 of 4

PAGE 4 OF 4