UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>                              Plaintiff,<br><br>v.<br><br>LLP MORTGAGE, INC. F/K/A LLP MORTGAGE LTD,<br><br>                            Defendant. | Case No.:  25-CV-885 JLS (BLM)<br><br>**ORDER (1) ISSUING ADMINISTRATIVE STAY AND (2) REQUIRING DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

      Presently before the Court is Plaintiff Klara Gianna Gallusz's Emergency Ex Parte Application for Temporary Restraining Order ("TRO," ECF No. 3).  Plaintiff seeks immediate relief in the form of a temporary restraining order ("TRO") enjoining Defendant LLP Mortgage, Inc. f/k/a LLP Mortgage LTD from conducting a non-judicial foreclosure sale of her home, scheduled for April 16, 2025. TRO at 1.  Plaintiff indicates she "made a good-faith tender of payment," "[l]awfully requested verification of authority to foreclose," has been "denied access to critical evidence," and now "faces the loss of her home within 24 hours." *Id.* at 6.  Plaintiff further indicates Defendant "removed this matter from state court two business days before a TRO hearing." *Id.* at 2.

## BACKGROUND

      On April 10, 2024, Plaintiff Klara Gianna Gallusz, appearing pro se, filed a Complaint titled "Verified Petition for Declaratory and Injunctive Relief: Bill in Equity Ex

Parte Hearing for Declaratory Judgment and Injunctive Relief Due to Lack of Article III Standing" in the Superior Court of California for the County of San Diego. Exhibit A to Defendant's Notice of Removal, ECF No. 1-3 ("Compl."). In her Complaint, Plaintiff indicates the real property located at 3050 Rue D Orleans, Unit #410, San Diego, California 92110, is "the subject of a threatened non-judicial foreclosure sale scheduled for April 16, 2025, at 10:30 AM, to take place at the entrance of East County Regional Center, 250 E. Main Street, El Cajon, CA 92020." Compl. at 3.[1] Plaintiff seeks declaratory and injunctive relief, including "a determination of legal rights, and to prevent irreparable harm from unlawful foreclosure." *Id.* Plaintiff argues Defendant lacks standing to "enforce any rights related to a purported mortgage loan concerning" her. *Id.* And Plaintiff contends Defendant failed to "produce the original wet-ink promissory note and has refused to allow inspection or provide a certified copy." *Id.* at 5. Further, per Plaintiff, Defendant has "failed to provide complete, valid, and properly recorded chain of assignments of both the Note and the Deed of Trust." *Id.* Finally, she requests the Court issue a TRO enjoining the April 16, 2025 foreclosure sale. *Id.* at 8.

Additionally, according to Defendant's Notice of Removal, Plaintiff served on Defendant a "Telephonic Notice of Ex Parte for Temporary Restraining Order." *See* ECF No. 1 at 2; *see also* Exhibit B to Defendant's Notice of Removal, ECF No. 1-3 at 23. The Notice indicated that Plaintiff "will appear before the presiding judge at the San Diego Superior Court Central Division Hall of Justice, 330 West Broadway, San Diego, CA 92101 in Department #66 on 4/15/2025 at 8:30 AM to file a verified petition with an emergency ex parte application for restraining order to stop an unlawful foreclosure sale set for 4/16/2024 at 10:30 AM." *Id.* Late on April 14, 2025, Defendant removed this case to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. *See* ECF No. 1.

---

[1] Pin citations in this Order refer to the CM/ECF page numbers stamped across the top margin of each page.

# ANALYSIS

The Court is troubled that Defendant appears to have removed this action to circumvent Plaintiff's filing of an application for temporary restraining order in state court today, regarding a purported Trustee Sale set for tomorrow morning. Moreover, Defendant has provided no response regarding the merits of any such request for temporary restraining order, which is also raised in Plaintiff's underlying Complaint.

The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). The standard for a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

While the court awaits full briefing and argument, it may issue a brief "administrative stay." *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring). An administrative stay "buys the court time to deliberate" when issues are not "easy to evaluate in haste." *Id.* An "[a]dministrative stay[ ] do[es] not typically reflect the court's consideration of the merits," but instead "reflects a first-blush judgment about the relative consequences" of the case. *Id.* Such a stay "freeze[s] legal proceedings until the court can rule on a party's request for expedited relief." *Id.* (quoting Rachel Bayefsky, Administrative Stays: Power and Procedure, 97 Notre Dame L. Rev. 1941, 1942 (2022)). Courts have recognized, "[t]he authority for an administrative stay arises from the All Writs Act and a court's inherent authority to manage its docket." *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 314433, at *2 (D.D.C. Jan. 28,

1  2025) (citing Order, *Texas*, No. 24-CV-306, at 2).

2  Here, given that Defendant appears to have removed this case before Plaintiff, pro se, could file her application for temporary restraining order in state court, and it is now the eve of the date by which Plaintiff alleges she will suffer irreparable harm, the Court determines an administrative stay is appropriate to properly evaluate the merits of Plaintiff's Motion, for which the Court requires a response by Defendant.

The Court is mindful of the disruption this stay may cause to Defendant. However, Defendant had notice that Plaintiff would be seeking emergency relief enjoining an April 16, 2025 foreclosure, yet removed the case to federal court on the evening of April 14, 2025. This effectively created an insurmountable obstacle that thwarted any practical possibility for Plaintiff to seek and obtain her requested relief in a careful and deliberative manner. If Defendant has strong arguments that the foreclosure should proceed, it was free to argue as much before the San Diego Superior Court. Removing the case to federal court at the eleventh hour cannot immunize Defendant from defending its course of action.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that an **ADMINISTRATIVE STAY** is entered in this case. During the pendency of the stay, Defendant **SHALL** refrain from proceeding with the Trustee Sale scheduled for April 16, 2025. In light of Plaintiff's pro se status, and the exigent circumstances of this action, Defendant **SHALL** serve a copy of this Order on Plaintiff and file proof of service with the Court by **5:00 p.m. on April 16, 2025**.

It is further **ORDERED** Defendant **SHALL** respond to Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) by **5:00 p.m. on April 17, 2025.** Defendant must serve said response and file proof of service with the Court by such time.

Plaintiff **MAY** file a reply, if any, to Defendant's response by **5:00 p.m. on April 18, 2025**.

/ / /

/ / /

Upon completion of the briefing in accordance with the above schedule, unless otherwise indicated by this Court, the Court shall decide this Motion on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**IT IS SO ORDERED.**

Dated: April 15, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge