Klara Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gallusz, Pro Se

FILED

APR 1 8 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KLARA GIANNA GALLUSZ

Plaintiff,

vs.

LPP MORTGAGE, INC. F/K/A LPP
MORTGAGE LTD.

Defendant.

) Case No.: **25-CV-885-JLS (BLM)**
)
)
)
)
)
) **PLAINTIFF'S REPLY TO**
) **DEFENDANT'S OPPOSITION**
) **TO EX PARTE APPLICATION**
) **FOR TEMPORARY**
) **RESTRAINING ORDER**
)
)
)
)
)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO EX PARTE
APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**1. INTRODUCTION**

This case presents a constitutional and evidentiary threshold that must be addressed. Can a party invoke the power of the federal judiciary to foreclose on a home without proving that it has the legal right to enforce the debt, as required under Article III of the United States Constitution?

Defendant LPP Mortgage, Inc. removed this case from California state court to federal court. By doing so, it invoked the jurisdiction of a United States District Court, which is

Page 1

limited to hearing actual cases or controversies under Article III, Section 2. That means the party seeking to proceed must demonstrate:

1. A specific, particularized injury in fact

2. That the injury is fairly traceable to the conduct of the opposing party

3. That the injury is likely to be redressed by a favorable decision

See *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *TransUnion LLC v. Ramirez*, 594 U.S. ___ (2021)

To date, LPP has not submitted any admissible evidence that it suffered a specific, particularized injury arising from Plaintiff's alleged debt. It has not produced the original promissory note. It has not established a complete and verified chain of title. It has not allowed inspection of the enforceable instrument. Instead, it relies on heavily redacted documents and unauthenticated declarations, none of which satisfy the requirements of Article III, the Uniform Commercial Code, or California foreclosure statutes.

Defendant repeatedly cites state law as though it overrides the Constitution. It does not. This is not a state trustee sale. This is a federal judicial proceeding, governed by the Constitution and the Federal Rules of Evidence. LPP cannot selectively use state rules to bypass its burden while ignoring the federal standards that now apply.

Under Article VI, Clause 3 of the United States Constitution, all judicial officers, both state and federal, are required to take an oath to support the Constitution. That includes this Court and all attorneys who appear before it. No state statute may be used to override or circumvent constitutional rights, including Article III standing, due process, or the right to challenge any action that threatens to deprive a person of property without lawful authority. This Court is constitutionally and ethically obligated to apply the law faithfully, to protect those rights, and to reject arguments that misapply state law to avoid

constitutional scrutiny.

Plaintiff does not bring these claims based on ideology or obstruction. This is a straightforward demand for compliance with the Constitution. If LPP holds the original note, it should produce it and allow for inspection. If it cannot, it does not have standing, and the foreclosure must be halted.

**2. ARTICLE III STANDING IS A CONSTITUTIONAL THRESHOLD**

Federal courts may only hear actual "cases" or "controversies" under Article III, Section 2 of the United States Constitution. This is not a procedural formality. It is a jurisdictional limitation on the Court's power. A party must establish standing before the Court can reach the merits of any claim or defense.

To meet the constitutional requirement for standing, three elements must be satisfied:

1. Injury in fact – a specific, concrete, and particularized harm that is actual or imminent, not conjectural or hypothetical

2. Causation – the injury must be fairly traceable to the conduct of the opposing party

3. Redressability – it must be likely that a favorable decision will redress the injury

See *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *TransUnion LLC v. Ramirez*, 594 U.S. ___ (2021).

"No concrete harm, no standing." — *TransUnion*

Although standing is typically raised in reference to a plaintiff initiating suit, it applies equally to any party invoking the authority of a federal court. LPP chose to remove this case from state court and is now asking this Court to recognize and enforce its claimed right to foreclose. In doing so, it must establish standing under federal constitutional standards.

LPP must demonstrate, with competent evidence, that it has suffered a specific,

particularized injury that can be redressed by this Court. This requires proof of a legally enforceable interest in the promissory note. It is not enough to assert possession or to file declarations claiming authority. Assertions are not evidence. Standing must be proven by admissible documentation showing that LPP is the party entitled to enforce the note under law.

Standing must also be maintained throughout the litigation. It is not frozen at the time of removal or filing. If a party cannot demonstrate standing at any stage, the court lacks subject matter jurisdiction and must dismiss. See *Durfee v. Duke*, 375 U.S. 106 (1963); *Ex parte McCardle*, 74 U.S. 506 (1868).

Here, LPP has not presented admissible evidence that it holds the original note or has a legal right to enforce it. Without this proof, LPP cannot meet the injury requirement under Article III, and this Court cannot proceed further.

**3. POSSESSION OF THE ORIGINAL NOTE IS REQUIRED TO ENFORCE**

To lawfully enforce a promissory note, a party must either be:

1.  The holder of the instrument, in actual possession of the original note endorsed to them or in blank,

    or

2.  A non-holder in possession of the instrument who can prove they are entitled to enforce it through proper legal transfer.

See UCC § 3-301; see also California Commercial Code § 3301.

Mere claims of servicing, agency, or assignment are not enough. The original, wet-ink note is the core evidence of enforcement authority. Without it, there is no enforceable debt and

no standing to foreclose.

In *Carpenter v. Longan*, 83 U.S. 271 (1872), the United States Supreme Court held:

"The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the mortgage without the note is a nullity."

That principle remains controlling. The note is the debt. The deed of trust is only security for the debt. If the party initiating foreclosure does not possess the note, or cannot prove it is entitled to enforce the note, then it cannot claim any interest in the deed.

Here, LPP has failed to produce the original note. It has not allowed Plaintiff to inspect it. It has not shown a single endorsement from the original lender (AMEF) to LPP, nor an unbroken chain of custody. It has not filed any affidavit from a custodian of records. Instead, LPP relies on self-generated declarations and copies of redacted documents that are neither authenticated nor admissible.

Possession is not presumed. It must be proven. And when a party seeks to take someone's home by claiming authority under a negotiable instrument, the law does not allow shortcuts. The requirement to produce the original note is not technical. It is foundational. If LPP does not have the original note, endorsed in its favor or otherwise legally enforceable under the UCC, then it has no right to foreclose, no standing in this Court, and no basis to deprive Plaintiff of her home.

## 4. THE ENDORSEMENT PAGE IS LEGALLY INSUFFICIENT

Defendant submits a separate page purporting to be an endorsement from *Countrywide Bank, N.A.* to *LPP Mortgage Ltd.*, stamped "WITHOUT RECOURSE." However, this page fails to meet the minimum legal requirements for authentication, admissibility, or enforceability.

- The page is not dated;

- It is not affixed to the promissory note, in direct violation of UCC § 3-205(a), which requires endorsements on the instrument or on a paper "firmly affixed" to it;

- There is no endorsement from AMEF, the original lender;

- The page is redacted, obscuring account or loan identifiers, which makes it impossible to confirm that this page relates to Plaintiff's loan;

- There is no affidavit from a custodian of records or from the alleged signer, *Maria Belle Dedonia*, verifying the document's authenticity or its role in the transaction.

Because the endorsement appears only in a redacted PDF, there is no way to verify the signature, chain of custody, or whether this document was part of the original note at all. Under FRE 1002 and FRE 901, this fails both the best evidence rule and the authentication standard. A redacted scan is not evidence. It is a representation of a claim, not proof. Moreover, as a copy submitted without a custodian declaration or business records foundation, this document constitutes hearsay under FRE 801 and fails to meet any exception under FRE 803(6). The Court may not admit it to prove the truth of the claimed endorsement or chain of title.

In *Horace v. LaSalle Bank, N.A.*, 2011 WL 310178 (M.D. Ala.), the court rejected a loose endorsement page because there was no evidence it had been affixed to the note or properly transferred. The same applies here.

This endorsement page could be the back of any document. It is unauthenticated, unverified, and inadmissible. Without a valid, affixed endorsement or direct transfer from AMEF, the Defendant cannot prove it is a holder in due course or enforceable party under UCC § 3-301. The break in the chain is fatal to enforcement.

## 5. MERS CANNOT ASSIGN WHAT IT DOES NOT OWN

Defendant relies heavily on assignments initiated by Mortgage Electronic Registration Systems, Inc. (MERS) to support its alleged authority to enforce the promissory note. This reliance is legally unsound. MERS cannot transfer what it never owned.

According to MERS's own contractual documents:

"MERS is not a mechanism to transfer interest in mortgage loans."
— *MERS Membership Agreement, Section 7*

This admission is fatal. MERS acts only as a nominal beneficiary or nominee. It does not originate loans, does not hold promissory notes, and does not have any beneficial interest in the underlying debt. Therefore, it cannot assign the note or confer enforcement rights to any third party.

The law is clear. A valid assignment requires that the assignor possess legal interest in the thing assigned. MERS's self-declared role as a nominee does not confer ownership or the ability to transfer ownership.

Courts across the country have repeatedly confirmed this:

- *In re Agard*, 444 B.R. 231 (Bankr. E.D.N.Y. 2011):
  MERS lacked authority to assign a note because it was never the noteholder or beneficiary.

- *Landmark Nat'l Bank v. Kesler*, 216 P.3d 158 (Kan. 2009):
  MERS has no right to act as a beneficiary because it has no financial interest in the mortgage.

- *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619 (Mo. Ct. App. 2009):
  A transfer by MERS was void because MERS had no right to assign the promissory note.

The United States Supreme Court addressed this issue in *Carpenter v. Longan*, 83 U.S. 271 (1872):

"The note and mortgage are inseparable. The mortgage is a mere incident to the debt, and

cannot be assigned independently of it."

If MERS never held the note, and it did not, then any assignment initiated by MERS is void. That breaks the chain of title. Defendant cannot enforce the deed of trust if it cannot prove it holds the note or received a valid assignment from a party that did.

Without a valid assignment of both the note and the security, LPP cannot meet the enforcement standard under UCC § 3-301 or the beneficiary requirement under California Civil Code § 2924(a)(1). Its claim to authority is built on a document that, by its own terms, transfers nothing.

## 6. THE ORIGINAL NOTE HAS NOT BEEN PRODUCED

Defendant has not produced the original promissory note. It submitted a redacted PDF copy with no affidavit, no certification, and no verification that the document is what it claims to be.

That is not evidence. That is hearsay.

Under the law:

- FRE 1002 requires the original document when the contents are in dispute
- FRE 901 requires authentication through testimony or certification by someone with personal knowledge
- UCC § 3-301 allows enforcement of a note only by a party in possession of the original or one with proven enforcement rights

Defendant has met none of these requirements.

It refuses to allow inspection. It has not filed a declaration from a custodian of records. No party has sworn under penalty of perjury that the document they submitted is the original enforceable instrument.

LPP wants this Court to focus on the picture of a cast. But that is not proof of injury. The X-ray is. The original promissory note is the X-ray, and LPP refuses to produce it. This is not a technicality. The note is the contract. If LPP cannot produce it, it cannot enforce it.

Until it is produced and verified, there is no standing, no enforcement authority, and no legal basis for this foreclosure.

## 7. REDACTIONS BLOCK DUE PROCESS

Defendant's key documents are extensively redacted. Critical information has been blacked out, including:

- MERS MIN numbers

- Loan account numbers

- Endorsement stamps

- Assignment references and dates

These redactions obstruct Plaintiff's ability to verify whether the documents actually relate to her loan. The redacted PDFs lack all of the information needed to match the note and associated records to this case. Under FRE 901, evidence must be authenticated by showing that it is what the party claims it is. With redactions concealing the most essential identifying details, this standard cannot be met.

The redactions also violate Plaintiff's constitutional right to due process. The right to a fair hearing includes the opportunity to examine, challenge, and respond to the evidence offered against one's interests. When Defendant submits redacted documents and refuses to allow inspection of the original, it deprives Plaintiff of any meaningful opportunity to contest the foreclosure.

The *Sassine Declaration Exhibits* highlight these problems. The PDF offered as the "note" contains no visible loan number, no MERS ID, and no direct reference to Plaintiff's account. The so-called endorsement page is on a separate sheet, not affixed, not dated, and not verified by any declarant or notary. There is no affidavit from a custodian of records and no business records declaration under FRE 803(6). The PDF is a copy of a copy, unsupported by sworn testimony. That is hearsay, not evidence.

Signature verification is impossible in a PDF. Without the original, there is no way to confirm whether the signature is real, fabricated, or associated with this loan. There is no evidentiary chain and no legal basis to rely on this submission to justify property seizure. Redacted, unauthenticated documents cannot serve as the basis for a foreclosure. A homeowner cannot defend against hidden facts. Plaintiff is not asking for special treatment. She is asking for the law to be followed. A party seeking to take a home must show the evidence. Until then, there is nothing to defend against and no legal claim to enforce.

## 8. "SOVEREIGN CITIZEN" ACCUSATION IS FALSE AND IMPROPER

Defendant attempts to discredit Plaintiff's arguments by labeling them as "sovereign citizen theory." This accusation is false, misleading, and wholly inappropriate in a federal court.

Plaintiff's legal position is grounded in established authority, including:

- U.S. Constitution Article III, requiring standing in federal court
- UCC §§ 3-301 and 3-205, defining who may enforce negotiable instruments
- California Civil Code §§ 2924 and 2943, governing foreclosure and debt validation
- Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016), confirming the

right of borrowers to challenge void assignments

These are mainstream legal arguments, not fringe ideology.

To falsely characterize Plaintiff's position as "sovereign citizen theory" is not only factually incorrect, it is dangerously prejudicial. The term "sovereign citizen" is not a neutral label. The Federal Bureau of Investigation (FBI) and the U.S. Department of Homeland Security have publicly classified sovereign citizen extremists as part of the domestic terrorism threat landscape in the United States.

Such accusations carry serious implications. Associating a litigant with extremism based solely on their invocation of constitutional and statutory protections risks unfairly prejudicing the Court, undermining due process, and chilling protected legal advocacy. It borders on defamation.

Moreover, Rule 8.4(c) of the California Rules of Professional Conduct prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. Rule 8.4(d) prohibits conduct that prejudices the administration of justice. Using inflammatory and false labels to avoid answering legitimate constitutional challenges violates the spirit, if not the letter, of those duties.

Plaintiff is not asserting any fringe ideology. She is demanding that the party seeking to take her home prove that it has the legal authority to do so. That is not a theory. That is the rule of law.

Rebuttal: The accusation of "sovereign citizen theory" is an attempt to divert attention away from the Defendant's failure to meet basic constitutional and evidentiary burdens. Plaintiff's reliance on Article III standing, the Uniform Commercial Code, and state foreclosure statutes is firmly rooted in binding authority and long-standing precedent. No

party should be permitted to avoid legal scrutiny by mischaracterizing constitutional claims as ideological. The Court must decide this case based on law and admissible evidence, not labels or innuendo.

**9. DEFENDANT'S EVIDENCE IS INADMISSIBLE HEARSAY**

Every key document Defendant relies on fails to meet the basic requirements for admissibility. None of it is competent evidence under federal rules.

- The "note" is a redacted PDF copy. It is not the original. It is not accompanied by any affidavit, declaration, or custodian certification. It cannot be authenticated under FRE 901, and it violates the Best Evidence Rule under FRE 1002.

- The endorsement page is hearsay. It appears on a separate sheet, is not affixed to the note as required by UCC § 3-205, and is not dated, signed under penalty of perjury, or tied to this specific transaction. There is no way to verify it without the original instrument.

- No declaration from a custodian of records was submitted. Without that foundation, none of the PDFs or business records fall under the hearsay exception of FRE 803(6).

- The Request for Judicial Notice (RJN) includes public records, but judicial notice only applies to the existence of recorded documents, not to the truth of their contents. See *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Defendant cannot use the RJN to bypass authentication or hearsay rules.

- The Sassine and McClendon declarations are self-serving and lack foundation. Sassine makes sweeping claims about LPP's ownership but offers no firsthand knowledge of the origination, transfer, or chain of custody of the note. McClendon

offers fee estimates and attorney posturing, not evidence of ownership or enforcement rights.

Courts do not allow hearsay, redacted exhibits, or unauthenticated PDFs to serve as the basis for foreclosure. Especially when the consequence is the seizure of a person's home, due process and evidentiary standards are not optional.

If Defendant cannot produce the original, wet-ink note; if it cannot submit admissible evidence proving its enforcement rights under UCC § 3-301; and if its documents fail the basic standards of authentication, then it has no standing and no claim.

**10. PLAINTIFF SATISFIES THE RULE 65 STANDARD FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff has met all four elements required under Federal Rule of Civil Procedure 65(b) for issuance of a Temporary Restraining Order:

Likelihood of Success on the Merits:

Plaintiff is likely to succeed on the merits because Defendant LPP Mortgage Ltd. Has repeatedly failed to establish legal standing in foreclosure proceedings across multiple jurisdictions. Courts in New York, Illinois, Alabama, and Oklahoma have dismissed LPP's foreclosure actions for failure to produce a valid note, prove assignment, or demonstrate standing. See, e.g., *LPP Mortgage Ltd. v. Sabine Properties*, 2010 NY Slip Op 32367(U) (failure to show assignment); *LPP Mortgage Ltd. v. Boutwell*, 36 So. 3d 86 (Ala. 2009) (no privity or proof of assignment); *LPP Mortgage Ltd. v. Hartzell*, No. 08-1303 (Ill. App. Ct. 2008) (lack of standing due to assignment issues); *LPP Mortgage Ltd. v. Shelton*, 2019 OK CIV APP 50, 446 P.3d 1060 (emphasis on proper documentation to establish standing). In this case, LPP once again fails to produce a complete and properly endorsed note or any admissible evidence of a valid assignment. This repeated pattern of misconduct

demonstrates that Plaintiff's claims are not only plausible but strongly supported by precedent. Defendant has also submitted redacted and unauthenticated documents, failed to produce the original note, and has not established standing under Article III or UCC § 3-301. Plaintiff's legal position is grounded in binding constitutional and commercial law.

## 11. CONCLUSION

Defendant has failed to meet the legal requirements necessary to foreclose on Plaintiff's property. Specifically, Defendant has:

- Not produced the original, wet-ink promissory note as required by Federal Rule of Evidence 1002
- Not proven possession of the note or submitted a valid chain of endorsements under UCC section 3-301
- Not authenticated any document under Federal Rule of Evidence 901, and has not submitted a custodian declaration or testimony from a qualified witness
- Not overcome the constitutional threshold required for standing under Article III
- Not rebutted Plaintiff's core claims, which are grounded in the United States Constitution, the Uniform Commercial Code, and California foreclosure law

Any party that seeks to take possession of someone's home must come forward with clear, admissible, and legally sufficient evidence. Redacted PDFs, unsupported declarations, and internal claims are not enough. The Constitution and the rules of evidence require more, especially when a person's property rights and due process protections are at risk.

Therefore, Plaintiff respectfully requests that the Court:

1. Grant the Temporary Restraining Order to stop the foreclosure until legal authority is proven

2.   Compel production of the original promissory note for inspection and verification

3.   Exclude redacted, unauthenticated, and hearsay exhibits submitted by Defendant

4.   Set a hearing on a preliminary injunction and permit expedited discovery related to
     standing, note enforcement, and chain of title

Plaintiff is not refusing to meet legal obligations. Plaintiff is requesting that the law be
followed. The burden is on Defendant to prove it has the right to enforce the note. Until
that is done, no foreclosure should be permitted.

Dated: April 18, 2025

Respectfully submitted,

Klara Gianna Gallus

Klara Gianna Gallus
*Pro Se Plaintiff*

Page  15

# CERTIFICATE OF SERVICE

**Re: Plaintiff's Reply to Defendant's Opposition to Ex Parte Application for Temporary Restraining Order**

I, Klara Gianna Gallusz, hereby certify under penalty of perjury that on the date set forth below, I served the attached 'Plaintiff's Reply to Defendant's Opposition to Ex Parte Application for Temporary Restraining Order', via email, addressed to the following recipient:

1. Troutman Pepper Locker LLP
Regina J. McClendon (SBN 184669)
Email: regina.mcclendon@troutman.com
Attorney for Defendant
LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.


Executed on this 18th day of April, 2025.


Respectfully submitted,

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com

Page  1