UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KLARA GIANNA GALLUSZ, Plaintiff, v. LLP MORTGAGE, INC. F/K/A LLP MORTGAGE LTD, Defendant. | Case No.: 25-CV-885 JLS (BLM) **ORDER:** **(1) DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND** **(2) LIFTING ADMINISTRATIVE STAY** (ECF No. 3) |
|---|---|

Presently before the Court is Plaintiff Klara Gianna Gallusz's ("Plaintiff") Emergency *Ex Parte* Application for Temporary Restraining Order ("Appl.," ECF No. 3), along with an attached Memorandum of Points and Authorities ("Mem.," ECF No. 3-1) and Declaration of Plaintiff in support of her Application ("Gallusz Decl.," ECF No. 3-2). Plaintiff seeks immediate relief in the form of a temporary restraining order ("TRO") enjoining Defendant LLP Mortgage, Inc. f/k/a LLP Mortgage LTD ("Defendant") from conducting a non-judicial foreclosure sale of her home, which was—when she filed her TRO Application—scheduled for the next day, April 16, 2025. Appl. at 1.

On April 15, 2025, the Court issued an administrative stay of the April 16, 2025 Trustee Sale and directed Defendant to respond to Plaintiff's TRO Application by

1  5:00 p.m. on April 17, 2025. *See* ECF No. 6 ("Order"). The Court also ordered Defendant
2  to serve a copy of its Order on Plaintiff, as well as any opposition it filed, and permitted
3  Plaintiff to file a reply to Defendant's opposition by 5:00 p.m. on April 18, 2025. *Id.*

4      Defendant subsequently filed its Opposition ("Opp'n," ECF No. 8), and Declaration
5  of Melissa Sassine in support of its Opposition ("Sassine Decl.," ECF No. 8-2). Plaintiff
6  then filed her Reply ("Reply," ECF No. 10), followed by a Supplemental Declaration in
7  support of her Application ("Suppl. Gallusz Decl.," ECF No. 11).

8      After due consideration and for the reasons stated below, the Court **DENIES**
9  Plaintiff's TRO Application.

10                          **BACKGROUND**

11      On April 10, 2025, Plaintiff Klara Gianna Gallusz, appearing pro se, filed a
12  Complaint titled "Verified Petition for Declaratory and Injunctive Relief: Bill in Equity Ex
13  Parte Hearing for Declaratory Judgment and Injunctive Relief Due to Lack of Article III
14  Standing" in the Superior Court of California for the County of San Diego. Exhibit A to
15  Defendant's Notice of Removal, ECF No. 1-3 ("Compl."). In her Complaint, Plaintiff
16  indicates the real property located at 3050 Rue D Orleans, Unit #410, San Diego, California
17  92110 (the "Property"), is "the subject of a threatened non-judicial foreclosure sale
18  scheduled for April 16, 2025, at 10:30 AM, to take place at the entrance of East County
19  Regional Center, 250 E. Main Street, El Cajon, CA 92020." Compl. at 2. Plaintiff seeks
20  declaratory and injunctive relief, including "a determination of legal rights, and to prevent
21  irreparable harm from unlawful foreclosure." *Id.*

22      On April 14, 2025, Defendant removed this case to this Court pursuant to 28 U.S.C.
23  § 1441 on the basis of diversity jurisdiction. *See* ECF No. 1. Plaintiff then filed the instant
24  Application for Temporary Restraining Order.

25                          **LEGAL STANDARD**

26      Federal Rule of Civil Procedure 65(b) governs the issuance of a TRO. The standard
27  for a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l*
28  *Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either

a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Although a plaintiff seeking a TRO or preliminary injunction must make a showing on each element, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Under this approach, a court may issue a TRO or preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotation marks omitted). Generally, a TRO is considered "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

## ANALYSIS

The crux of Plaintiff's lawsuit is based on her theory that Defendant lacks "Article III standing . . . to enforce any rights" related to the mortgage loan concerning her purported real property at 350 Rue D Orleans, Unit #410, San Diego, California 92110. Compl. at 2. She alleges Defendant failed to satisfy Article III standing because it has not produced "the original wet-ink promissory note and has refused to allow inspection or provide a certified copy." *Id.* at 4. Additionally, she argues Defendant has "failed to provide a complete, valid, and properly recorded chain of assignments of both the Note and the Deed of Trust." *Id.* She asserts causes of action for "Declaratory Relief" and "Injunctive Relief." *Id.* at 6.

In her Memorandum of Points and Authorities supporting her TRO Application, Plaintiff asserts there is a "strong likelihood of prevailing based on constitutional violations including due process, lack of lawful debt validation, and misapplication of foreclosure

procedures under California and federal protections." Mem. at 2. Defendant, in turn, argues that Plaintiff is unlikely to succeed on the merits as her claims will fail as a matter of law.[1] Opp'n at 7. Plaintiff's Reply reiterates that Defendant has not "produced the original, wet-ink promissory note as required by Evidence 1002 . . .[,] proven possession of the note or submitted a valid chain of endorsements under UCC section 3-301 . . .[,] overcome the constitutional threshold required for standing under Article III . . . [, nor] rebutted Plaintiff's core claims, which are grounded in the United States Constitution, the Uniform Commercial Code, and California foreclosure law." Reply at 14.

The Court finds Plaintiff has not shown a "likelihood of success on the merits." *Winter*, 555 U.S. at 20. First, Plaintiff is unlikely to succeed on either her injunctive relief or declaratory relief causes of action because declaratory relief and injunctive relief are remedies rather than standalone claims. *See Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219–20 (S.D. Cal. 2012) (dismissing with prejudice claim for declaratory relief because "[d]eclaratory relief is not an independent cause of action, but instead a form of equitable relief" (citation omitted)); *Jones v. ABN AMRO Mortg. Grp., Inc.*, 551 F. Supp. 2d 400, 406 (E.D. Pa. 2008) (similar), *aff'd*, 606 F.3d 119 (3d Cir. 2010); *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1205 (S.D. Cal. 2010) ("Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action." (quoting *Cox Commc'n PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002)).

Further, Defendant does not need to have Article III standing to non-judicially foreclose as Article III applies to a plaintiff's standing to bring a lawsuit. *See e.g., Spokeo,*

---

[1] Defendant also requests the Court take judicial notice of a deed of trust and five assignments of the deed of trust, two grantor deeds, a substitution of trustee, notice of default, and notice of trustee's sale, all recorded in the San Diego County Recorder's Office. *See* Defendant's Request for Judicial Notice ("RJN"), ECF No. 8-11. Plaintiff appears to challenge this request. *See* Reply at 12 ("The [RJN] includes public records, but judicial notice only applies to the existence of recorded documents, not to the truth of their contents [citation omitted]. Defendant cannot use the RJN to bypass authentication or hearsay rules."). In any event, as the Court does not rely on these documents in reaching its conclusion below, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 11).

*Inc. v. Robins*, 578 U.S. 330, 338 (2016). Moreover, "[u]niformly among courts, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required." *Roque v. Suntrust Mortg., Inc.,* No. C-09-00040 RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010) (citing *Putkkuri v. Recontrust Co.,* No. 08cv1919 WQH (AJB), 2009 WL 32567, 2 (S.D. Cal., 2009)); *see also Brewer v. Wells Fargo Bank, N.A.*, No. 16-cv-02664-HSG, 2017 WL 1315579, at *4 (N.D. Cal. Apr. 6, 2017) (holding that since "the foreclosing beneficiary-creditor need not produce the promissory note or otherwise prove it holds the note to nonjudicially foreclose on a real property security . . . [i]t follows that . . . Plaintiff[] cannot prospectively enjoin a foreclosure based on the purported violation of not producing the Note" (citations and internal quotation marks omitted)).

And Plaintiff may not "simply seek[] the right to bring a lawsuit to find out *whether*" Defendant has authority to proceed with the foreclosure. *Gomes v. Countrywide Home Loans*, *Inc.*, 121 Cal. Rptr. 3d 819, 825 (Cal. Ct. App. 2011) (emphasis in original). Instead, Plaintiff must, at minimum, provide a "*specific factual basis* for alleging the foreclosure was not initiated by the correct party." *Id.* (emphasis in original); *see also Brewer*, 2017 WL 1315579, at *3 (holding that courts "must consider whether Plaintiffs have alleged a 'specific factual basis' for challenging Defendants' authority to initiate the foreclosure"). As Plaintiff has not provided such specific factual basis here, and instead appears to seek the "determination of legal rights," Compl. at 2, the Court finds Plaintiff has not shown a likelihood of success on the merits.[2]

---

[2] The Court notes Defendant argues preemptive lawsuits challenging a beneficiary's right to foreclose on a deed are categorically banned under *Jenkins v. JP Morgan Chase Bank, N.A.*, 156 Cal. Rptr. 3d 912, 924–26 (Cal. Ct. App. 2013), *disapproved on other grounds by Yanova v. New Century Mortgage Corp.*, 366 P.3d 845, 858 (Cal. 2016)). Opp'n at 11. The court in *Jenkins* held that plaintiffs lack standing to bring preemptive claims against foreclosures "challeng[ing] the right, power, and authority of a foreclosing 'beneficiary' or beneficiary's 'agent' to initiate and pursue foreclosure." 156 Cal. Rptr. 3d at 924. However, other district courts, noting that the question of borrower standing in the pre-foreclosure context has been thus far unanswered by the California Supreme Court, have held the California Supreme Court will likely limit *Jenkins* to block only those pre-foreclosure challenges that "lack any 'specific factual basis' for bringing their claims." *Lundy v. Selene Fin., LP*, No. 15-cv-05676-JST,

Next, Plaintiff appears to raise additional claims in her TRO Application that were not included in her Complaint. Her Complaint, as stated above, contains only causes of action for declaratory relief and injunctive relief, and challenges Defendant's standing to foreclose if Defendant "fails to establish lawful enforcement rights." Compl. at 6–7. But Plaintiff's TRO Memorandum makes allegations against Defendant for failing to respond in good faith to "lawful tender," that purportedly took place after the Complaint, failing to "verify" the debt, "constitutional violations including due process," and "misapplication of foreclosure procedures under California and federal protections." Mem. at 2. And Plaintiff's TRO Application and attached supporting Declaration seem to suggest violations of the Real Estate Settlement Procedures Act ("RESPA") based on MGC Mortgage Inc.—Defendant's loan servicer's—responses to Qualified Written Requests ("QWRs"), as well as possible claim(s) involving "UCC presentment demands." Gallusz Decl. ¶¶ 5–6; *see also* Appl. at 2–3.

But Plaintiff does not demonstrate how she can prevail on any claim resting on these allegations. For instance, she does not explain how her purported offer, made apparently hours before filing her TRO Application, without providing any funds, and conditioned on receiving the original promissory note for inspection, *see* Gallusz Decl. ¶ 7, constitutes "lawful tender," and under what authority this Court may grant her relief. Without further elaboration on this claim, it is not clear to the Court there is a "sufficient nexus between the claims raised in [the] motion for injunctive relief and the claims set forth in the underlying complaint itself." *Bruno v. Potts*, No. 17-CV-07225-YGR, 2018 WL 3207908, at *2 (N.D. Cal. June 29, 2018); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an

---

2016 WL 1059423, at *13 (N.D. Cal. Mar. 17, 2016); *see Brewer*, 2017 WL 1315579, at *3 (adopting *Lundy* and collecting cases). For the purposes of this TRO Application, the Court need not reach this debate, as even if the Court adopted the reasoning in *Lundy*, Plaintiff still fails to demonstrate a "specific factual basis" for challenging Defendant's authority to foreclose.

1  injunction.").

2       Moreover, Plaintiff does not explain why she believes the debt was not "verified," what foreclosure procedures were misapplied, nor how her constitutional rights were violated. And California federal courts do not apply the Uniform Commercial Code ("UCC") to non-judicial foreclosures. *Caovilla v. Wells Fargo Bank, N.A.*, No. 13–cv–1003 JSC, 2013 WL 2153855, at * 4 (N.D. Cal. May 16, 2013); *see also Padayachi v. IndyMac Bank,* No. C 09-5545 JF (PVT), 2010 WL 4367221, at *3 (N.D. Cal. Oct. 28, 2010) ("Although Article 3 of the UCC governs negotiable instruments, it does not apply to nonjudicial foreclosure under deeds of trust."). Nor can Plaintiff's TRO Application be premised on her claim under RESPA, "because injunctive relief is not available under RESPA." *Anderson v. Cent. Mortg. Co.*, No. 13-CV-3180-MMA (DHB), 2014 WL 12496550, at *3 (S.D. Cal. Jan. 15, 2014) (quoting *Rivera v. BAC Home Loans Servicing, L.P.*, No. C10-02429 RS, 2010 WL 2757041, at *4–5 (N.D. Cal. Jul. 9, 2010), where the court concluded that RESPA claims could not stop a foreclosure because RESPA did not have as a remedy injunctive relief).

     Accordingly, the Court finds Plaintiff has failed to demonstrate a likelihood of success or raise serious questions going to the merits. And "in the absence of a likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO." *Michener v. Wells Fargo Home Mortg.*, No. C 12–2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012).

     Moreover, the Court finds that the balance of hardships tips in Defendant's favor, as the evidence suggests Plaintiff has not made a payment in over a year and has instead engaged in various activities to avoid this obligation, such as submitting a check that was determined to be fraudulent. *See* Sassine Decl. ¶¶ 27–33. Given such circumstances, granting an injunction at this stage of the foreclosure proceedings on the basis of Plaintiff's current allegations would impose inequitable costs and unjustified delay on Defendant. *See Wilson v. Wells Fargo Bank*, No. C 11-03394 CRB, 2011 WL 3443635, at *3 (N.D. Cal. Aug. 5, 2011) ("[E]quity does not favor allowing Plaintiffs to avoid foreclosure having

ceased making payments of any kind to anyone."); *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1210 (E.D. Cal. 2013) ("[T]he balance of equities weighs in defendants' favor as the record suggests that plaintiffs may have unauthorized access to the property without payment of outstanding amounts owed and seek to delay foreclosure to extend their possession of the property."); *Haffeman v. Wells Fargo Bank, N.A.*, No. 12CV00046 BTM WVG, 2012 WL 827034, at *5 (S.D. Cal. Mar. 9, 2012) ("Defendant . . . has not collected mortgage payments on the Property for over a year and a half.  Thus, the balance of the equities does not tip sharply in favor of Plaintiffs.").

Finally, "[w]ithout a likelihood of success on the merits and with the equities balanced against [Plaintiff], issuing a preliminary injunction to stop the foreclosure goes against the public interest of affording relief to those deserving security on a defaulted loan." *Wilson*, 2011 WL 3443635, at *3.

In sum, as Plaintiff has failed to demonstrate a likelihood of success on the merits and the equities and public interest are balanced against her, the Court finds she has failed to satisfy either of the tests necessary for the issuance of a TRO in the Ninth Circuit.  For this reason, the Court **DENIES** Plaintiff's TRO Application (ECF No. 3).  Consequently, the previously ordered administrative stay pending briefing by the Parties (ECF No. 6) is **LIFTED**.

The Court notes Plaintiff asserts in her Supplemental Declaration, that "the foreclosure sale of [her] property has been rescheduled for April 30, 2025," and she requests "the Court grant the Temporary Restraining Order or issue an immediate administrative stay of any foreclosure activity until a ruling on the TRO is issued." Suppl. Gallusz Decl. ¶¶ 2, 6.  However, in light of the foregoing, Plaintiff's request is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: April 22, 2025

Hon. Janis L. Sammartino
United States District Judge