Klara Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gallusz, Pro Se

FILED

APR 2 4 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KLARA GIANNA GALLUSZ,

                    Plaintiff(s),

        vs.

LPP MORTGAGE INC., F/K/A
LPP MORTGAGE LTD.,

                    Defendant(s).

Case No.: 25-CV-885-JLS (BLM)

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER**

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING TEMPORARY RESTRAINING ORDER**

**I. INTRODUCTION**

Plaintiff Klara Gallusz respectfully moves this Court to reconsider its April 22, 2025, Order denying her Application for a Temporary Restraining Order. The ruling was issued without consideration of Plaintiff's Reply and Evidentiary Objections, which were filed in person and physically received by the Court on April 18, 2025, four full days before the Order was entered.

The Order rests on a foundation of inadmissible material, including an unsworn and legally void declaration, unauthenticated documents, and hearsay-laden exhibits that fail every applicable evidentiary standard under federal law. The Court relied on this defective record to deny emergency injunctive relief in a case involving the imminent foreclosure of Plaintiff's home — a constitutionally protected property interest, without ever requiring Defendant to prove that it has legal standing or any authority to enforce the note.

Even more critically, the Order misstates black-letter constitutional law by suggesting that Article III standing is not required in federal court when adjudicating nonjudicial foreclosure. That position is not just incorrect, it is unconstitutional. The moment Defendant LPP Mortgage, Inc. removed this case to federal court, it triggered the full application of Article III, Rule 17 of the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Those requirements are not optional. They are structural guarantees of federal jurisdiction and due process.

Instead of proving its legal authority to foreclose, LPP submitted only one sworn declaration — from its attorney, concerning the projected cost of litigation. That declaration contains no evidence of standing, no evidence of note ownership, and no evidence of enforcement authority. Meanwhile, the key declaration from LPP's corporate representative was not signed under penalty of perjury, and every exhibit attached to it remains unauthenticated, unsupported, and legally inadmissible.

Yet, the Court credited LPP's position without requiring compliance with a single evidentiary rule, without reviewing Plaintiff's reply, and without demanding proof of standing or jurisdiction. This is not a procedural oversight. It is a structural failure of due process and a violation of the judicial oath to uphold the Constitution and laws of the United States.

The Court's April 22 Order must be vacated. Reconsideration is not merely justified, it is mandated. To allow a foreclosure to proceed under these circumstances would be to endorse a system in which evidence does not matter, jurisdiction is presumed without proof, and homeowners can lose their property based on nothing more than attorney argument and unauthenticated paperwork.

That is not justice. That is not due process. And it is not what federal courts were created to uphold.

## II. RECONSIDERATION IS REQUIRED UNDER RULE 54(b)

Federal Rule of Civil Procedure 54(b) allows courts to revise any interlocutory order before final judgment to correct legal error, review overlooked evidence or arguments, or prevent injustice. See City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001).

Reconsideration is warranted here because the Court:

- Did not consider Plaintiff's timely reply and objections
- Relied on a declaration not signed under penalty of perjury, in violation of 28 U.S.C. § 1746
- Cited unauthenticated documents in violation of Rules 901 and 803(6)
- Misstated controlling federal jurisdictional doctrine
- Allowed foreclosure without requiring proof of enforcement authority

These errors affect jurisdiction, due process, and the rule of law. They must be addressed.

## III. DEFENDANT SUBMITTED NO ADMISSIBLE EVIDENCE OF ENFORCEMENT AUTHORITY

The only declaration LPP submitted came from Melissa Sassine. It is legally inadmissible:

- Not signed under penalty of perjury (28 U.S.C. § 1746)

- No authentication of 46 exhibits (Rule 901)

- No business records foundation (Rule 803(6))

- No demonstration of personal knowledge (Rule 602)

- No certified original note or lost note affidavit (Rule 1002)

The declaration claims inspection of a note in a Texas vault but offers no proof of custody, chain of title, or legal authority. The accompanying Request for Judicial Notice includes unauthenticated documents that cannot be used to establish disputed facts. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018)

There is no evidence LPP is a holder under California Commercial Code § 3301. Without that proof, no foreclosure may proceed.

**IV. ARTICLE III STANDING IS NOT OPTIONAL IN FEDERAL COURT — IT IS A NONNEGOTIABLE CONSTITUTIONAL REQUIREMENT**

The Court's assertion that Article III standing is not required for a nonjudicial foreclosure, even after removal to federal court, is a constitutional error of the highest order. It conflicts directly with binding precedent from the United States Supreme Court and undermines the very limits of judicial power under the Constitution.

Once LPP Mortgage, Inc. removed this matter to federal court, it became bound by Article III of the United States Constitution. This Court's subject matter jurisdiction depends on the presence of a justiciable case or controversy. A party cannot invoke the jurisdiction of a federal court and then disregard the jurisdictional prerequisites that govern access to that court.

Standing under Article III is not discretionary. It is jurisdictional, structural, and absolute. As the Supreme Court has repeatedly held, a party seeking judicial relief must demonstrate:

1. A concrete and particularized injury-in-fact;

**2.** A causal connection between the injury and the alleged conduct;

**3.** A likelihood that the injury will be redressed by a favorable court decision.

See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998).

LPP has not satisfied a single element of this three-part test. It did not submit admissible evidence of injury. It did not submit sworn testimony proving a legal interest in the note. It did not identify any concrete harm suffered by Plaintiff's conduct. It did not submit a declaration from a person with personal knowledge asserting ownership or possession of the note. Nor did it establish any causal link or redressable injury.

Instead, LPP's opposition is built entirely on attorney argument and a declaration from Melissa Sassine that was not signed under penalty of perjury. That is not evidence. That is not standing. And it is not jurisdiction.

The Supreme Court has rejected any attempt to proceed to the merits of a case before standing is proven:

"The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co.*, 523 U.S. at 94

There is no equitable exception to Article III. No "foreclosure exception." No procedural shortcut that allows a federal court to issue rulings on the merits in the absence of constitutional standing. The absence of standing is not a technicality, it is a jurisdictional void.

This Court cannot issue orders, grant relief, or adjudicate rights without subject matter jurisdiction. Any ruling issued in the absence of standing is null and void. See *Ex parte McCardle*, 74 U.S. 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases

to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")

LPP's complete failure to demonstrate Article III standing is fatal to its opposition and renders the Court's ruling constitutionally infirm. The Court must vacate its April 22 Order and require LPP to meet its burden, with admissible evidence, or dismiss the action for lack of subject matter jurisdiction.

**V. THE DEED OF TRUST IS INSEPARABLE FROM THE NOTE AND CANNOT BE ENFORCED INDEPENDENTLY**

The Court erred by treating the deed of trust as an independent instrument capable of enforcement without regard to the underlying promissory note. That position is not supported by any binding authority and directly contradicts over a century of controlling law from both the United States Supreme Court and California appellate courts.

The deed of trust is not the debt. It is a collateral agreement that exists solely to secure the debt evidenced by the note. The two instruments are legally and functionally inseparable. The authority to enforce one is wholly dependent on the legal ability to enforce the other. If the note is not enforceable by the foreclosing party, then the deed of trust has no operative effect.

This principle is long settled:

"The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

*Carpenter v. Longan*, 83 U.S. 271, 275 (1872)

"A party cannot enforce a security instrument unless it is also entitled to enforce the underlying note."

*In re Veal*, 450 B.R. 897, 921 (9th Cir. BAP 2011)

"The deed of trust is inseparable from the note it secures, and follows it."

*Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 927 (2016)

These cases make clear that no party may foreclose under a deed of trust unless it also has the legal right to enforce the promissory note. That legal right is governed exclusively by Article 3 of the Uniform Commercial Code, adopted in California as Commercial Code section 3301. The statute provides that only three classes of persons may enforce a negotiable instrument:

1. A holder in possession of the note;

2. A non-holder in possession with rights of a holder;

3. A person not in possession but entitled under the lost note provisions.

LPP has presented no admissible evidence that it qualifies under any of these categories. There is no declaration from a note holder. No chain of endorsements. No lost note affidavit. No declaration from a custodian of records. Not a single piece of evidence, let alone admissible evidence, has been offered to prove that LPP has the legal authority to enforce the note. Despite this complete failure of proof, the Court relied on the existence of a recorded deed of trust to justify the denial of injunctive relief. That legal error must be corrected. The California Supreme Court has held that where a party initiates foreclosure but has no right to enforce the note, the foreclosure is void. See *Yvanova*, 62 Cal. 4th at 935 ("A homeowner who has been foreclosed upon by one with no right to do so has suffered an injury caused by the foreclosing party's lack of authority.")

The deed of trust cannot be enforced in a vacuum. Its legal force is derived entirely from the enforceability of the note it secures. Without proof that LPP is the holder, a non-holder in possession with enforcement rights, or a lost note claimant, LPP cannot foreclose.

Any order that ignores this requirement subordinates well-established legal doctrine to expedience and violates both state and federal law. The foreclosure must be deemed invalid unless and until LPP proves it has lawful authority to enforce the note in compliance with Commercial Code section 3301.

## VI. NONPAYMENT WAS CAUSED BY DEFENDANT'S REFUSAL TO PROVE AUTHORITY

Plaintiff ceased payment only after LPP refused to verify its authority. Under California law and equity, a borrower is not required to pay an entity that refuses to show legal entitlement to collect. Yvanova, 62 Cal. 4th at 939.

## VII. PLAINTIFF'S REPLY AND OBJECTIONS WERE TIMELY AND IGNORED

Plaintiff submitted a timely reply and evidentiary objections on April 18, 2025. The Court made no mention of them. That filing cited binding case law, Rule 17, and Federal Rules of Evidence 901, 803(6), and 1002. See Goldberg v. Kelly, 397 U.S. 254, 267 (1970). The failure to consider them violated due process.

## VIII. STATE FORECLOSURE RULES DO NOT OVERRIDE FEDERAL LAW OR THE CONSTITUTION

Once Defendant LPP Mortgage, Inc. removed this case to federal court, it voluntarily subjected itself to the full force of the United States Constitution, Article III standing requirements, Rule 17 of the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Defendant cannot

now evade those requirements by invoking California's nonjudicial foreclosure statutes as a shield against federal scrutiny.

This Court is not bound by the procedural shortcuts of state foreclosure schemes. It is bound by the Constitution and federal law. See *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) (holding that federal courts must apply federal procedural law, even when hearing state-law claims). The Supremacy Clause mandates that federal law governs in all cases arising under the jurisdiction of a federal court. See U.S. Const. art. VI, cl. 2.

Permitting LPP to rely on California's nonjudicial foreclosure process to avoid producing the original note, proving real-party-in-interest status, or satisfying Article III standing violates the core principle that federal courts apply federal standards. The Constitution does not take a back seat to state procedure. No state statute can authorize the deprivation of property without compliance with federal due process.

This case is now governed by federal standards. That means:

- LPP must prove standing with admissible evidence.
- LPP must demonstrate enforcement authority under Rule 17 and California Commercial Code § 3301.
- LPP must satisfy evidentiary burdens under Rules 901, 1002, and 803(6).

None of these requirements are waived because the foreclosure was initiated nonjudicially. Federal jurisdiction demands federal compliance. See *Marshall v. Marshall*, 547 U.S. 293, 313 (2006) ("State law does not determine the jurisdiction of federal courts.")

The Court's deference to state procedure is not only misplaced, it undermines the supremacy of federal law. Allowing state foreclosure rules to displace federal evidentiary and constitutional

standards is incompatible with the judicial function of a federal court. The Constitution, not the California Civil Code, governs here.

## IX. LITIGATION COST IS NOT A SUBSTITUTE FOR PROOF

LPP's attorney submitted a sworn declaration estimating litigation would cost over $95,000. This was the only sworn statement provided and it offered no facts about standing or enforcement authority.

LPP cannot cite litigation cost as a reason to deny constitutional protections. Nor can it complain about federal procedure after voluntarily removing the case. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976)

The burden to prove enforcement authority cannot be avoided by citing attorney billing rates.

## X. DEFENDANT'S LITIGATION TACTICS WARRANT SANCTIONS UNDER RULE 11 AND THE COURT'S INHERENT AUTHORITY

LPP Mortgage, Inc. and its counsel have engaged in a pattern of litigation conduct that is not only improper but sanctionable. They have attempted to secure a ruling authorizing foreclosure through tactics that defy the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and binding constitutional principles.

Specifically, LPP and its attorneys have:

- Submitted a declaration from Melissa Sassine that was not signed under penalty of perjury, in clear violation of 28 U.S.C. § 1746.

- Filed hundreds of exhibits without authenticating a single one under Federal Rule of Evidence 901.

- Presented no sworn testimony from any custodian of records, loan servicer, or document holder.

- Offered no admissible evidence of standing, note ownership, possession, or real-party-in-interest status under Rule 17(a).

- Misstated black letter law by claiming that Article 3 of the Uniform Commercial Code does not apply to foreclosure and that standing is not required in federal court.

- Ignored Plaintiff's timely-filed reply and evidentiary objections, effectively denying Plaintiff due process.

- Attempted to distract the Court with an irrelevant declaration from defense counsel regarding projected litigation costs, rather than meeting their burden to prove enforcement authority.

This conduct is a direct violation of Federal Rule of Civil Procedure 11(b), which requires that all representations to the Court be legally warranted, factually grounded, and not presented for an improper purpose. See *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (sanctions appropriate where claims are legally or factually baseless and brought without reasonable and competent inquiry).

In addition, the Court possesses inherent authority to impose sanctions for conduct that abuses the judicial process. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). That authority exists not just to protect the integrity of proceedings, but to deter and penalize the misuse of federal court resources for purposes inconsistent with law and justice.

Here, Defendant did not make a procedural mistake or isolated error. They made a deliberate choice to move forward in federal court without a single piece of competent evidence establishing that they have any legal right to enforce the note. That is not a harmless omission. It is an intentional attempt to foreclose on real property by circumventing the rules of evidence and avoiding judicial scrutiny.

Such conduct invites exactly the kind of sanctions Rule 11 and the Court's inherent authority were created to impose. If these tactics are permitted to proceed without consequence, it sets a dangerous precedent, one where legal conclusions can be obtained through assertion rather than proof, and where constitutional rights are subordinated to litigation convenience.

The Court should issue an Order to Show Cause requiring Defendant and its counsel to explain why sanctions should not be imposed for their conduct in this matter, including the use of defective declarations, misleading legal claims, and unauthenticated exhibits in a federal proceeding affecting property rights.

## XI. CONCLUSION

This Court's April 22, 2025 Order must be vacated. The ruling permits foreclosure without evidence, jurisdiction, or compliance with federal law. That is unconstitutional.

Plaintiff respectfully demands:

1. Reconsideration and vacatur of the April 22, 2025 Order

2. Striking of the Sassine declaration and all unauthenticated exhibits

3. Judicial acknowledgment of Plaintiff's reply and evidentiary objections

4. Entry of a Temporary Restraining Order or, in the alternative, a full evidentiary hearing

5. An Order to Show Cause why Rule 11 sanctions should not be imposed

The Constitution does not allow foreclosure by assumption. The rule of law demands proof.

Dated: April 24, 2025

Respectfully submitted,

Klara Gianna Gallusz
*Pro Se Plaintiff*

# CERTIFICATE OF SERVICE

Klara Gianna Gallusz,
Plaintiff,

v.

LPP Mortgage, Inc., f/k/a
LPP Mortgage Ltd.,
Defendant.

Case No.: 25-CV-885-JLS (BLM)

Re: Plaintiff's Motion for Reconsideration of Order Denying Temporary
Restraining Order

I, Klara Gianna Gallusz, hereby certify under penalty of perjury that on the date set
forth below, I served the attached 'Plaintiff's Motion for Reconsideration of Order
Denying Temporary Restraining Order by mail and email when available:

1. LPP MORTGAGE, INC., F/K/A LPP MORTGAGE, LTD.
6000 Legacy Drive
Plano, TX 75024


2.  Troutman Pepper Locker LLP
Regina J. McClendon (SBN 184669)
regina.mcclendon@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
regina.mcclendon@troutman.com
Attorney for Defendant
LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.


Executed on this 24th day of April, 2025.

Respectfully submitted,

Klara Gianna Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
klaragianna@gmail.com