1   Klara Gallusz
2   3639 Midway Drive, Unit 408
    San Diego, CA 92110
3   619-916-9215
    Klara Gallusz, Pro Se
4

5

6

7

8   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
9

10  KLARA GIANNA GALLUSZ,          Case No.: 25-CV-885-JLS (BLM)

11

12                                 **PLAINTIFF'S MOTION TO COMPEL**
13            Plaintiff(s),         **PRODUCTION OF ORIGINAL**
14       vs.                        **PROMISSORY NOTE, FOR**
15  LPP MORTGAGE INC., F/K/A        **SANCTIONS UNDER RULE 37, AND**
16  LPP MORTGAGE LTD.,              **FOR JUDICIAL DECLARATION OF**
17                                  **LACK OF STANDING**
18
19            Defendant(s).
20

21      **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ORIGINAL PROMISSORY**
22         **NOTE, FOR SANCTIONS UNDER RULE 37, AND FOR JUDICIAL DECLARATION**
                                    **OF LACK OF STANDING**
23

24  TO THE HONORABLE COURT:

25  Pursuant to the Federal Rules of Civil Procedure and the inherent constitutional limitations

26  imposed by Article III, Plaintiff respectfully moves this Court for an order compelling Defendant

27  LPP MORTGAGE, INC., F/K/A LPP MORTGAGE LTD to produce the original, wet-ink

28  promissory note within seven (7) days.

                                        1

Plaintiff further requests that if Defendant fails to comply, the Court issue evidentiary sanctions under Rule 37, enter a declaration of lack of standing, and preclude foreclosure absent proof of enforcement rights as defined by law.

**I. INTRODUCTION**

For over a year, Plaintiff has lawfully demanded production of the original promissory note that Defendant LPP claims to enforce. Despite repeated written requests, a lawful conditional tender, and formal litigation, Defendant has refused to present the note while simultaneously claiming the right to foreclose on Plaintiff's property. That refusal, in light of Defendant's burden under Article III, the Federal Rules of Evidence, and the Uniform Commercial Code, is fatal to their case and actionable under Rule 37.

**II. LEGAL STANDARD**

A. Article III Standing Requires Proof of Enforcement Authority

Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), and *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), the party invoking federal jurisdiction must demonstrate standing by presenting admissible evidence of (1) injury in fact, (2) traceability, and (3) redressability. In foreclosure cases, this includes proof of ownership and enforcement rights in the instrument.

B. FRE 1002 Requires the Original Document

Federal Rule of Evidence 1002 (the Best Evidence Rule) mandates:

"An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."

No such exception applies here. Defendant has not alleged that the note was lost, destroyed, or transferred in a manner that exempts production.

C. UCC § 3-305 Permits Conditional Tender

Under UCC § 3-305(a)(3), a party from whom enforcement is sought may condition payment on proof of enforcement rights. Plaintiff lawfully tendered full payoff subject to presentment of the note. That condition remains unmet.

D. Rule 37 Authorizes Sanctions for Withholding Evidence

Federal Rule of Civil Procedure 37(d) provides sanctions where a party "fails to serve answers to interrogatories submitted under Rule 33, or to serve a written response to a request for inspection submitted under Rule 34." Refusing to produce the most critical document in this case—after multiple good-faith demands—justifies sanctions, including issue preclusion and evidentiary consequences.

## III. FACTUAL BACKGROUND

- Plaintiff has made multiple written requests for the original promissory note, including in a Qualified Written Request dated January 27, 2025.
- On March 3, 2025, Plaintiff submitted a full conditional tender of payment, subject to production of the original note.
- Defendant refused to present the note or identify the real party in interest.
- Defendant has simultaneously asserted its right to foreclose without producing the very instrument that creates the alleged obligation.
- On April 29, 2025, Plaintiff was forced to file for bankruptcy to invoke the automatic stay and prevent foreclosure based on undocumented claims.

## IV. ARGUMENT

Defendant's failure to produce the note after asserting enforcement rights is a clear jurisdictional failure under Article III and a violation of evidentiary and commercial law. A party cannot

1  proceed with foreclosure, collection, or litigation unless it proves that it is the "person entitled to

2  enforce the instrument." *In re Veal*, 450 B.R. 897, 920 (B.A.P. 9th Cir. 2011).

3  The law does not permit enforcement by declaration. It requires enforcement by evidence. That

4  evidence—namely, the original promissory note—must be produced, not merely referenced. Any

5  further refusal constitutes both procedural obstruction and constitutional overreach.

7  **V. RELIEF REQUESTED**

8  For the foregoing reasons, Plaintiff respectfully requests the following:

10   1.  An order compelling Defendant LPP MORTGAGE, INC., F/K/A LPP MORTGAGE

11       LTD to produce the original, wet-ink promissory note for inspection by Plaintiff and the

12       Court within seven (7) days of the Court's order.

13   2.  If Defendant fails to comply, the Court should impose evidentiary sanctions under Rule

14       37, including:

16       o  Prohibiting Defendant from introducing any evidence of standing or note

17          ownership;

18       o  Precluding Defendant from contesting lack of production;

19       o  Deeming the note unenforceable in this action.

20   3.  A judicial declaration that Defendant lacks standing to enforce the promissory note under

21       Article III and UCC § 3-301.

23   4.  An order precluding any further foreclosure activity unless and until Defendant complies

24       with the above requirements.

25   5.  Plaintiff further prays that, should Defendants fail to produce the original, wet-ink

26       promissory note or otherwise authenticate their legal right to enforce the alleged debt in

4

strict conformity with Article III of the U.S. Constitution, the Federal Rules of Evidence, and the Uniform Commercial Code, this Court issue an order:

a. Releasing the lien recorded against the Property located at 3050 Rue D' Orleans, Unit 410, San Diego, California 92110, as originally secured by the Deed of Trust recorded December 22, 2005, Instrument No. 2005-1098367, Official Records of San Diego County, pursuant to California Civil Code § 2941(b)(1) and Commercial Code § 3301, which collectively bar any party from retaining or enforcing a lien without proof of lawful possession and right to enforce the obligation. See also In re Veal, 450 B.R. 897 (9th Cir. B.A.P. 2011).

b. Compelling execution and recording of a Full Reconveyance pursuant to California Civil Code §§ 2941(a)–(b), thereby extinguishing any and all claims arising under said Deed of Trust where no enforcement right can be demonstrated in fact or law.

c. Ordering delivery to Plaintiff of a duly executed and recorded Deed of Full Reconveyance, as mandated under California Civil Code § 2941(b)(1)–(3), removing all encumbrances from the County Recorder's index. Failure to deliver such reconveyance may result in penalties under § 2941(e).

d. Directing that the lien release and reconveyance be fully executed, delivered, and recorded within twenty-one (21) calendar days of such order, in compliance with California Civil Code § 2941(b)(1), to prevent unlawful clouding of title and to uphold Plaintiff's constitutional and equitable property rights. See Pineda v. Bank of America, N.A., 50 Cal. App. 5th 1043 (2020).

6. Any other relief the Court deems just, equitable, and proper.

Dated: May 6, 2025

Respectfully submitted,

Klara Gianna Gallusz
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2025, I served a true and correct copy of the

Plaintiff's Motion to Compel Production of Original Promissory Note, For Sanctions Under Rule

37, and for Judicial Declaration of Lack of Standing by email upon the following:

Attorney for Defendant

LPP MORTGAGE, INC., F/K/A LPP MORTGAGE LTD:

Regina J. McClendon

Troutman Pepper Locke LLP

regina.mcclendon@troutman.com


_____

Klara Gianna Gallusz

Plaintiff, Pro Se