Klara Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gallusz, Pro Se

FILED
MAY 07 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KLARA GIANNA GALLUSZ,

    Plaintiff(s),

vs.

LPP MORTGAGE INC., F/K/A LPP MORTGAGE LTD.,

    Defendant(s).

Case No.: 3:25-cv-00885-JLS-BLM

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
[Re: Dkt. 15 Filed May 5, 2025]

TO THE HONORABLE COURT:

Plaintiff KLARA GIANNA GALLUSZ submits this Opposition to Defendants' Motion to Dismiss (Dkt. 15), which is not a valid exercise of Federal Rule of Civil Procedure 12. It is a procedural diversion aimed at avoiding scrutiny of fraudulent documents, fabricated assignments, and a broken chain of title that cannot survive judicial review.

1

The motion must be denied for the following reasons:

- It relies on redacted, unauthenticated, and inadmissible exhibits in violation of the Federal Rules of Evidence, including Rules 1002, 901, and 403.
- It advances standing arguments that have been explicitly rejected by the California Supreme Court in Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016), which holds that borrowers may challenge void assignments used to enforce a deed of trust.
- It misrepresents the nature of this action by characterizing it as a "preemptive foreclosure defense," when in fact the claims arise from the use of void instruments, unauthorized transfers, and forged documentation to claim ownership of Plaintiff's property.
- It cites outdated and overruled case law, including decisions disapproved by the California Supreme Court and contradicted by federal circuit rulings.
- It fails to resolve Article III standing, fails to address constitutional injury, and fails to demonstrate lawful possession or control of the original promissory note.
- It uses a bankruptcy filing as a rhetorical distraction without any accompanying order, adjudication, or proof of claim allowed in that proceeding.

This Motion to Dismiss is not supported by admissible evidence, controlling law, or the procedural standards of Rule 12. It is an attempt to derail Plaintiff's claims before discovery can expose the full extent of Defendants' misconduct. It must be denied in full.

**I. INTRODUCTION**

Defendants LPP MORTGAGE, INC. F/K/A LPP MORTGAGE LTD and CLMG CORP. removed this case to federal court and now ask this Court to bless a foreclosure built on fraud, concealment, and inadmissible evidence. They have not produced the original promissory note.

They have not demonstrated lawful standing. They have not authenticated a single exhibit under the Federal Rules of Evidence. What they have done is substitute redacted PDFs, defective assignments, and a collapsing paper trail for the burden of proof.

Defendants cite irrelevant and discredited California foreclosure cases that do not govern federal proceedings. They insist they are "mere defendants," as if that excuses them from the obligation to produce evidence, demonstrate injury, or comply with constitutional standing requirements. That is false. That is dangerous. That is the tactic of parties who cannot prove ownership of the debt and who hope this Court will look the other way.

Fraudulent foreclosures have succeeded for years because courts were misled with unauthenticated documents and presumed authority. That pattern ends when litigants demand evidence and courts enforce the law. Plaintiff demands both. The Constitution, the Rules of Evidence, and fundamental due process do not yield to convenience or assumption. They must be applied, and they must be enforced here.

This Court has a nondelegable duty to require proof before property is taken. That duty begins by rejecting this motion.

## II. LEGAL STANDARD UNDER RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only allege:

- Enough factual matter,
- That if taken as true,
- States a plausible claim for relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This is not a heightened pleading standard. The court accepts the facts in the complaint as true and draws all inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III. PLAINTIFF'S COMPLAINT STATES MULTIPLE VALID CLAIMS UNDER FEDERAL LAW

Defendants argue that Plaintiff has failed to state a claim. That argument is false. It misrepresents the pleading standard under federal law and ignores the detailed factual allegations that form the basis of each claim in the Verified Complaint.

Plaintiff has pled the following specific facts:

- LPP MORTGAGE, INC. is attempting to enforce a mortgage loan through foreclosure.
- Defendants have not produced the original promissory note despite repeated demands.
- The documents submitted by Defendants are redacted, unauthenticated, unendorsed, and altered.
- The Assignments of Deed of Trust contain notary acknowledgments on separate, unattached sheets, which violates California Civil Code section 1189(a) and fails to meet the evidentiary requirements of Federal Rule of Evidence 901.
- Plaintiff made a lawful tender of payment that was rejected, solely because Defendants refused to present the original note as required by law.

These facts support the following causes of action:

- Wrongful foreclosure, based on void instruments and unlawful enforcement without standing.
- Violation of due process, based on the attempted deprivation of Plaintiff's property without constitutionally sufficient proof or judicial review.

4

- Quiet title and declaratory relief, based on an active and contested claim of interest in real property.
- Injunctive relief, based on the imminent threat of wrongful foreclosure and irreparable harm.
- Discharge of debt via lawful tender, based on Plaintiff's good faith offer to resolve the debt subject to proper production of the original note.

Each of these claims is backed by fact-specific allegations, not legal conclusions. The Complaint references actual documents, exhibits filed by Defendants, and procedural conduct that forms the factual basis of liability. If proven, these allegations entitle Plaintiff to relief under federal and state law.

Rule 12(b)(6) does not require Plaintiff to prove the claims at the pleading stage. It requires only that the facts alleged state a plausible legal claim. That standard is met here. Defendants' motion relies on mischaracterizations, redacted exhibits, and arguments that have already been rejected by higher courts.

The Complaint is well-pled. The claims are actionable. The facts are specific. The motion to dismiss must be denied.

**IV. DEFENSE COUNSEL MISSTATES THE LAW, MISLEADS THE COURT, AND RELIES ON IRRELEVANT AND DISCREDITED CASES**

Defendants' Motion to Dismiss rests on a false premise: that they have no burden to prove standing, chain of title, or possession of the note because they are "just defendants." They compound that error by relying almost entirely on outdated California state foreclosure cases that do not control in federal court. This strategy is not just legally flawed. It is dishonest.

A. State Foreclosure Cases Are Irrelevant in Federal Court

Defense counsel relies on a series of non-binding and outdated cases, including:

- *Gomes v. Countrywide*, 192 Cal. App. 4th 1149 (2011)
- *Saterbak v. JPMorgan Chase*, 245 Cal. App. 4th 808 (2016)
- *Jenkins v. JPMorgan Chase*, 216 Cal. App. 4th 497 (2013)
- *Herrejon v. Ocwen*, 980 F. Supp. 2d 1186 (E.D. Cal. 2013)
- *Putkkuri v. Recontrust Co.*, 2009 WL 32567 (S.D. Cal.)
- *St. Dennis v. Rushmore Loan Mgmt.*, 2018 WL 11355414 (C.D. Cal.)

Most of these decisions were issued before the California Supreme Court's ruling in *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016), which reversed the rule in *Jenkins* and held unequivocally that a borrower has standing to challenge a void assignment.

More importantly, this is federal court. California's nonjudicial foreclosure rules do not displace the United States Constitution, Article III standing doctrine, or the Federal Rules of Evidence. Plaintiff is entitled to:

- Demand that Defendants prove their standing with competent evidence,
- Challenge the authenticity and admissibility of the documents Defendants rely on,
- Be heard under the federal pleading standard and evidentiary framework.

Citing irrelevant California opinions to avoid production of the original note and bypass authentication rules is not legal advocacy. It is obstruction.

B. LPP Must Prove Standing — Even as a Named Defendant

LPP voluntarily removed this case to federal court. It now seeks to enforce rights, oppose equitable relief, and extinguish Plaintiff's interest in real property without producing a single admissible document. That is not passive litigation. That is a demand for judicial power — and with that demand comes the burden of standing.

The United States Supreme Court has been clear:

"Article III standing must be established by every party who invokes the judicial power of the United States." See *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)

"Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law." See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998)

Standing is not optional. It is not waived because a party was sued. It is required for any litigant asking this Court to enter judgment in its favor. LPP is not entitled to the protection of federal jurisdiction while simultaneously evading its burdens.

Counsel's suggestion that LPP "does not need to prove standing" is not just incorrect. It is a misstatement of federal law made to mislead the Court and shift attention away from the complete lack of evidence.

C. Defendants Have Submitted Inadmissible, Redacted, and Fabricated Documents

The evidence filed with the Motion to Dismiss is not competent. It is not authenticated. It is not even complete. As detailed in Plaintiff's Motion to Strike and accompanying Declaration, Defendants rely on:

- A redacted, unauthenticated copy of the promissory note,
- Multiple assignments that contain notary acknowledgments on separate, unattached pages,
- Documents that lack page numbers, internal references, or custodial verification,
- No declaration from any person with knowledge of the note's custody, possession, or endorsement history.

They filed this material without a motion to seal, without an evidentiary foundation, and without any effort to satisfy the Federal Rules of Evidence. This violates:

7

- Rule 1002 (Best Evidence),
- Rule 901 (Authentication),
- Local Civil Rule 79.2,
- General Order 514.

The Court is being asked to dismiss constitutional claims based on documents that would be excluded in any courtroom that follows the law.

There is no evidence that LPP owns the note. There is no chain of title. There is no standing. Without standing, and without admissible evidence, Defendants are entitled to nothing — not dismissal, not deference, and certainly not judicial enforcement of a mortgage they cannot prove they hold.

## V. DEFENDANTS' MOTION IS PREMATURE, PROCEDURALLY DEFECTIVE, AND MUST BE DENIED OR STAYED

Defendants have filed a Motion to Dismiss without first establishing that this Court has jurisdiction, without responding to pending evidentiary objections, and without producing a single admissible document. That is improper. That is a violation of federal procedure. And that is reason enough to deny the motion outright.

This Court cannot entertain or resolve a Rule 12(b)(6) motion while the following matters remain pending:

1. Plaintiff's Motion to Compel Production of the Original Note, which challenges the core of Defendants' claimed enforcement rights.
2. Plaintiff's Motion to Strike Redacted and Fraudulent Exhibits, which seeks to exclude every document Defendants rely upon.

3. Defendants' continued failure to produce admissible proof of standing, ownership, or a valid chain of title.

Defendants are attempting to obtain dismissal without meeting their jurisdictional burden, without producing evidence, and while ignoring motions that, if granted, will strip their case of its only factual foundation. That is not just premature. It is procedurally defective.

A. Rule 12(i) Requires Threshold Issues Be Resolved First

Federal Rule of Civil Procedure 12(i) allows the Court to resolve jurisdictional and evidentiary challenges before ruling on the merits. That order of operations is mandatory, not optional. When standing, subject matter jurisdiction, or admissibility of evidence is in question, the Court must resolve those threshold issues first.

"Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See *Ex parte McCardle*, 74 U.S. 506, 514 (1868)

"Without jurisdiction, the court cannot proceed at all in any cause." See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)

"If subject-matter jurisdiction turns on contested facts, the trial court must resolve those factual disputes before proceeding to the merits." See *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)

Defendants have not proven they own the note. They have not authenticated the documents they rely on. They have not shown standing. Until those defects are addressed, this motion cannot proceed.

B. No Defendant Can Seek Dismissal While Refusing to Produce the Note

LPP claims to be a noteholder. Yet it has refused to produce the original note, has offered no allonge, no endorsement, and no chain of custody. This refusal is not a formality. It is a material failure that cuts directly to the heart of this case.

A party that seeks to enforce a debt instrument must produce the original or comply with strict evidentiary exceptions. LPP has done neither. They ask this Court to dismiss Plaintiff's claims while hiding the one document that could settle the dispute. That tactic is an abuse of process. The Court cannot entertain a dispositive motion while Defendants refuse to prove they have any legal right to proceed. Discovery is required. Evidence must be tested. Motions must be addressed in the correct order. Defendants are trying to skip to the end of the case because they know their evidence will not survive scrutiny.

C. The Motion Must Be Denied, or at Minimum, Deferred

This Court must resolve:

- Plaintiff's pending evidentiary motions,
- The issue of standing and ownership,
- The production of the original note,

before it can rule on any Rule 12(b)(6) argument.

Any ruling on the merits while these matters remain unresolved would be premature and in direct conflict with federal authority. Defendants have not earned dismissal. They have not cleared jurisdiction. They have not met their evidentiary burdens. Their motion must be denied or stayed until these threshold issues are fully resolved.

Defendants are asking this Court to dispose of the case while concealing the one document that determines whether they ever had the legal right to foreclose. They filed redacted, unauthenticated, and defective evidence. They refused to produce the original promissory note.

Then they moved to dismiss under Rule 12 to escape accountability. This is not litigation. It is misdirection. It is an effort to manipulate the Court's procedures to avoid scrutiny. If this Court allows dismissal without first requiring proof of standing, jurisdiction, and possession of the note, it will not be exercising judicial discretion — it will be endorsing procedural abuse and giving legal effect to a fraud. That cannot happen under the Constitution, under the Federal Rules of Evidence, or under any court that stands for due process.

## VI. CONCLUSION

LPP Mortgage has produced no original note. No endorsement. No allonge. No proof of assignment. No chain of title. No admissible evidence. No standing.

Defense counsel has submitted redacted exhibits, defective assignments, unattached notary pages, and unverified copies. Then they told this Court that none of it matters. That is not advocacy. That is an attempt to bypass the law.

This Court has a duty to enforce jurisdictional requirements, evidentiary rules, and constitutional standards. That duty applies before any motion to dismiss is granted. Defendants have failed to meet every threshold. They are demanding relief without evidence, without standing, and without proof.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, Plaintiff requests that the Court stay any ruling until:

  1. Plaintiff's evidentiary motions are adjudicated,
  2. This Court verifies jurisdiction and standing on the record, and
  3. The Federal Rules of Evidence are applied to both parties without exception.

Defendants are not entitled to dismissal. They are not entitled to presumptions. They are required to prove what they claim. They have not done so.

This motion must be denied.

Dated: 5-7-25

Respectfully submitted,

*/s/ Klara Gianna Gallusz*

Klara Gianna Gallusz
Pro Se Plaintiff
3639 Midway Drive, Unit 408
San Diego, California 92110
619-916-9215
klaragianna@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2025, I served a true and correct copy of the Plaintiff's Opposition to Defendant's Motion to Dismiss by mail and when available email upon the following:

Attorney for Defendant
LPP MORTGAGE, INC., F/K/A LPP MORTGAGE LTD:
Regina J. McClendon
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Troutman Pepper Locke LLP
regina.mcclendon@troutman.com

_____
Klara Gianna Gallusz
Plaintiff, Pro Se