Klara Gallusz
3639 Midway Drive, Unit 408
San Diego, CA 92110
619-916-9215
Klara Gallusz, Pro Se

FILED

MAY 07 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KLARA GIANNA GALLUSZ,

              Plaintiff(s),

    vs.

LPP MORTGAGE INC., F/K/A
LPP MORTGAGE LTD.,

              Defendant(s).

Case No.: 3:25-cv-00885-JLS-BLM

**MOTION TO STRIKE REDACTED EXHIBITS AND DEFECTIVE ASSIGNMENTS**

**MOTION TO STRIKE REDACTED EXHIBITS AND DEFECTIVE ASSIGNMENTS**

*(Filed Under Local Rule 79.2, General Order 514, and Federal Rules of Evidence 1002, 901, and 403)*

**TO THE HONORABLE COURT:**

Plaintiff KLARA GIANNA GALLUSZ hereby submits this Motion to Strike certain documents submitted by Defendants in support of their Motion to Dismiss (Docs. 15–15-4), on grounds of

procedural impropriety, evidentiary violations, and material defects that render these documents inadmissible and prejudicial to the integrity of these proceedings.

## I. REDACTED DOCUMENTS FILED WITHOUT COURT PERMISSION MUST BE STRICKEN

(Violates Local Civil Rule 79.2, General Order 514, and Federal Rules of Evidence 1002, 901)

Defendants submitted redacted versions of key evidentiary documents, including the alleged promissory note and chain-of-title instruments, in support of their Motion to Dismiss (Docs. 15–15-4). These redactions were made without:

- Any motion to seal or redact pursuant to Local Civil Rule 79.2;

- Any accompanying declaration explaining the basis for the redactions;

- Any protective order entered by the Court; or

- Any citation to privilege, statute, or rule justifying the concealment.

This conduct constitutes a direct violation of this Court's procedural rules and is presumptively improper under Ninth Circuit law.

A. Local Civil Rule 79.2 Requires Prior Court Approval for Redacted Filings

The rule states that "[a] party seeking to file a document under seal must file a motion to seal that is narrowly tailored to seek sealing only of sealable material." Defendants did not do this. Redactions were made unilaterally, without seeking court guidance or providing the required supporting evidence.

B. General Order 514 Prohibits Unilateral Redactions

Section 2(h) of General Order 514 mandates that "parties may not redact court filings unless specifically authorized by Court order." This order is clear: redaction is a judicial determination,

not a discretionary act by counsel. The absence of a sealing order renders the redacted exhibits procedurally improper and subject to automatic exclusion.

C. Redacted Documents Violate the Federal Rules of Evidence

Federal Rule of Evidence 1002 (Best Evidence Rule) provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Here, the redacted portions obscure the precise contents of the instrument at issue, the promissory note, and therefore directly undermine Defendants' evidentiary burden. The note is not incidental. It is central to Defendants' claim of enforcement rights.

Additionally, FRE 901 requires a proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." A redacted document fails this test because no one, including the Court, can verify its completeness or integrity.

"Redactions are functionally equivalent to sealing and must meet the same standard. The presumption of public access to judicial documents is not overcome by vague assertions of confidentiality." See *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) "When a party submits redacted evidence without court approval or proper justification, that evidence is presumptively inadmissible." See *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)

"The Court may strike documents filed in violation of sealing rules, especially where redactions conceal material facts in dispositive motions." See *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013)

Defendants have withheld material information, including the face of the note, the alleged endorsements or allonges, and possible notarial inconsistencies. Their decision to redact key

3

portions while simultaneously asking this Court to grant judicial notice of the documents is inconsistent with the law and offensive to the principles of transparency and fairness.

D. Redacted Documents Were Submitted to Establish Standing, Chain of Title, and Foreclosure Authority

The documents Defendants redacted are not secondary. They go to the heart of the foreclosure process and Defendants' claimed right to enforce the note. Plaintiff cannot meaningfully contest the validity of these exhibits if they are redacted. Neither can the Court evaluate the authenticity or legal sufficiency of the underlying instruments.

This is not a harmless procedural defect. It is a strategic concealment of material evidence that undermines the adversarial process and violates due process.

E. Relief Requested Under This Section

Plaintiff requests that the Court:

- Strike all redacted versions of documents filed by Defendants in connection with their Motion to Dismiss and Request for Judicial Notice;

- Bar Defendants from relying on redacted evidence in support of any dispositive motion;

- Prohibit judicial notice of redacted documents, as they are incomplete and unauthenticated under FRE 1002 and 901.

These actions are necessary to preserve the integrity of the Court's evidentiary record and prevent further abuse of procedure.

**II. DEFECTIVE ASSIGNMENTS WITH UNATTACHED NOTARIAL PAGES ARE INADMISSIBLE UNDER CALIFORNIA LAW AND THE FEDERAL RULES OF EVIDENCE**

Defendants have submitted multiple Assignments of Deed of Trust in Exhibits 2 through 6 of their Request for Judicial Notice (Dkt. 15-2) to establish a claimed chain of title culminating in their right to enforce the promissory note. Each of these assignments contains structural and evidentiary defects that render them inadmissible and legally void.

Specifically, each contains notarial acknowledgments presented on separate, unattached pages, in clear violation of California statutory requirements and federal evidentiary rules.

A. California Civil Code § 1189(a) Requires the Notary Certificate Be Attached to the Document

Under California law, a notarial acknowledgment must be physically affixed to the instrument it certifies:

"A certificate of acknowledgment shall be executed at the time the notary public's signature and seal is affixed to the document and shall be attached to the document." Cal. Civ. Code § 1189(a)

The term "attached" means physically and integrally bound—either by continuous pages, staple, notation, or formatting that makes substitution impossible. The purpose of this requirement is to prevent fraud, forgery, and post-signature document tampering.

B. Defendants' Assignments Violate Section 1189(a)

Each of the following documents submitted by Defendants includes a free-floating notary certificate:

- Exhibit 2 – Assignment dated July 3, 2012 (Doc No. 2012-0386586)

- Exhibit 3 – Assignment dated February 4, 2014 (Doc No. 2014-0063110)

- Exhibit 4 – Assignment dated September 7, 2016 (Doc No. 2016-0466904)

- Exhibit 5 – Assignment dated September 7, 2016 (Doc No. 2016-0466905)

- Exhibit 6 – Assignment dated May 2, 2017 (Doc No. 2017-0081521)

In each case:

- The notary acknowledgment appears on a separate page;

- There is no page numbering connecting the acknowledgment to the assignment;

- There is no "continued on next page" notice or document control indicator;

- There is no evidence the documents were presented to the notary as a unified whole;

- There is no declaration from the notary confirming page integrity;

- There is no certification from any custodian of records regarding document completeness.

This is a textbook violation of Cal. Civ. Code § 1189 and destroys the presumption of authenticity required for the Court to consider the documents at all.

C. Floating Notary Certificates Are Red Flags for Fabrication, Robo-Signing, and Document Substitution

Courts have consistently recognized that unattached notary pages are indicia of fraud:

"A notary's certificate must be physically attached to the document it certifies. Otherwise, the risk of substitution, post-execution alteration, or forgery is unacceptably high." See *In re Sandri*, 501 B.R. 369, 373 (Bankr. N.D. Cal. 2013)

"Where the acknowledgment is not affixed to the instrument, there is no assurance that it applies to the document offered. Admission is improper." See *United States v. Bueno-Vargas*, 383 F.3d 1104, 1110 (9th Cir. 2004)

"Assignments bearing unattached notary certificates are classic signs of robo-signing and fabrication." See *In re Salazar*, 448 B.R. 814, 820 (Bankr. S.D. Cal. 2011)

D. These Documents Fail Under FRE 901, 1002, and 403

The Federal Rules of Evidence impose three independent barriers to admission of these defective assignments:

- FRE 901(a) requires that the proponent of a document produce sufficient evidence to support a finding that "the item is what the proponent claims it is." An unattached certificate fails this threshold.

- FRE 1002 (Best Evidence Rule) mandates the original be produced to prove content. These assignments are neither originals nor faithful reproductions of verified, complete documents.

- FRE 403 allows exclusion of evidence where the risk of confusion or unfair prejudice substantially outweighs probative value. Floating notary certificates create a high likelihood of evidentiary fraud and thus should be excluded on this ground alone.

No declaration has been filed by Defendants from any notary public, lender, or document custodian affirming that the signature pages and notarial acknowledgments were ever part of a complete, valid instrument at the time of execution.

E. Multiple Assignments Show Identical Formatting and Language Across Years and Entities

Beyond the structural defects, Exhibits 3–6 appear to use identical boilerplate formatting and language, spanning different years, different entities, and different purported signatories. This suggests:

- Use of a document template not tailored to actual transactions;

- Mechanical, postdated document creation;

- Possible robo-signing or surrogate execution without corporate authority.

"Robo-signing and mass-fabrication of assignments has infected the integrity of foreclosure documentation. Courts have a duty to examine the structural authenticity of every assignment relied upon." See *Glaski v. Bank of America*, 218 Cal. App. 4th 1079, 1096 (2013)

"When multiple assignments reflect identical formatting, text, and sequencing, they lose their probative value and become suspect on their face." See *In re Veal*, 450 B.R. 897, 915 (B.A.P. 9th Cir. 2011)

These signs of systemic fabrication further support exclusion and judicial sanction.

F. Relief Requested Under This Section

Plaintiff requests that the Court:

- Strike Exhibits 2 through 6 for containing unattached, floating notarial pages in violation of California Civil Code § 1189(a);

- Exclude the assignments from the evidentiary record under Federal Rules of Evidence 901, 1002, and 403;

- Reject any request for judicial notice of these documents under *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may not take judicial notice of documents whose authenticity is in dispute.")

These documents are inadmissible as a matter of law and may not be relied upon in any dispositive ruling.

**III. ASSIGNMENTS LACKING PAGE NUMBERS AND INTERNAL CONTINUITY ARE INCOMPLETE, UNVERIFIABLE, AND SUGGEST DOCUMENT FABRICATION**

Defendants' Assignments of Deed of Trust, submitted in Exhibits 2 through 6, each suffer from an obvious and indefensible structural defect: none of them are paginated. There are no page numbers on any of the assignments, no "Page 1 of 2" or "Page 2 of 2," no internal cross-referencing, and no visible indicator that the signature or notarial page belongs to the document to which it is appended. This absence is not cosmetic—it is legally and evidentially fatal.

A. Pagination Serves as a Core Document Integrity Mechanism

In legal instruments, pagination exists to verify:

**1.** That no pages were removed or substituted after execution;

**2.** That the document was presented to the notary as a complete unit;

**3.** That the version submitted to the court is the same one that was signed;

**4.** That multiple pages actually belong together, and were never independently fabricated.

Without pagination, the Court has no way to confirm whether the notary page was created with the document, after the fact, or taken from another transaction entirely. This undermines authentication under FRE 901 and fails the Best Evidence Rule under FRE 1002.

B. Each Assignment Submitted by Defendants Lacks Pagination

Specifically:

- Exhibit 2 (Doc No. 2012-0386586) contains no page numbers on the face of the assignment or the notarial certificate. There is no reference to the document length or total page count.

- Exhibit 3 (Doc No. 2014-0063110), executed two years later, uses the same layout and again omits all pagination.

- Exhibits 4 and 5 (Doc Nos. 2016-0466904 and 2016-0466905), allegedly signed on the same day in 2016, have identical formatting and font, but neither contains internal pagination. The "signer" and notary are not connected by any notation or visual continuity.

- Exhibit 6 (Doc No. 2017-0081521) repeats the same defect—no page numbers, no certification of completeness, no structural linkage between pages.

This uniform lack of pagination across five separate years and entities is not an oversight. It reflects a systemic failure to comply with document standards and enables post-signature document manipulation.

C. Lack of Pagination Is a Red Flag for Substitution, Fraud, and "Doc-Patching"

Courts and regulatory authorities have identified the absence of page numbers in multi-page legal instruments as a strong indicator of fraudulent execution practices:

"Where key documents are submitted without page numbers, courts cannot verify their completeness. This invites substitution or deletion of material terms." See *In re Salazar*, 448 B.R. 814, 820 (Bankr. S.D. Cal. 2011)

"The absence of pagination or internal references between signature and text pages undermines authenticity and renders the document suspect." See *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 651 (2011)

"Document integrity is essential to enforcement. If pagination or certification is missing, the burden falls on the proponent to prove completeness. Failure to do so mandates exclusion." See *In re Veal*, 450 B.R. 897, 920 (B.A.P. 9th Cir. 2011)

None of the assignments in question are accompanied by any declaration from the person who signed them, the notary who witnessed them, or a custodian of records who can confirm their integrity. No declarations were filed under Rule 902(11) or 803(6) to support their trustworthiness. Without these, and without pagination, they are inadmissible under every applicable rule of evidence.

D. Missing Pagination Amplifies the Defects in Unattached Notarial Certificates

The unattached notary pages discussed in Section II are made even more problematic by the absence of pagination. Not only are the certificates on separate pages, but those pages bear no evidence whatsoever that they are part of the instrument they claim to certify.

- No "Page 2 of 2" indicator.
- No repetition of document title.
- No cross-reference to a signer or borrower.
- No identifying feature linking the notary certificate to the preceding page.

This total disconnect strips the documents of any reliability and increases the probability that:

- The notary page was copied from another transaction;
- The document was altered after execution;
- The notary never saw the full instrument;
- The assignment was fabricated for litigation purposes.

The Court cannot assume otherwise. The burden is on Defendants to prove authenticity. They have failed.

E. Relief Requested Under This Section

Plaintiff respectfully requests that the Court:

1. Strike Exhibits 2 through 6 in their entirety for failure to include pagination, internal references, or certification of document integrity;

2. Exclude the assignments as unauthenticated under FRE 901 and inadmissible under FRE 1002;

3. Disregard these documents for any purpose, including judicial notice, motion to dismiss, or proof of chain of title.

These assignments are structurally defective, legally suspect, and procedurally inadmissible. The Court cannot accept them as valid evidence in any form.

**IV. THE MERS ASSIGNMENT IS VOID AS A MATTER OF LAW, CONTRADICTED BY MERS'S OWN CORPORATE STATEMENTS, AND COLLAPSES THE ENTIRE CHAIN OF TITLE**

Defendants rely on an assignment dated July 3, 2012, recorded as Document No. 2012-0386586 and submitted as Exhibit 2. This document purports to transfer the Deed of Trust from Mortgage Electronic Registration Systems, Inc. ("MERS") to LPP Mortgage, Inc.

This assignment is void ab initio, not merely voidable, for three independent reasons:

1. MERS lacked any beneficial interest in the note;

2. MERS expressly disclaims the legal authority to assign mortgage interests;

3. The assignment violates fundamental principles of mortgage law established under *Carpenter v. Longan* and its progeny.

A. MERS Cannot Assign What It Does Not Own

The assignment identifies MERS as both "nominee" and "beneficiary." These roles are legally incompatible:

- A nominee is an agent with no ownership interest, no financial claim, and no enforceable rights;

- A beneficiary is a party with a direct financial stake in the note and the legal authority to enforce it.

MERS has admitted—repeatedly and publicly—that it is neither a lender nor a holder of the note:

"MERS, MERSCORP Holdings, or the MERS® System are not document custodians and do not hold promissory notes or mortgage documents on behalf of lenders, servicers, or investors." See MERS FAQ, https://www.mersinc.org/products-services/mers-system/faq

"We are not responsible for keeping mortgage records—the servicer maintains the loan files." Id. These admissions are fatal. A party that does not hold the note cannot assign it. Any assignment of the Deed of Trust by MERS is therefore legally void, because MERS never possessed the instrument of debt that gives the mortgage its legal force.

"The mortgage has no separate existence. An assignment of the mortgage without the note is a nullity." See *Carpenter v. Longan*, 83 U.S. 271, 274 (1872)

B. MERS Membership Agreement Disclaims Authority to Transfer Mortgage Interests

MERS's own governing contract—the MERS System Rules of Membership, Section 7—states: "MERS is not a mechanism to transfer interests in mortgage loans." See MERS Membership Agreement, Section 7, p. 13

This language is clear and unqualified. MERS acknowledges that it lacks authority to transfer loan interests. Yet this is precisely what the 2012 assignment claims to do. The contradiction is irreconcilable.

The Membership Agreement also includes the following contractual limitation:

"MERS agrees not to assert any rights with respect to MERS Loans or mortgaged properties beyond those specified in the Governing Documents." Id., Section (b), p. 1

These documents define and restrict MERS's authority. They eliminate any legal basis for a MERS-assigned Deed of Trust to LPP or any other entity. MERS was never the lender, never held the note, and contractually cannot assign mortgage rights.

C. Courts Have Repeatedly Rejected MERS Assignments as Void

Multiple courts have recognized that MERS assignments are void where MERS lacked a financial interest in the note:

"MERS lacked the authority to transfer the note, and the assignment of the deed of trust, separated from the note, was a nullity." See *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619 (Mo. Ct. App. 2009)

"MERS does not have authority as a nominee to transfer the note or mortgage interest. Any assignment made by MERS is ineffective." See *In re Agard*, 444 B.R. 231, 246 (Bankr. E.D.N.Y. 2011)

"MERS's business model is fundamentally flawed because it has no financial interest in the mortgage it purports to control." See *Landmark Nat'l Bank v. Kesler*, 216 P.3d 158, 167 (Kan. 2009)

These cases align with MERS's own corporate disclaimers. The 2012 assignment is not valid, not enforceable, and not curable by later transfers.

D. The Assignment Is Void, Not Voidable

This is a critical distinction. If the assignment were merely voidable, it might be ratified by later conduct. But an assignment that is void for lack of authority is a legal nullity. It confers no rights and cannot be used to enforce or transfer mortgage obligations.

"A void contract is without legal effect. It binds no one and is a mere nullity." See *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919, 936 (2016)

"When the initial assignment is void, all subsequent assignments based upon it are also void." See *Glaski v. Bank of America*, 218 Cal. App. 4th 1079, 1096 (2013)

Because MERS never had the authority to assign the mortgage, the entire enforcement chain that flows from that document—including assignments in 2014, 2016, and 2017—is fatally defective.

14

E. The Assignment Also Violates Governing Definitions of "Beneficiary"

A true beneficiary must be the party entitled to receive payment or enforce the debt. MERS does not:

- Originate loans;

- Fund loans;

- Hold notes;

- Receive payments.

MERS's designation as "beneficiary" is legally defective on its face. It contradicts both contract law and property law.

"Designating an agent as a beneficiary when that agent holds no interest in the obligation is a legal fiction without enforceability." See *In re Salazar*, 448 B.R. 814, 822 (Bankr. S.D. Cal. 2011)

F. Relief Requested Under This Section

Plaintiff respectfully requests that the Court:

1. Strike Exhibit 2 (Doc No. 2012-0386586) as void and inadmissible;

2. Declare the MERS assignment legally void, not voidable;

3. Strike all subsequent assignments (Exhibits 3–6) as derivative of a void instrument;

4. Reject judicial notice of Exhibit 2 based on disputed authenticity and foundational illegality;

5. Bar Defendants from claiming any enforcement rights that rely on the MERS assignment or its progeny.

Defendants cannot acquire rights from a party that disclaims them. MERS said it cannot assign mortgage interests. Courts have said MERS cannot assign mortgage interests. The assignment is a nullity. It has no force in law and must be struck.

**V. DEFENDANTS HAVE FAILED TO PRODUCE THE ORIGINAL NOTE, IN VIOLATION OF THE FEDERAL RULES OF EVIDENCE, AND CANNOT ESTABLISH STANDING OR ENFORCEMENT RIGHTS**

Defendants claim to possess and rely upon a promissory note signed by Plaintiff, but to date, they have failed to produce the original instrument, in direct violation of the Federal Rules of Evidence, well-established case law, and the constitutional requirement that standing be established through competent evidence.

A. The Original Note Is the Only Acceptable Evidence of Enforcement Authority

Federal Rule of Evidence 1002—the Best Evidence Rule—requires that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Here, the note is the sole foundation of Defendants' claimed enforcement right. The content, completeness, and authenticity of the note are disputed.

A redacted or incomplete copy cannot be used to prove the right to enforce a debt instrument. This is not a procedural technicality. It is a core evidentiary requirement.

"Where authenticity is contested, only the original is admissible." See *United States v. Safavian*, 435 F. Supp. 2d 36, 43 (D.D.C. 2006)

"The note and the mortgage are inseparable. The mortgage has no separate existence." See *Carpenter v. Longan*, 83 U.S. 271, 274 (1872)

"To enforce the note, one must demonstrate possession of the original instrument." See UCC § 3-301

"A person not in possession of the note cannot enforce it unless very specific conditions are met under UCC § 3-309." See *In re Veal*, 450 B.R. 897, 920 (B.A.P. 9th Cir. 2011)

Defendants have met none of these conditions.

B. Defendants Submitted Redacted and Contradictory Copies Without Custodial Foundation

Instead of producing the original note, Defendants have:

- Submitted redacted copies of a purported note;
- Filed no declaration from a custodian of records or any person with personal knowledge;
- Offered no chain-of-custody evidence;
- Failed to comply with FRE 902(11) (certification of business records) or 803(6) (hearsay exception for regularly kept records);
- Offered no Rule 1004 justification for the absence of the original.

Their copy is inadmissible on every evidentiary ground. A redacted note is not a complete note. A copy with concealed or missing terms has no probative value and fails to satisfy the burden of proof.

"The person seeking enforcement must show possession of the instrument and a valid chain of assignments." See *In re Veal*, 450 B.R. at 920

"Where the original note is unavailable, strict foundational requirements must be met. Absence of the original destroys enforceability." See *In re Kemp*, 440 B.R. 624 (Bankr. D.N.J. 2010)

C. Defendants Have Made Contradictory Statements About the Note's Existence and Location

Defendants have stated at various times that:

- The note is "held in a secure vault";
- They "possess a copy" but not the original;
- Production is "unnecessary under California's nonjudicial framework."

These statements are inconsistent and evasive. If the note is truly held in a vault, it can be produced. If it is not, Defendants must provide a sworn declaration explaining its absence and satisfy the requirements of FRE 1004. They have done neither.

"Inconsistent representations regarding possession of the note undermine credibility and suggest fraud." See *In re Wilhelm*, 407 B.R. 392 (Bankr. D. Idaho 2009)

Opposing counsel cannot simultaneously seek dismissal under Rule 12(b)(6) while hiding the central instrument of enforcement. The Court must not tolerate this contradiction.

D. The Refusal to Produce the Note Precludes Enforcement and Standing

Defendants seek to enforce a contractual instrument they will not produce. That alone is grounds for exclusion of their claims and exhibits. A plaintiff or defendant cannot invoke the power of the court without proving, through admissible evidence, that it holds the instrument it seeks to enforce.

This principle applies in every jurisdiction, including federal court:

"Standing must be supported by factual allegations and competent evidence, not redacted exhibits or legal presumptions." See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)

"Article III standing cannot be assumed based on attorney argument. The party invoking federal jurisdiction must prove an injury in fact traceable to a real instrument." See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)

E. Relief Requested Under This Section

Plaintiff respectfully requests that the Court:

1. **Strike** the redacted note submitted by Defendants for failure to comply with FRE 1002 and 901;

2.  Bar Defendants from asserting standing or enforcement authority based on any instrument not produced in its original form or justified under FRE 1004;

3.  Deny judicial notice of the note, as its authenticity and completeness are disputed;

4.  Prohibit further reliance on redacted or unauthenticated copies in any motion or pleading.

Unless and until the original note is produced, and authenticated by a competent custodian of records, Defendants cannot proceed with any claim to enforce it.

**VI. DEFENDANTS' SUBMISSION OF PLAINTIFF'S BANKRUPTCY PETITION IS MISLEADING, LEGALLY IRRELEVANT, AND EVIDENCE OF ATTORNEY MISCONDUCT**

Defendants submitted as Exhibit 10 a 25-page copy of Plaintiff's voluntary Chapter 13 bankruptcy petition, filed April 29, 2025, in the U.S. Bankruptcy Court for the Southern District of California (Case No. 25-01678-JBM13). While this petition is signed and procedurally complete, it has no bearing on the legal or evidentiary issues before this Court. Defendants submitted it not to support a claim or defense, but to sow confusion and imply a jurisdictional conflict that does not exist.

A. Exhibit 10 Contains No Rulings, Orders, or Findings Relevant to Foreclosure or Enforcement

The petition includes no:

- Order granting relief from stay under 11 U.S.C. § 362(d);

- Objection resolution or hearing transcript involving the parties in this case;

- Claim filed or validated by LPP Mortgage, CLMG Corp., or MERS;

- Bankruptcy court ruling on title, standing, or chain of assignments.

The presence of a signed bankruptcy petition in the record does not adjudicate the claims at issue here. It does not resolve Plaintiff's chain-of-title arguments, nor does it confer any legal authority

on Defendants. This Court retains full jurisdiction under Article III to determine whether

Defendants can lawfully enforce the promissory note and Deed of Trust.

B. Defendants Imply Dual Jurisdiction Without Citing Any Legal Doctrine

Defendants do not invoke abstention, stay, or preemption under 28 U.S.C. § 1334 or the

Bankruptcy Code. They do not move to stay the action or assert an automatic stay defense.

Instead, they quietly insert the bankruptcy filing into the record to suggest that this matter is

pending before "two courts," thereby muddying the waters and misleading the Court.

There is no procedural conflict. No order has been entered in the bankruptcy case affecting the

subject property. No foreclosure claim has been resolved. Defendants' implication of

overlapping jurisdiction is unsubstantiated and procedurally improper.

C. Exhibit 10 Is Irrelevant Under FRE 403 and Inadmissible Under FRE 901

The bankruptcy petition contains no information probative of standing, possession of the note, or

the authenticity of the assignments. It serves only to mislead and distract from Defendants'

evidentiary defects.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a

danger of… misleading the [court], confusing the issues…" See *FRE 403*

"Authentication is a condition precedent to admissibility." See *FRE 901(a)*

Despite its formal appearance, Exhibit 10 has no substantive impact on the issues before this

Court and must be excluded.

D. Use of the Bankruptcy Petition Without Context Is Litigation Misconduct

Defendants' submission of a bankruptcy petition with no accompanying court order or

adjudication constitutes attorney misconduct. It was filed not to clarify, but to confuse and

prejudice. It violates both the letter and spirit of Federal Rule of Civil Procedure 11(b).

"Courts have the inherent power to sanction attorneys who act in bad faith, abuse judicial process, or mislead the court through procedural tactics." See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)

The Court should not condone counsel's use of judicial records to create false implications.

E. Plaintiff Will Be Objecting to Any Proof of Claim Filed in the Bankruptcy Proceeding

Plaintiff hereby places this Court on notice that she will be filing a formal objection to any Proof of Claim (POC) submitted by LPP Mortgage, CLMG Corp., or any entity claiming enforcement rights in the bankruptcy proceeding. That objection will be based on:

- Lack of standing,
- Fraudulent and unauthenticated assignments,
- Failure to produce the original promissory note,
- Inconsistencies in document chains and legal authority.

No claim has been allowed in that court. No adjudication has taken place. The presence of a bankruptcy petition in this record is not a bar to Plaintiff's claims here, nor does it validate Defendants' positions in either forum. Defendants are not entitled to deference in this Court based on a petition that remains open, unresolved, and contested.

F. Relief Requested Under This Section

Plaintiff respectfully requests that the Court:

1. Strike Exhibit 10 from the record in its entirety;

2. Deny judicial notice of the bankruptcy filing under FRE 403 and 901;

3. Admonish or sanction Defendants' counsel for using the exhibit to mislead the Court;

4. Bar further reference to the bankruptcy case unless supported by certified judicial orders demonstrating legal effect;

5. **Preserve Plaintiff's right to object** to any claim filed by Defendants in the bankruptcy court, without prejudice to her claims here.

This Court must reject the use of procedural misdirection in place of admissible evidence. Exhibit 10 is irrelevant, prejudicial, and improperly offered. It must be struck.

## VII. CONCLUSION AND PRAYER FOR RELIEF

The documents submitted by Defendants in support of their Motion to Dismiss and Request for Judicial Notice are procedurally defective, evidentially inadmissible, and legally void. They include:

- Redacted exhibits filed without court authorization, in violation of Local Civil Rule 79.2 and General Order 514;

- Assignments of Deed of Trust with unattached notarial pages, violating Cal. Civ. Code § 1189(a) and rendering them unauthenticated under FRE 901;

- Unpaginated multi-page documents, raising serious concerns about post-execution tampering, fraud, and lack of completeness;

- Void assignments executed by MERS, which lacks any beneficial interest or authority to assign mortgage rights;

- Redacted or altered copies of the promissory note, submitted without a declaration from a custodian or compliance with the Best Evidence Rule under FRE 1002;

- A bankruptcy filing (Exhibit 10) improperly used to suggest jurisdictional conflict and confuse the Court, despite lacking any ruling on title, enforcement, or standing.

Together, these documents do not meet the minimum threshold for admissibility under the Federal Rules of Evidence. They cannot be judicially noticed, relied upon, or treated as competent evidence in support of any dispositive motion.

Moreover, Defendants' filing tactics, including the misleading use of the bankruptcy record, reflect a broader pattern of procedural gamesmanship and document abuse. The integrity of this Court's evidentiary record must be protected. The rules of civil procedure and evidence exist to prevent exactly this kind of misconduct.

**PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT:**

1. Strike all redacted documents submitted by Defendants for failure to comply with Local Rule 79.2, General Order 514, and the Best Evidence Rule (FRE 1002);

2. Strike Exhibits 2 through 6 (recorded assignments) on the grounds of unattached notarial pages, missing pagination, and lack of authentication under FRE 901;

3. Declare the MERS assignment (Exhibit 2) void, and exclude all subsequent assignments built on it as legally defective;

4. Strike any copies of the promissory note that are redacted, unaccompanied by a custodian declaration, or not justified under FRE 1004;

5. Exclude Exhibit 10 (bankruptcy filing) as irrelevant, misleading, and procedurally weaponized in violation of FRE 403 and 901;

6. Admonish or sanction Defendants' counsel for filing unauthorized, unauthenticated, or misleading materials under Rule 11 and the Court's inherent authority;

7. Bar Defendants from relying on any documents not produced in original form or lacking a clear chain of custody;

8. Award such other and further relief as this Court deems just, equitable, and necessary to preserve the integrity of its proceedings.

Dated: 5-7-25

Respectfully submitted,

1

2  Klara Gianna Gallusz
   Pro Se Plaintiff

3  3639 Midway Drive, Unit 408
   San Diego, California 92110

4  klaragianna@gmail.com
   619-916-9215

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2025, I served a true and correct copy of the Motion to Strike Redacted Exhibits and Defective Assignments by mail and email upon the following:

Attorney for Defendant

LPP MORTGAGE, INC., F/K/A LPP MORTGAGE LTD:

Regina J. McClendon

Three Embarcadero Center, Suite 800

San Francisco, CA 94111

Troutman Pepper Locke LLP

regina.mcclendon@troutman.com


Klara Gianna Gallusz
_____

Klara Gianna Gallusz

Plaintiff, Pro Se