TROUTMAN PEPPER LOCKE LLP
Regina J. McClendon (SBN 184669)
regina.mcclendon@troutman.com
Meagan S. Tom (SBN 273489)
meagan.tom@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:  (415) 477-5700
Fax:  (415) 477-5710

Attorneys for Defendant
LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>                    Plaintiff,<br><br>     vs.<br><br>LPP MORTGAGE, INC. F/K/A LPP MORTGAGE LTD.,<br><br>                    Defendants. | CASE NO.:  3:25-cv-00885-JLS-BLM<br><br>**LPP MORTGAGE, INC.'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF ORIGINAL PROMISSORY NOTE, FOR SANCTIONS UNDER RULE 37, AND FOR JUDICIAL DECLARATION OF LACK OF STANDING**<br><br>Complaint Filed: April 10, 2025 |

Plaintiff's Motion seeks a Court Order (1) compelling LPP Mortgage Inc. to "produce the original, wet-ink promissory note within seven (7) days", (2) evidentiary sanctions should LPP fail to comply, and (3) "a declaration of lack of standing and

preclude [sic] foreclosure absent proof of enforcement rights as defined by law." Dkt. 18, 1:27-2:3. Plaintiff's Motion should be denied for multiple reasons.[1]

First, discovery has not opened. Rule 26(d) of the Federal Rules of Civil Procedure prohibits a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)" unless the proceeding is exempted from the initial disclosure requirements by Rule 26(a)(1)(B).[2] No Rule 26(f) conference has occurred. *See* Declaration of Regina J. McClendon ("McClendon Decl.,"), ¶ 2. Thus, the Motion should be denied, given LPP is not currently under any obligation to respond to discovery.

Second, Plaintiff has not served any formal discovery. Plaintiff's mistaken belief that her multiple demands outside of litigation for LPP to "produce the original note" for her inspection cannot serve as the basis for her Motion or demand for sanctions. It is well settled that a motion to compel under Rule 37 can only be

---

[1] Plaintiff filed for Chapter 13 bankruptcy protection on April 29, 2025, preventing LPP from moving forward with its May 7, 2025 foreclosure sale. It is well settled that defending oneself in a lawsuit filed by a debtor does not violate the automatic stay. *See White v. City of Santee*, 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995); *accord In re Merrick*, 175 B.R. 333, 336 (9th Cir. BAP 1994)("… we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor."). Thus, while LPP continues defending itself in this lawsuit, it does not intend to proceed with the foreclosure sale or seek to collect on the debt while the automatic stay is in effect.

[2] Rule 26(a)(1)(B) lists certain proceedings as exempt from initial disclosure which include: (i) an action for review on an administrative record; (ii) a forfeiture action in rem arising from a federal statute; (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence; (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision; (v) an action to enforce or quash an administrative summons or subpoena; (vi) an action by the United States to recover benefit payments; (vii) an action by the United States to collect on a student loan guaranteed by the United States; (viii) a proceeding ancillary to a proceeding in another court; and (ix) an action to enforce an arbitration award. None of these exceptions apply.

brought after an opposing party fails to comply with formal discovery. *See e.g.,* *Cortinas v. Vasquez*, No. 1:19-cv-00367-JLT-SKO, 2022 WL 1023795 at *3 (E.D. Cal. Apr. 5, 2022) (collecting cases); *MAO-MSO Recovery, LLC v. Mercury General*, No. 17-cv-02525-AB (AFMx), 2019 WL 1423772 at *8 (C.D. Cal. Feb. 19, 2019) ("A Rule 37 motion to compel may not be used to enforce an 'informal' request for documents or information, such as that of the July 13 letter") (citation omitted).

Third, Plaintiff failed to comply with the meet and confer process. "Failure to meet and confer in good faith is grounds for denial of the motion to compel." *Heilamn v. Silva*, No. 13cv2984-JLS-MDD, 2015 WL 1632693 at *2 (S.D. Cal. Apr. 13, 2015) (citation omitted). Rule 37(a)(1) requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Civil Local Rule 26.1(a) states that "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues." Here, the parties have not met and conferred regarding Plaintiff's Motion. *See* McClendon Decl., ¶ 3. Plaintiff's Motion should be denied for this additional reason.

Finally, Plaintiff's request for the Court to "enter a declaration of lack of standing and preclude foreclosure absent proof of enforcement rights as defined by law" should be denied. As discussed in LPP's Motion to Dismiss, California's non-judicial foreclosure statutes and case law interpreting those statutes bar preemptive lawsuits like Plaintiff's seeking to force lenders to prove standing to foreclose. *See generally,* Dkt. 15-1. As explained in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011), there is good reason for this: "[t]he recognition of the right to bring a lawsuit to determine a [party's] authorization to proceed with foreclosure… would ***fundamentally undermine*** the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid

1  foreclosures."  Emphasis added.  Plaintiff's request for a judicial determination of
2  LPP's standing to foreclose is impermissible and should be denied.

3      For these reasons, LPP respectfully requests the Court deny Plaintiff's Motion
4  in its entirety.

5

6  Dated:  May 15, 2025                    Respectfully submitted,

7                                          TROUTMAN PEPPER LOCKE LLP

8

9                                          By:  */s/ Meagan S. Tom*
10                                              Regina J. McClendon
11                                              Meagan S. Tom
                                            Attorneys for Defendant LPP Mortgage,
12                                          Inc. f/k/a LPP Mortgage Ltd.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LPP'S OPPOSITION TO MOTION TO COMPEL
*Gallusz v. LPP Mortgage, Inc.*, Case No. 3:25-cv-00885-JLS-BLM