TROUTMAN PEPPER LOCKE LLP
Regina J. McClendon (SBN 184669)
regina.mcclendon@troutman.com
Meagan S. Tom (SBN 273489)
meagan.tom@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:  (415) 477-5700
Fax:  (415) 477-5710

Attorneys for Defendant
LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>   Plaintiff,<br><br>vs.<br><br>LPP MORTGAGE, INC. F/K/A LPP MORTGAGE LTD.,<br><br>   Defendants. | CASE NO.:  3:25-cv-00885-JLS-BLM<br><br>**LPP MORTGAGE, INC.'S OPPOSITION TO MOTION TO STRIKE REDACTED EXHIBITS AND DEFECTIVE ASSIGNMENTS**<br><br>Complaint Filed: April 10, 2025 |

Plaintiff's Motion seeks to strike certain exhibits in support of LPP Mortgage, Inc.'s Motion to Dismiss because Plaintiff claims (1) the redactions violate Local Rules and Federal Rules of Evidence, (2) the assignments of the deed of trust were "defective" and "fabricated," and (3) the assignment from Mortgage Electronic Registration Systems, Inc. is "void as a matter of law," thus collapsing "the entire

chain of title." *See generally*, Dkt. 20. Plaintiff's Motion should be denied for multiple reasons.[1]

      First, the redactions Plaintiff complains of were proper. LPP redacted, in part, loan numbers that appeared on some exhibits. These redactions are required by the Court. The Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California, Section 1(h)(4), requires, unless otherwise ordered by the court, that financial account numbers be partially redacted "from all pleadings and documents filed with the court including exhibits thereto." The only information LPP partially redacted from the Request for Judicial Notice exhibits was the loan numbers (and the MIN number containing the loan number), as required. The Court has not ordered that LPP file the exhibits unredacted. Thus, the partial redactions were proper.[2]

      Second, to the extent this Motion is being brought under Rule 12(f), it must be denied, as Rule 12(f) applies to pleadings, not requests for judicial notice. Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Emphasis added. Under Rule 7(a), a pleading is defined as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-

---

[1] Plaintiff filed for Chapter 13 bankruptcy protection on April 29, 2025, preventing LPP from moving forward with its May 7, 2025 foreclosure sale. It is well settled that defending oneself in a lawsuit filed by a debtor does not violate the automatic stay. *See White v. City of Santee*, 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995); *accord In re Merrick*, 175 B.R. 333, 336 (9th Cir. BAP 1994)("… we could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor."). Thus, while LPP continues defending itself in this lawsuit, it does not intend to proceed with the foreclosure sale or seek to collect on the debt while the automatic stay is in effect.

[2] Should the Court request unredacted versions of the exhibits, LPP will provide them.

party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). A request for judicial notice is none of these things. Thus, it is not a pleading, and Rule 12(f) is inapplicable.

Third, Plaintiff's challenge to the assignments of the deed of trust is without merit. As explained in LPP's Motion to Dismiss, Plaintiff cannot challenge the assignment of the Deed of Trust, given (1) assignments do not need to be recorded to be effective or to non-judicially foreclose, and (2) Plaintiff does not have standing to challenge the validity of any assignments. *See* Dkt. 15-1.

For these reasons, LPP respectfully requests the Court deny Plaintiff's Motion.

Dated: May 15, 2025

Respectfully submitted,

TROUTMAN PEPPER LOCKE LLP

By: */s/ Meagan S. Tom*
Regina J. McClendon
Meagan S. Tom
Attorneys for Defendant LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.