UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>                              Plaintiff,<br><br>v.<br><br>LPP MORTGAGE, INC. f/k/a LPP MORTGAGE LTD,<br><br>                              Defendant. | Case No.: 25-CV-885 JLS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST FOR SANCTIONS**<br><br>(ECF No. 13) |

Presently before the Court is Plaintiff Klara Gianna Gallusz's ("Plaintiff") *ex parte* Motion for Reconsideration of Order Denying Temporary Restraining Order ("Mot.," ECF No. 13). Plaintiff moves for reconsideration of the Court's April 22, 2025 Order denying her Application for Temporary Restraining Order ("Order," ECF No. 12). In such Motion, Plaintiff also includes a request that the Court issue an "Order to Show Cause why Rule 11 sanctions should not be imposed." Mot. at 12. Defendant LPP Mortgage, Inc. f/k/a LPP Mortgage LTD ("Defendant") filed an opposition on May 2, 2025. ECF No. 14 ("Opp'n"). Plaintiff then filed a Reply. ECF No. 17 ("Reply"). Having considered the Parties' arguments and the law, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

On April 10, 2025, Plaintiff Klara Gianna Gallusz, appearing pro se, filed a Complaint titled "Verified Petition for Declaratory and Injunctive Relief: Bill in Equity Ex

Parte Hearing for Declaratory Judgment and Injunctive Relief Due to Lack of Article III Standing" in the Superior Court of California for the County of San Diego. Exhibit A to Defendant's Notice of Removal, ECF No. 1-3 ("Compl."). In her Complaint, Plaintiff indicates the real property located at 3050 Rue D Orleans, Unit #410, San Diego, California 92110 (the "Property"), is "the subject of a threatened non-judicial foreclosure sale scheduled for April 16, 2025, at 10:30 AM, to take place at the entrance of East County Regional Center, 250 E. Main Street, El Cajon, CA 92020." Compl. at 2. Plaintiff's Complaint seeks declaratory and injunctive relief, including "a determination of legal rights, and to prevent irreparable harm from unlawful foreclosure." *Id.*

On April 14, 2025, Defendant removed this case to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. *See* ECF No. 1. Plaintiff then filed an *Ex Parte* Application for Temporary Restraining Order ("Appl.," ECF No. 3), along with an attached Memorandum of Points and Authorities ("Mem.," ECF No. 3-1) and Declaration of Plaintiff in support of her Application ("Gallusz Decl.," ECF No. 3-2). Plaintiff's TRO Application sought immediate relief in the form of a temporary restraining order ("TRO") enjoining Defendant from conducting a non-judicial foreclosure sale of her home, which was—when she filed her TRO Application—scheduled for the next day, April 16, 2025. Appl. at 1.

On April 15, 2025, the Court issued an administrative stay of the April 16, 2025 Trustee Sale and directed Defendant to respond to Plaintiff's TRO Application by 5:00 p.m. on April 17, 2025. *See* ECF No. 6. The Court also ordered Defendant to serve a copy of its Order on Plaintiff, as well as any opposition it filed, and permitted Plaintiff to file a reply to Defendant's opposition by 5:00 p.m. on April 18, 2025. *Id.*

Defendant subsequently filed its Opposition ("Opp'n," ECF No. 8), and Declaration of Melissa Sassine in support of its Opposition ("Sassine Decl.," ECF No. 8-2). Plaintiff then filed her Reply ("Reply," ECF No. 10), followed by a Supplemental Declaration in support of her Application ("Suppl. Gallusz Decl.," ECF No. 11).

After due consideration the Court found Plaintiff failed to demonstrate a likelihood

of success on the merits and the equities and public interest were balanced against her, thus the Court held she failed to satisfy either of the tests necessary for the issuance of a TRO in the Ninth Circuit and denied her application.  *See generally* Order.

Plaintiff then filed her instant Motion for Reconsideration, which includes a request that the Court issue an "Order to Show Cause why Rule 11 sanctions should not be imposed."  Mot. at 12.

## MOTION FOR RECONSIDERATION

### I.    Legal Standard

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  *Id.*  "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment."  *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (emphasis in original) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).  "Clear error or manifest injustice occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'"  *Young v. Wolfe,* No. CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).  "As the Ninth Circuit has explained the clear error standard, '[t]o be clearly erroneous, a decision must strike us as more than just maybe

or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *3 n.2 (E.D. Cal. Dec. 11, 2012) (quoting *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## II.    Analysis

Plaintiff asks the Court to reconsider its April 24, 2025 Order denying her TRO Application. *See generally* Mot. Plaintiff contends reconsideration is warranted because the Court "[d]id not consider Plaintiff's timely reply and objections;" "[r]elied on a declaration not signed under penalty of perjury, in violation of 28 U.S.C. § 1746;" "[c]ited unauthenticated documents in violation of Rule 901 and 803(6);" "[m]isstated controlling federal jurisdictional doctrine;" and "[a]llowed foreclosure without requiring proof of enforcement authority." *Id.* at 3.

To the extent Plaintiff argues the Court did not consider her reply and objections, the Court respectfully disagrees, as it expressly acknowledged and cited such filings in its Order. *See* Order at 4; *see also* Order at 8. And to the extent Plaintiff disputes Melissa Sassine's Declaration was sworn, Plaintiff provides no basis for her assertion, and the record reflects otherwise. *See* Sassine Decl. at 9. Moreover, it is not clear what "unauthenticated documents" Plaintiff contends the Court relied on, as the Court expressly

denied Defendant's Request for Judicial Notice as moot because it "did *not* rely on these documents in reaching its conclusion[.]"  Order at 4 n.1 (emphasis added).

Plaintiff's remaining challenges largely reiterate the "same arguments, facts[,] and case law" that this Court already considered; accordingly, Plaintiff raises insufficient grounds to grant reconsideration.  *See Wargnier v. Nat'l City Mortg. Inc.*, No. 09cv2721-GPC-BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court).  "A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome."  *See FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting *Devinsky v. Kingsford*, No. 05 Civ.2064(PAC), 2008 WL 2704338, at *2 (S.D.N.Y. 2008)), *aff'd*, 604 F.3d 1150 (9th Cir. 2010).  To the extent Plaintiff makes new arguments, she does not identify newly discovered evidence or an intervening change in controlling case law.  Consequently, Plaintiff has failed to establish that she is entitled to reconsideration of the Court's Order on the identified issues.  *Arellano v. Santos*, No. 3:18-cv-02391-BTM-WVG, 2019 WL 1040134, at *3 (S.D. Cal. Mar. 4, 2019) (holding motions for reconsideration do not give parties "a second bite at the apple," and may not "be used to ask the Court to rethink what it has already thought" (citations and internal quotation marks omitted)).

Furthermore, the Court does not find its decision to deny Plaintiff's TRO Application gives rise to "the definite and firm conviction that a mistake has been committed."  *Young*, 2017 WL 2798497, at *5 (citation and internal quotation marks omitted).  Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.[1]

---

[1] Defendant requests the Court take judicial notice of "a Voluntary Petition for Individuals Filing for Bankruptcy filed April 29, 2025 in *In re: Klara Gianna Gallusz*, United States Bankruptcy Court – Southern District of California, Case No. 25-01678-JBM13."  *See* Defendant's Request for Judicial Notice, ECF No. 14-1.  Plaintiff does not appear to oppose this request in her Reply, and she acknowledges she filed for "Chapter 13 bankruptcy on April 29, 2025," as a "last-resort measure to prevent an unlawful

**REQUEST FOR SANCTIONS**

Next, Plaintiff requests the Court "issue an Order to Show Cause requiring Defendant and its counsel to explain why sanctions should not be imposed for their conduct in this matter, including the use of defective declarations, misleading legal claims, and unauthenticated exhibits in a federal proceeding affecting property rights." Mot. at 12.

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 11, when a "pleading, written motion, or other paper," Fed. R. Civ. P. 11(b), "is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose," the court may impose sanctions, *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994) (citing *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992); *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).  A request for sanctions must be made by separate motion, and the moving party must provide the other party twenty-one days in which to correct or withdraw the writing at issue prior to filing the sanctions motion.  Fed. R. Civ. P. 11(c)(2).

The standard governing whether a pleading or motion is "frivolous" or brought for an "improper purpose" is one of reasonableness and objectivity.  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc) (citing *Zaldivar v. City of L.A.*, 780 F.2d 823, 832 (9th Cir. 1986), *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)).  Where reasonable inquiry would reveal errors, a party may not avoid sanctions by claiming an innocent, good-faith mistake or carelessness.  *Lloyd v. Schlag*, 884 F.2d 409, 412 (9th Cir. 1989).  However, "sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus Auto. Fin. Serv., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344).  Even if a court finds that a violation has

---

taking of property without due process." Reply at 6.  However, as the Court does not rely on this document in reaching its conclusion, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice (ECF No. 14-1).

25-CV-885 JLS (BLM)

occurred, the imposition of sanctions is discretionary. *See Warren*, 29 F.3d at 1390.

## II.    Analysis

As an initial matter, Plaintiff's request for sanctions does not comply with the procedural requirements of Rule 11(c)(2).   In any event, the Court does not find Defendant's Opposition to Plaintiff's TRO Application to be "frivolous, legally unreasonable, or without factual foundation, or . . . brought for an improper purpose." *Warren*, 29 F.3d at 1388 (citation omitted).  Indeed, the Court ultimately denied Plaintiff's TRO Application, on several bases identified by Defendant.  Accordingly, this is certainly not the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Primus Auto. Fin. Serv., Inc*, 115 F.3d at 649.  Thus, Plaintiff's request is **DENIED**.

CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 13).  The Court further **DENIES** Plaintiff's request that this Court issue an Order to Show Cause why sanctions should not be imposed against Defendant.

**IT IS SO ORDERED.**

Dated:  May 21, 2025

Hon. Janis L. Sammartino
United States District Judge