TROUTMAN PEPPER LOCKE LLP
Regina J. McClendon (SBN 184669)
regina.mcclendon@troutman.com
Meagan S. Tom (SBN 273489)
meagan.tom@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone:  (415) 477-5700
Fax:  (415) 477-5710

Attorneys for Defendant
LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>            Plaintiff,<br><br>    vs.<br><br>LPP MORTGAGE, INC. F/K/A LPP MORTGAGE LTD.,<br><br>            Defendants. | CASE NO.:  3:25-cv-00885-JLS-BLM<br><br>**DEFENDANT LPP MORTGAGE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:   June 26, 2025<br>Time:  1:30 p.m.<br>Place:  Courtroom 4D, 4th Floor<br><br>Complaint Filed: April 10, 2025 |

## I.     INTRODUCTION

The Court should dismiss the Complaint. The Complaint's sole claims are for declaratory and injunctive relief regarding LPP's standing to foreclose on the Property. Both claims fail as a matter of law, as they are not independent causes of action. The Opposition does not address this point, and the Court should grant the Motion on this basis alone.

Instead, the Opposition argues that (1) California non-judicial foreclosure statutes and case law interpreting those statutes do not apply in federal court, (2) the cases cited are "outdated," (3) LPP must "prove" it has Article III standing to non-judicially foreclose, and (4) LPP's failure to "produce any evidence" of its ownership of the Loan necessitates denial of the Motion.

But Plaintiff's arguments run contrary to well-established case law. Given California non-judicial foreclosure statutes provide the substantive basis for Plaintiff's claims, under the Erie Doctrine, the Court can and should apply California law and case law interpreting those statutes. Further, *Yvanova v. New Century Mortgage Corp.*, 62 Cal. 4th 919 (2016) did not completely overrule or reverse *Jenkins v. JPMorgan Chase*, 216 Cal. App. 4th 497 (2013); rather, it narrowly holds that a borrower might have standing to challenge assignments of the deed of trust *post-foreclosure sale*. This is inapplicable to Plaintiff's lawsuit, given no foreclosure sale has occurred. Finally, LPP does not need to "prove" it has standing to non-judicially foreclose.

For these reasons, and the reasons set forth in the Motion, Plaintiff's Complaint should be dismissed.

## II.     LEGAL ARGUMENT

### A.     The Opposition does not address the deficiencies with the Complaint's two causes of action

As noted in the moving papers, Plaintiff's Complaint fails as a matter of law given the two causes of action for declaratory relief and injunctive relief are not

independent causes of action.  Plaintiff does not present any arguments to the contrary, necessitating dismissal.

Plaintiff attempts to avoid this result, arguing that she has stated claims for wrongful foreclosure, "violation of due process", quiet title and declaratory relief, injunctive relief, and "discharge of debt via lawful tender."  Dkt. 19, 4:22-5:7.  Plaintiff's attempt to introduce new claims not included in the Complaint is improper. "Matters extraneous to the pleading should not be considered in the context of a motion to dismiss under Rule 12(b)(6), which with exceptions not relevant here must depend on the allegations made within the four corners of the complaint." *Alexander v. Kujok*, 158 F. Supp. 3d 1012, 1022 (E.D. Cal. 2016).  Thus, this Court should disregard these new allegations.

**B.     California's non-judicial foreclosure statutes apply**

Next, Plaintiff argues that California law does not apply in federal court, because "California's nonjudicial foreclosure rules do not displace the United States Constitution, Article III standing doctrine, or the Federal Rules of Evidence."  Dkt. 19, 6:13-15.

Plaintiff is wrong.  Under the Erie Doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center of Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Put another way, "'[w]here state law supplies the rule of decision, it is the duty of federal courts to ascertain and apply that law.'" *In re Exxon Valdez*, 484 F. 3d 1098, 1100 (9th Cir. 2007) (citation omitted).

Here, California law supplies the rule for the decision, that is the process for non-judicial foreclosure, including whether a lender must prove standing to non-judicially foreclose under a deed of trust.  In accordance with this rule, multiple federal courts routinely apply California's non-judicial foreclosure statutes and case law interpreting them to similar, preemptive lawsuits filed by borrowers against non-judicially foreclosing beneficiaries. *See e.g., Perez v. Mortgage Electronic Registration Systems, Inc.*, 959 F. 3d. 334, 338 (9th Cir. 2020); *Herrejon v. Ocwen*

*Loan Servicing, LLC,* 980 F. Supp. 2d 1186, 1201 (E.D. Cal. 2013); *In re: Sandri*, 501 B.R. 36 (N.D. Cal. Bank. 2013); *Ponce v. Select Lending Services, LLC,* No. 8:22-cv-01078-FWS-JDE, 2022 WL 17254788 at * 4-5 (C.D. Cal. Aug. 3, 2022); *Poorsina v. New Penn Financial, LLC*, No. 21-cv-05001-LB, 2021 WL 5744329 at *2 (N.D. Cal. Dec. 2, 2021); *Saterbak v. National Default Servicing Corp.,* No. 15cv956-WQH-BGS, 2016 WL 4430922 at *7 (S.D. Cal. Aug 22, 2016); *Gorman v. Wells Fargo Bank, N.A.,* No. 15-194, 2015 WL 1813608 at *4 (C.D. Cal. Apr. 21, 2015); *Sicairos v. NDEX West, LLC*, No. 08cv2014–LAB (BLM), 2009 WL 385855 at * 2 (S.D. Cal. Feb. 13, 2009). LPP has not identified, nor has Plaintiff cited, any California federal cases in which the court declined to apply California non-judicial foreclosure statutes or case law interpreting the statutes. Thus, the Court can and should apply California non-judicial foreclosure statutes and case law interpreting them to Plaintiff's claims.

Finally, the Court previously applied California law to Plaintiff's claims in its Order denying Plaintiff's motion for temporary restraining order. Dkt. 12. It should do so again.

### C. The Motion's cited cases remain good law

The Opposition also claims that LPP relies on "non-binding and outdated cases" as "[m]ost of these decisions were issued before" *Yvanova* "which reversed the rule of *Jenkins* and held unequivocally that a borrower has standing to challenge a void assignment." Dkt. 19, 6:10-12. Plaintiff's reasoning is flawed.

First, *Yvanova* does not stand for such a proposition. Rather, the holding is a narrow one:

> hold[ing] only that a borrower **who has suffered a nonjudicial foreclosure** does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment. **We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed.**

*Id.* at 924 (emphasis added).

*Yvanova* does not overrule the *Jenkins* for the propositions that (1) California law has long been clear that a party is not required to "produce the promissory note or otherwise prove it holds the note" to non-judicially foreclose or (2) Plaintiff is prohibited from bringing a lawsuit challenging a beneficiary's right to foreclose on the deed of trust. *Jenkins, supra,* 216 Cal. App. 4th at 511-13.  Federal courts have also noted *Yvanova*'s holding only applies to post-foreclosure lawsuits. *See e.g., Perez, supra*, 959 F. 3d. at 338; *Saterbak, supra,* 2016 WL 4430922 at *7 ("The California Supreme Court's decision in *Yvanova* does not impact the Court's analysis in this case, where the Plaintiff is challenging an assignment of a deed in order to prevent a non-judicial forecourse that has not yet occurred."); *Ponce v. Select Lending Services, LLC,* 2022 WL 17254788 at *5 (C.D. Cal. Aug. 3, 2022) (citation omitted).

Second, not all of the cases cited in the Motion were decided pre-*Yvanova*. Indeed, two cases listed in the Opposition, *Saterbak v. JPMorgan Chase*, 245 Cal. App. 4th 808 (2016) and *St. Dennis v. Rushmore Loan Management Services, LLC*, No. LA CV17-01569, 2018 WL 11355414 (C.D. Cal. Nov. 30, 2018), were decided after *Yvanova*.  Thus, these cases were necessarily not overruled by *Yvanova*.

In sum, *Jenkins* and the cases cited in the Motion remain good law.  Plaintiff does not cite any cases demonstrating that her "lack of standing" theories are viable. She does not cite any cases demonstrating she can preemptively challenge LPP's right to non-judicially foreclose.  Nor does she cite any cases demonstrating that she can challenge the assignment of the Deed of Trust pre-foreclosure.  Dismissal is appropriate for these additional reasons.

### D.     LPP does not need to prove Article III standing

Next, Plaintiff claims that LPP, even as a defendant, must prove Article III standing because it "voluntarily removed this case to federal court" and "now seeks to enforce rights, oppose equitable relief, and extinguish Plaintiff's interest in real property without producing a single admissible document."  Dkt. 19, 6:24-26.

Case 3:25-cv-00885-JLS-BLM   Document 28   Filed 06/17/25   PageID.1460   Page 6 of 8

Article III standing relates to a **plaintiff's** ability to bring a lawsuit in federal court to seek redress for a legal wrong. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). It does not apply to a non-judicial foreclosure, which necessarily does not involve a lawsuit in either state or federal courts. As such, LPP does not need to establish standing under Article III to commence non-judicial foreclosure proceedings following Plaintiff's default.

**Plaintiff, not LPP,** filed this lawsuit. Plaintiff named LPP as a defendant. LPP does not need to demonstrate any standing with respect to the Loan to defend itself in this lawsuit. This includes removing the matter to federal court (as is a defendant's right), filing oppositions to Plaintiff's motions, and filing the instant Motion. At no time has LPP filed a lawsuit against Plaintiff "to enforce its rights" with respect to the Loan or "extinguish Plaintiff's interest in real property."[1]

Further, as noted in the moving papers, a lender does not need to prove it has standing to non-judicially foreclose prior to the foreclosure sale. Requiring a lender to do so undermines the non-judicial foreclosure process, as explained in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011): "[t]he recognition of the right to bring a lawsuit to determine a [party's] authorization to proceed with foreclosure… would ***fundamentally undermine*** the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." Emphasis added. Thus, Plaintiff cannot require LPP demonstrate its standing to non-judicially foreclose.

**E.     LPP does not have to provide "evidence" on a Motion to Dismiss**

Finally, the Opposition claims that the Motion should be denied as (1) Plaintiff's motion challenging the recorded documents provided in support of this Motion is pending, (2) LPP has not produced "admissible proof of standing,

---

[1] Given Plaintiff's pending bankruptcy, LPP does not intend to proceed with the foreclosure sale or seek to collect on the debt while the automatic stay is in effect. *See* Dkt. 15-1, fn 1.

5
REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT
*Gallusz v. LPP Mortgage, Inc.*, Case No. 3:25-cv-00885-JLS-BLM

ownership, or a valid chain of title, and (3) "has refused to produce the original note, has offered no allonge, no endorsement, and no chain of custody." *See* Dkt 19, pp. 9-10.

But a Rule 12(b)(6) Motion must be decided without the "evidence" Plaintiff claims is necessary. "In deciding a motion to dismiss for failure to state a claim, courts generally look 'only to the face of the complaint and the documents attached thereto.'" *Ponce, supra,* 2022 WL 17254788 at *1 (citation omitted). "'A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.'" *Id.* (citation omitted).

LPP's Motion is based on the Complaint's deficient allegations and sets forth the multiple reasons it does not state a claim against LPP, even assuming these allegations were true. As pointed out in the Motion, LPP does not need Article III standing to non-judicially foreclose. Further, Plaintiff's "show me the note" theory and challenges to the assignment of the Deed of Trust are not viable under California law. Finally, Plaintiff cannot maintain a preemptive lawsuit challenging LPP's right to non-judicially foreclose. None of these arguments require the Court to consider any materials outside of the Complaint or judicially noticeable documents. Thus, the Court can and should grant LPP's Motion in its entirety without considering the "evidence" Plaintiff claims is necessary.

### III. CONCLUSION

For all these reasons and the reasons set forth in the moving papers, LPP respectfully requests that this Court grant its motion to dismiss.

| | | |
|---|---|---|
| 1 | Dated:  June 17, 2025 | Respectfully submitted, |
| 2 | | TROUTMAN PEPPER LOCKE LLP |

By: */s/ Meagan S. Tom*
      Regina J. McClendon
      Meagan S. Tom
Attorneys for Defendant LPP Mortgage, Inc. f/k/a LPP Mortgage Ltd.