UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>Plaintiff,<br><br>v.<br><br>LPP MORTGAGE, INC. f/k/a LPP MORTGAGE LTD,<br><br>Defendant. | Case No.: 25-CV-885 JLS (BLM)<br><br>**ORDER DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUCTION**<br><br>(ECF No. 33) |

Presently before the Court is Plaintiff Klara Gianna Gallusz's Renewed Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ("Renewed TRO Mot.," ECF No. 33). Also before the Court is Defendant LLP Mortgage, Inc.'s Opposition to Renewed Motion for Temporary Restraining Order ("Opp'n," ECF No. 35), and Plaintiff's Reply thereto ("Reply," ECF No. 37). Plaintiff again seeks relief in the form of a temporary restraining order ("TRO") enjoining Defendant LLP Mortgage, Inc. f/k/a LLP Mortgage LTD from conducting a non-judicial foreclosure sale of her home, for which there is no set date. *See generally* Renewed TRO Mot. After due consideration and for the reasons stated below, the Court **DENIES** Plaintiff's Renewed TRO Motion.

///

///

///

# BACKGROUND

On April 10, 2025, Plaintiff Klara Gianna Gallusz, appearing pro se, filed a Complaint titled "Verified Petition for Declaratory and Injunctive Relief: Bill in Equity Ex Parte Hearing for Declaratory Judgment and Injunctive Relief Due to Lack of Article III Standing" in the Superior Court of California for the County of San Diego. ECF No. 1-3, Ex. A ("Compl.").[1] In her Complaint, Plaintiff indicated the real property located at 3050 Rue D Orleans, Unit #410, San Diego, California 92110 (the "Property"), was "the subject of a threatened non-judicial foreclosure sale scheduled for April 16, 2025, at 10:30 AM, to take place at the entrance of East County Regional Center, 250 E. Main Street, El Cajon, CA 92020." *Id.* at 3. Plaintiff sought declaratory and injunctive relief, including "a determination of legal rights, and to prevent irreparable harm from unlawful foreclosure." *Id.*

On April 14, 2025, Defendant removed this case to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. ECF No. 1. Plaintiff then filed an Application for Temporary Restraining Order. ECF No. 3. On April 15, 2025, the Court issued an administrative stay of the April 16, 2025, Trustee Sale and directed Defendant to respond to Plaintiff's TRO Application by 5:00 p.m. on April 17, 2025. ECF No. 6. The Court ultimately denied Plaintiff's Application for Temporary Restraining Order and lifted the administrative stay on the case on April 22, 2025. ECF No. 12 ("Order"). Plaintiff then filed a Motion for Reconsideration on April 24, 2025, *see* ECF No. 13, which the Court denied on May 21, 2025, *see* ECF No. 27.

On September 17, 2025, Plaintiff filed the instant Renewed TRO Motion, seeking injunctive relief in light of "materially changed circumstances and newly discovered evidence" that was not previously before the Court. Renewed TRO Mot. at 2. The new evidence, produced by Defendant in a separate bankruptcy proceeding involving Plaintiff

---

[1] All citations refer to the blue page numbers affixed to the top right corner of each page in the Court's CM/ECF system.

and Defendant,[2,3] includes (1) a Substitution of Trustee, which Plaintiff contends was "buried in Defendants' [sic] production, executed and notarized solely by Dovenmuehle employees without any recorded or produced authority from LLP," (2) "IRS Form 1098 materials identifying Dovenmuehle, not LPP, as the interest recipient/'creditor.'"; and (3) county records reflecting "contradictory" assignments of the Deed of Trust. *Id.* at 3–4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) governs the issuance of a TRO. The standard for a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Although a plaintiff seeking a TRO or preliminary injunction must make a showing on each element, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Under this approach, a court may issue a TRO or preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135 (internal quotation marks omitted).

---

[2] Plaintiff filed for bankruptcy on April 29, 2025, and her case was dismissed on August 29, 2025. Opp'n at 12–13.

[3] Defendant asserts that the purportedly new evidence was not produced during the bankruptcy proceedings following the Court's denial of Plaintiff's initial TRO Application, but rather was publicly recorded, included in Defendant's Request for Judicial Notice in support of its Opposition to Plaintiff's initial TRO Application, and included in Defendant's Request for Judicial Notice in support of its Motion to Dismiss. Opp'n at 11 n.5.

Generally, a TRO is considered "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

## ANALYSIS

In her Complaint, which asserts causes of action for "Declaratory Relief" and "Injunctive Relief," Compl. at 6, Plaintiff argues that Defendant lacked "Article III standing . . . to enforce any rights" related to the mortgage loan concerning her purported real property at 350 Rue D Orleans, Unit #410, San Diego, California 92110, *id.* at 2. Specifically, Defendant failed to satisfy Article III standing because it has not produced "the original wet-ink promissory note and has refused to allow inspection or provide a certified copy." *Id.* at 4. Plaintiff also argues that Defendant has "failed to provide a complete, valid, and properly recorded chain of assignments of both the Note and the Deed of Trust." *Id.*

In her Renewed TRO Motion, Plaintiff now points to deficiencies in the Substitution of Trustee, IRS Form 1098s, and assignments of the Deed of Trust, which she alleges came to light in bankruptcy proceedings.[4] She argues that these deficiencies undermine Defendant's "standing and the validity of the foreclosure process." Renewed TRO Mot. at 4. This withholding of "critical authority documents while pressing forward with foreclosure," Plaintiff argues, tips the balance of equities in her favor. *Id.* at 11. Plaintiff also contends that the alleged "chain-of-title defects" give rise to claims under the Real Estate Settlement Procedures Act ("RESPA") and implicate the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 9–10. Lastly, Plaintiff asserts that foreclosure before an appeal and pending motion in her bankruptcy case are resolved would "erode public

---

[4] Plaintiff requests judicial notice of various filings made in her bankruptcy case. *See* Renewed TRO Mot. at 4–5. Defendant requests judicial notice of evidence relating to the assignments of the Deed of Trust and Plaintiff's bankruptcy case. *See generally* ECF No. 35-4. Because the Court does not rely on these documents in reaching its conclusion below, the Court **DENIES AS MOOT** both Plaintiff's request for judicial notice and Defendant's request for judicial notice.

confidence in the courts' ability to fairly adjudicate serious questions of creditor standing and foreclosure authority." *Id.* at 12.

Defendant opposes Plaintiff's Renewed TRO Motion, generally arguing that Plaintiff's theories "fail as a matter of law" and that Defendant does not need Article III standing to initiate foreclosure proceedings. Opp'n at 7, 23–26; *see also* ECF No. 8 (arguing the same in opposition to Plaintiff's initial TRO Application). In response to Plaintiff's new arguments regarding the broken chain-of-title, Defendant responds that assignments of deeds of trust do not need to be recorded to be effective, and that the recorded documents otherwise show that Defendant was assigned the Deed of Trust in this case. Opp'n at 20–21. Defendant also rejects Plaintiff's allegation that it "concealed" the assignments of the Deed of Trust since the assignments were recorded with the county recorder and thus provided Plaintiff with constructive notice of their existence. *Id.* at 21. Defendant likewise rejects Plaintiff's argument that the Substitution of Trustee is not valid, arguing that the substitution was valid and publicly recorded, and that there is no legal requirement to produce or record a document demonstrating that Mr. Swanson, who signed on behalf of Defendant, was authorized to do so. *Id.* at 22–24.

The Court is not convinced that the purportedly new evidence Plaintiff points to warrants injunctive relief. First, the Court finds that Plaintiff again has not shown a "likelihood of success on the merits." *Winter*, 555 U.S. at 20. As the Court previously explained: "Plaintiff is unlikely to succeed on either her injunctive relief or declaratory relief causes of action because declaratory relief and injunctive relief are remedies rather than standalone claims." Order at 4 (citing cases). The evidence does not change the nature of the relief she seeks. Plaintiff's arguments in her Renewed TRO Motion that the evidence implicates the FDCPA and RESPA do not cure this defect in her Complaint. *See* Order at 6 (addressing additional claims, including a claim under RESPA, that Plaintiff raised in her initial TRO Application but not in her Complaint) (citing cases); *see Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have

1  the authority to issue an injunction.").

2  Furthermore, as the Court explained before, Defendant "does not need to have Article III standing to non-judicially foreclose as Article III applies to a plaintiff's standing to bring a lawsuit." Order at 5 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Nor does the evidence change the fact that her Complaint fails to provide a "specific factual basis" for challenging Defendant's authority to initiate foreclosure. *Id.* (citing *Gomes v. Countrywide Home Loans, Inc.*, 121 Cal. Rptr. 3d 819, 825 (Cal. Ct. App. 2011)). Absent a specific factual basis for challenging Defendant's authority to foreclose on the Property, Plaintiff may not bring a lawsuit to find out whether Defendant possesses authority to proceed with foreclosure. *Id.* (citing *Gomes*, 121 Cal. Rptr. 3d at 825). Additionally, as the Court explained before, Defendant is not required to produce the promissory note it holds to non-judicially foreclose on the Property. *Id.* at 5 (first citing *Roque v. Suntrust Mortg., Inc.,* No. C-09-00040 RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010); and then citing *Brewer v. Wells Fargo Bank, N.A.*, No. 16-cv-02664-HSG, 2017 WL 1315579, at *4 (N.D. Cal. Apr. 6, 2017)). Therefore, the Court finds that Plaintiff has failed to demonstrate a likelihood of success or raise serious questions going to the merits.

Second, the Court finds that the balance of hardships tips in Defendant's favor. As the Court pointed out before, Order at 7–8, the evidence suggests that Plaintiff has not made a payment in over a year and has instead attempted avoid this obligation, such as by submitting a check that was determined to be fraudulent and sending letters to Defendant purporting to "cancel" the loan. *See* ECF No. 35-1 ("Sassine Decl.") ¶¶ 7–16. Thus, granting an injunction "would impose inequitable costs and unjustified delay on Defendant." Order at 7–8 (first citing *Wilson v. Wells Fargo Bank*, No. C 11-03394 CRB, 2011 WL 3443635, at *3 (N.D. Cal. Aug. 5, 2011); then citing *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1210 (E.D. Cal. 2013); and then citing *Haffeman v. Wells Fargo Bank, N.A.*, No. 12CV00046 BTM WVG, 2012 WL 827034, at *5 (S.D. Cal. Mar. 9, 2012)).

/ / /

Finally, "[w]ithout a likelihood of success on the merits and with the equities balanced against [Plaintiff], issuing a preliminary injunction to stop the foreclosure goes against the public interest of affording relief to those deserving security on a defaulted loan." *Wilson*, 2011 WL 3443635, at *3.

In sum, as Plaintiff has failed to demonstrate a likelihood of success on the merits and the equities and public interest are balanced against her, the Court finds she has failed to satisfy either of the tests necessary for the issuance of a TRO in the Ninth Circuit.[5]  For this reason, the Court **DENIES** Plaintiff's Renewed TRO Motion (ECF No. 33).

**IT IS SO ORDERED.**

Dated:  November 6, 2025

Hon. Janis L. Sammartino
United States District Judge

---

[5] In the alternative, Defendant requests that the Court require Plaintiff to post a bond under Federal Rule of Civil Procedure 65(c), Opp'n at 28, which Plaintiff opposes given her "limited resources," Renewed TRO Mot. at 12.  Because the Court finds that injunctive relief is not warranted, it need not reach Defendant's alternative argument.