UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LPP MORTGAGE, INC. f/k/a LPP MORTGAGE LTD,<br><br>　　　　　　　　　　Defendant. | Case No.: 25-CV-885 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**(2) DENYING MOTION TO COMPEL PRODUCTION OF ORIGINAL PROMISSORY NOTE, FOR SANCTIONS UNDER RULE 37, AND FOR JUDICIAL DECLARATION OF LACK OF STANDING, AND**<br><br>**(3) DENYING AS MOOT MOTION TO STRIKE REDACTED EXHIBITS AND DEFECTIVE ASSIGNMENTS**<br><br>(ECF Nos. 15, 18, 20) |

Presently before the Court are Defendant LLP Mortgage, Inc.'s Motion to Dismiss Plaintiff's Complaint ("Mot.," ECF No. 15), Plaintiff Klara Gianna Gallusz's Opposition thereto ("Opp'n," ECF No. 19), and Defendant's Reply in Support thereof ("Reply," ECF

No. 28).[1]  Also before the Court are Plaintiff's Motion to Compel Production of Original Promissory Note, for Sanctions under Rule 37, and for Judicial Declaration of Lack of Standing (ECF No. 18) and Motion to Strike Redacted Exhibits and Defective Assignments (ECF No. 20).

Having carefully considered Plaintiff's Complaint ("Compl.," ECF No. 1-3 Ex. A), the Parties' Motions, the Parties' arguments, and the law, the Court (1) **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 15); (2) **DENIES** Plaintiff's Motion to Compel Production of Original Promissory Note, for Sanctions under Rule 37, and for Judicial Declaration of Lack of Standing (ECF No. 18); and (3) **DENIES AS MOOT** Plaintiff's Motion to Strike Redacted Exhibits and Defective Assignments (ECF No. 20).

## BACKGROUND

On April 10, 2025, Plaintiff, appearing pro se, filed a Complaint titled "Verified Petition for Declaratory and Injunctive Relief: Bill in Equity Ex Parte Hearing for Declaratory Judgment and Injunctive Relief Due to Lack of Article III Standing" in the Superior Court of California for the County of San Diego. *See generally* Compl.[2]  In her Complaint, Plaintiff indicated the real property located at 3050 Rue D Orleans, Unit #410, San Diego, California 92110 (the "Property"), was "the subject of a threatened non-judicial foreclosure sale scheduled for April 16, 2025, at 10:30 AM, to take place at the entrance of East County Regional Center, 250 E. Main Street, El Cajon, CA 92020." *Id.* at 3.

---

[1] Plaintiff filed a sur-reply in connection with Defendant's Motion to Dismiss without leave from the Court.  *See* ECF No. 30.  Parties must request leave to file a sur-reply, *see Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020), which Plaintiff did not do in this case, *see generally* Docket.  Even if Plaintiff did so, the Court finds that there is no "valid reason" to permit a sur-reply in this instance.  *See id.* (quoting *Barco N.V. v. Tech. Props. Ltd.*, 2011 WL 1422896, at *3 (N.D. Cal. Mar. 8, 2011)).  Therefore, the Court will not consider Plaintiff's sur-reply in ruling on Defendant's Motion to Dismiss.

[2] All citations refer to the blue page numbers affixed to the top right corner of each page in the Court's CM/ECF system.

Plaintiff sought declaratory and injunctive relief, including "a determination of legal rights, and to prevent irreparable harm from unlawful foreclosure." *Id.*

On April 14, 2025, Defendant removed this case to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. ECF No. 1. Plaintiff then filed an Application for Temporary Restraining Order. ECF No. 3. On April 15, 2025, the Court issued an administrative stay of the April 16, 2025, Trustee Sale and directed Defendant to respond to Plaintiff's TRO Application by 5:00 p.m. on April 17, 2025. ECF No. 6. The Court ultimately denied Plaintiff's Application for Temporary Restraining Order and lifted the administrative stay on the case on April 22, 2025. ECF No. 12 ("Order"). Plaintiff then filed a Motion for Reconsideration on April 24, 2025, *see* ECF No. 13, which the Court denied on May 21, 2025, *see* ECF No. 27.

On September 17, 2025, Plaintiff filed a Renewed TRO Motion ("Renewed TRO Mot.," ECF No. 33), seeking injunctive relief in light of "materially changed circumstances and newly discovered evidence" that was not previously before the Court. Renewed TRO Mot. at 2. On November 6, 2025, the Court denied Plaintiff's Renewed TRO Motion, explaining that the purportedly new evidence did not change the Court's previous analysis regarding Plaintiff's request for a TRO. ECF No. 38 at 5.

**MOTION TO DISMISS**

**I.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Courts evaluate the adequacy of the claim based on Federal Rule of Civil Procedure 8(a), which requires "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Put another way, it is insufficient to provide a pleading that "offers 'labels and conclusions' or a 'formulaic

recitation of the elements of a cause of action . . .'" *Twombly*, 550 U.S. at 555.

/ / /

For a claim to survive a motion to dismiss it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. 544 at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). In conducting this type of review, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the non-movant. *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018) (quoting *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012)).

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, the Court is not required to accept as true "legal conclusions" in the complaint. *Iqbal*, 556 U.S. at 678. If a complaint does not meet the plausibility standard to survive a 12(b)(6) motion, the Court should grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Put differently, the Court may deny leave to amend if amendment would be futile. *See id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

**II.     Analysis**

Defendant seeks to dismiss Plaintiff's Complaint on three separate grounds: (1) Plaintiff's claims for declaratory and injunctive relief fail because they are remedies rather

than standalone claims; (2) Defendant does not need Article III standing to initiate a non-judicial foreclosure, nor does it need to prove its authority to foreclosure pre-foreclosure; and (3) Plaintiff cannot challenge the assignments of the deed of trust.[3] *See generally* Mot.

Plaintiff's Complaint advances two "claims": "[A] judicial declaration that [Defendant] lacks standing to enforce the Note or Deed of Trust and that any actions taken without standing are void" and "a preliminary and permanent injunction prohibiting any foreclosure or collection action by [Defendant] until standing is proven." Compl. at 7. However, as Defendant points out, declaratory relief and injunctive relief are remedies rather than standalone claims. *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010) ("Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942))). Plaintiff's references to what appear to be new claims in her Opposition do not cure this defect. *See* Opp'n at 4–7; *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation marks and citation omitted) (cleaned up)). Because Plaintiff does not allege independent claims upon which relief can be granted, dismissal of the Complaint is warranted for this reason alone.

Plaintiff's Complaint also challenges Defendant's "Article III standing . . . to enforce any rights related to a purported mortgage loan concerning [Plaintiff's] real property." Compl. at 3. Plaintiff argues that Article III standing "is a jurisdictional prerequisite in any legal proceeding," and that "[a] party cannot foreclose or enforce a security instrument unless it first proves it has constitutional standing." *Id.* Plaintiff further states that Defendant is required to prove it has standing before proceeding with foreclosure. *Id.*

---

[3] Defendant requests judicial notice of evidence relating to the assignments of the Deed of Trust and Plaintiff's bankruptcy case. *See generally* ECF No. 15-2 ("RJN"). Because the Court does not rely on these documents in reaching its conclusion below, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice.

Defendant argues that it does not need Article III standing to initiate a non-judicial foreclosure, and that California law does not require a party to "produce the promissory note or otherwise prove it holds the note" granting it the authority to initiate foreclosure. Mot. at 11 (quoting *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 512 (2013)). Defendant further contends that California law prohibits preemptive challenges to a beneficiary's right to foreclosure on a deed of trust. Mot. at 11–12. Plaintiff responds that Defendant's contention it does not need to prove standing "is a misstatement of federal law . . . ." Opp'n at 7.

Plaintiff is incorrect. Defendant does not need Article III standing to non-judicially foreclose, as Article III applies to a plaintiff's standing to bring a lawsuit. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Plaintiff's Complaint also fails to provide a "specific factual basis" for challenging Defendant's authority to initiate foreclosure, instead seeking a "determination of legal rights." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (2011); Compl. at 2. Absent a specific factual basis for challenging Defendant's authority to foreclose on the Property, Plaintiff may not bring a lawsuit to find out whether Defendant possesses authority to proceed with foreclosure. *Id.* Additionally, Defendant is not required to produce the promissory note it holds to non-judicially foreclose on the Property. *See Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010); *Brewer v. Wells Fargo Bank, N.A.*, No. 16-cv-02664-HSG, 2017 WL 1315579, at *4 (N.D. Cal. Apr. 6, 2017). Therefore, Plaintiff fails to articulate any legitimate argument as to Defendant's lack of standing to initiate foreclosure proceedings.

Without alleging a particular cause of action, Plaintiff next claims that Defendant has "failed to provide a complete, valid, and properly recorded chain of assignments of both the Note and the Deed of Trust." Compl. at 5. Because Plaintiff does not point to a particular cause of action or allege additional facts, Plaintiff fails to state a claim upon which relief can be granted in connection with the assignments of the Deed of Trust. *See Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. 544 at 570).

1  / / /

2  / / /

3  Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's
4  Complaint (ECF No. 15).

**PLAINTIFF'S MOTIONS**

Plaintiff filed a Motion to Compel Production of Original Promissory Note, for Sanctions under Rule 37, and for Judicial Declaration of Lack of Standing (ECF No. 18) and a Motion to Strike Redacted Exhibits and Defective Assignments (ECF No. 20). As to Plaintiff's first Motion (ECF No. 18), Plaintiff's request to compel production of the promissory note is improper because discovery has not yet begun in this case; therefore, the Court **DENIES** this aspect of the Motion. *See* Fed. R. Civ. P. 26. Plaintiff further seeks sanctions against Defendant to the extent Defendant does not produce the promissory note and a judicial declaration that Defendant lacks Article III standing to enforce the promissory note. ECF No. 18 at 4. Because Plaintiff's underlying request to compel is improper, the Court **DENIES AS MOOT** Plaintiff's request for sanctions. Additionally, as the Court has already rejected Plaintiff's arguments as to Article III standing in granting Defendant's Motion to Dismiss, the Court **DENIES AS MOOT** Plaintiff's request for a judicial declaration that Defendant lacks standing. Because the Court finds that dismissal of the Complaint is warranted and did not rely on documents submitted by Defendant in determining so, the Court likewise **DENIES AS MOOT** Plaintiff's second Motion (ECF No. 20) requesting the Court strike these documents.

**CONCLUSION**

In light of the foregoing, the Court (1) **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 15); (2) **DENIES** Plaintiff's Motion to Compel Production of Original Promissory Note, for Sanctions under Rule 37, and for Judicial Declaration of Lack of Standing (ECF No. 18); and (3) **DENIES AS MOOT** Plaintiff's Motion to Strike Redacted Exhibits and Defective Assignments (ECF No. 20). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1-3, Ex. A). Given Plaintiff's

pro se status, the dismissal is **WITH LEAVE TO AMEND**. Within <u>forty-five (45) days</u> of entry of this Order, Plaintiff may file an amended complaint curing the pleading deficiencies noted above. Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: December 19, 2025

Hon. Janis L. Sammartino
United States District Judge