UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br><br>Plaintiff,<br><br>v.<br><br>LPP MORTGAGE, INC. f/k/a LPP MORTGAGE LTD,<br><br>Defendant. | Case No.: 25-CV-885 JLS (JAC)<br><br>**ORDER (1) GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND (2) DENYING AS MOOT PLAINTIFF'S MOTIONS**<br><br>(ECF Nos. 41, 45, 47, 48, 49) |

Presently before the Court is Defendant LLP Mortgage, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Mot.," ECF No. 41). Also before the Court are Plaintiff Klara Gianna Gallusz's Opposition thereto ("Opp'n," ECF No. 42) and Defendant's Reply in support thereof ("Reply," ECF No. 43). Plaintiff has also filed an Ex Parte Application for Leave to file Limited Sur-Reply (ECF No. 45), an Ex Parte Application for Administrative Stay and Temporary Restraining Order (ECF No. 47), an Ex Parte Application for Order Shortening Time to Hear Plaintiff's Motion for Approval of Notice of Pendency of Action (ECF No. 48), and a Motion for Approval of Notice of Pendency of Action (ECF No. 49). Having carefully considered Plaintiff's First Amended Complaint ("FAC," ECF No. 40), the Parties' Motions, the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 41) and **DENIES AS**

**MOOT** Plaintiff's Motions (ECF Nos. 45, 47, 48, 49).[1]

## BACKGROUND

On April 10, 2025, Plaintiff, appearing pro se, filed an initial Complaint titled "Verified Petition for Declaratory and Injunctive Relief: Bill in Equity Ex Parte Hearing for Declaratory Judgment and Injunctive Relief Due to Lack of Article III Standing" in the Superior Court of California for the County of San Diego. *See generally* ECF No. 1-3 ("Compl."). In her Complaint, Plaintiff indicated the real property located at 3050 Rue D Orleans, Unit #410, San Diego, California 92110 (the "Property"), was "the subject of a threatened non-judicial foreclosure sale scheduled for April 16, 2025, at 10:30 AM, to take place at the entrance of East County Regional Center, 250 E. Main Street, El Cajon, CA 92020." *Id.* at 3. Plaintiff sought declaratory and injunctive relief, including "a determination of legal rights, and to prevent irreparable harm from unlawful foreclosure." *Id.* Defendant removed the case to this Court. *See* ECF No. 1 ("Notice of Removal"). On December 19, 2025, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 15), finding that Plaintiff failed to state claims because (1) declaratory and injunctive relief were not standalone claims, (2) Defendant did not need Article III standing to initiate a non-judicial foreclosure, and (3) Plaintiff did not point to "a particular cause of action or allege additional facts" in challenging the assignments of the Deed of Trust. ECF No. 39 at 4–6.

Following the Court's dismissal of the initial Complaint, Plaintiff filed the First Amended Complaint, and Defendant filed a Motion to Dismiss Plaintiff's First Amended Complaint. ECF Nos. 40, 41. The FAC generally alleges that Defendant lacks the authority to initiate foreclosure proceedings based on defective assignments of the Deed of

---

[1] Defendant requests judicial notice of evidence relating to the assignments of the Deed of Trust and Plaintiff's bankruptcy case. *See* generally ECF No. 41-2 ("RJN"). Because the Court does not rely on these documents in reaching its conclusion below, the Court **DENIES AS MOOT** Defendant's Request for Judicial Notice.

25-CV-885 JLS (JAC)

Trust. *See* FAC at 3. Plaintiff also filed several motions, similarly challenging Defendant's authority to initiate foreclosure proceedings. *See* ECF Nos. 47, 49.

**DEFENDANT'S MOTION TO DISMISS**

## I.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557).

Though this plausibility standard "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). In other words, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Put differently, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Review under Rule 12(b)(6) requires a context-specific analysis involving the Court's "judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In performing that analysis, "a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S.

at 679 (second alternation in original).  If a complaint does not survive Rule 12(b)(6), a court grants leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## II.    Discussion

### A.    *Defendant's Authority to Initiate Foreclosure Proceedings*

Plaintiff's First Amended Complaint is nearly entirely premised on the notion that Defendant lacked the authority to initiate foreclosure proceedings.  *See generally* FAC. Plaintiff alleges that Defendant violated California Civil Code § 2934a(b) because it "initiated and pursued nonjudicial foreclosure proceedings without a valid, properly executed, and recorded Substitution of Trustee as required by Cal. Civ. Code § 2934a(b)." *Id.* at 4.  Plaintiff alleges Defendant violated California's Homeowner Bill of Rights ("HBOR") because it "recorded foreclosure notices and pursued foreclosure activity despite lacking the requisite authority to foreclose."  *Id.* at 4–5.  Plaintiff alleges that Defendant violated California's Unfair Competition Law ("UCL") because it "engaged in unlawful and unfair business practices by initiating and pursuing nonjudicial foreclosure without lawful authority."  *Id.* at 5.  Plaintiff alleges a claim under the Truth in Lending Act ("TILA") because Defendant "asserted the right to enforce the loan and pursue foreclosure without establishing that they are the owner, assignee, or otherwise a person entitled to enforce the obligation as required by § 1641."  *Id.* at 6.  Plaintiff also seeks declaratory relief as to Defendant's "claimed authority to initiate and pursue nonjudicial foreclosure and the validity of the foreclosure instruments recorded against Plaintiff's property."  *Id.* at 5.  Finally, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") because it "attempted to collect a consumer debt and pursue foreclosure activity without lawful authority."  *Id.* at 6–7.

Plaintiff's claims fail because they improperly challenge Defendant's authority to foreclose on the Property before foreclosure has taken place.  *See* Mot. at 3–5 (arguing that Plaintiff "cannot challenge [Defendant]'s standing to commence foreclosure proceedings"

4

because "California expressly prohibits preemptive suits"). The Ninth Circuit has explained that although "[t]he California Supreme Court has not directly answered the question of whether preemptive, pre-foreclosure actions are viable under California law," "the existing California appellate cases demonstrate that . . . California appellate courts have dismissed preemptive, pre-foreclosure actions." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 338–39 (9th Cir. 2020). As with "the decisions of the California appellate courts," the Ninth Circuit concluded in *Perez* that "California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place." *Id.* at 340. In *Perez*, foreclosure had not yet taken place, and the court held that the appellants "d[id] not state any valid claims under California law." *Id.* Foreclosure has likewise not taken place in this case, and Plaintiff's claims, though pleaded under various laws and regulations, are improperly premised on whether Defendant has authority to initiate foreclosure proceedings. *See id.*; *Chu v. Fay Servicing, LLC*, No. 20-CV-3540 YGR, 2020 WL 3574639, at *2–3 (N.D. Cal. July 1, 2020) (finding that plaintiff's claims were "not viable" because they "preemptively challeng[ed] defendants' authority to foreclose before such authority ha[d] been exercised").

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss on this basis and **DISMISSES** Plaintiff's first, second, third, fourth, sixth, and seventh claims.

### B. Remaining Claim

Plaintiff's remaining claim under the Real Estate Settlement Procedures Act ("RESPA") also fails. Pursuant to RESPA, Plaintiff alleges that she "submitted requests seeking information concerning the identity of the loan servicer," and that Defendant "failed to provide complete and accurate responses as required by § 2605(e) and, instead, misrepresented or failed to clarify servicing authority." FAC at 6.

Section 2605(e) applies to servicers of federally related mortgage loans and requires servicers to provide a written acknowledgement in response to a "qualified written request from the borrower." 12 U.S.C. § 2605(e)(1)(A). A "qualified written request" is a "written correspondence" that "includes, or otherwise enables the servicer to identify, the name and

account of the borrower" and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." *Id.* § 2605(e)(1)(B). A servicer "means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." *Id.* § 2605(i)(2).

Plaintiff provides no specific details about the written requests she made to Defendant, nor does she provide specific details about Defendant's responses. Instead, she makes the conclusory allegation that Defendant "failed to provide complete and accurate responses" and "misrepresented or failed to clarify servicing authority." FAC at 6. Further, as Defendant points out, Plaintiff has not alleged facts establishing that Defendant is the loan servicer, and thus, that § 2605(e) is applicable. Mot. at 11.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's fifth claim.

## III.    Leave to Amend

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). While the rule should be interpreted liberally, leave should not be granted automatically. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). In determining whether to grant leave to amend, trial courts should consider various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Applying the *Foman* factors, the Court declines to grant Plaintiff leave to amend. Plaintiff has not alleged additional facts that cure the deficiencies in her initial Complaint. *See* ECF No. 39. As Defendant asserts in its Reply, the FAC is focused on challenging Defendant's authority to initiate foreclosure proceedings, and "such an action is impermissible under California law." *Perez*, 959 F.3d at 341; *see* Reply at 1. Plaintiff has not alleged additional facts or claims suggesting otherwise. *See generally* FAC; *see also* Opp'n ("The FAC alleges a straightforward statutory theory: Defendant initiated and pursued nonjudicial foreclosure activity without establishing lawful authority as required

by California law."). Therefore, the Court finds that "it is clear that granting leave to amend would [be] futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## PLAINTIFF'S MOTIONS

As Plaintiff fails to allege any valid claim, the Court **DENIES AS MOOT** Plaintiff's Ex Parte Application for Administrative Stay and Temporary Restraining Order (ECF No. 47) and Ex Parte Application for Leave to file Limited Sur-Reply (ECF No. 45). Because the Court finds that granting leave to amend would be futile and that dismissal of this action is warranted, the Court also **DENIES AS MOOT** Plaintiff's Ex Parte Application for Order Shortening Time to Hear Plaintiff's Motion for Approval of Notice of Pendency of Action (ECF No. 48) and Motion for Approval of Notice of Pendency of Action (ECF No. 49).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 41) **WITHOUT LEAVE TO AMEND** and **DENIES AS MOOT** Plaintiff's Motions (ECF Nos. 45, 47, 48, 49). Because the Court finds that amending the FAC would be futile, the Court **DISMISSES** the entire above-captioned action. The Court **VACATES** any hearings on the Motions. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: June 9, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-885 JLS (JAC)